JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./ State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:   (510) 839-5200
Facsimile:    (510) 839-3882

Attorneys for Plaintiffs



FILED

JUN 1 0 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.H., a minor, individually through her Guardian Ad Litem, Michelle Henshaw, and as successor-in-interest for Decedent MARTIN HARRISON<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF ALAMEDA, a municipal corporation; GREGORY J. AHERN, in his capacity as Sheriff for the COUNTY OF ALAMEDA; M. ALHF, individually and in his official capacity as a deputy sheriff for the COUNTY OF ALAMEDA, and DOES 1-100, inclusive,<br><br>Defendants.<br>_____/ | Case No. **C11-02868**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

JURISDICTION

1.   This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The

COMPLAINT
M.H. v. COUNTY OF ALAMEDA, et al.                                                                                                                          1

unlawful acts and practices alleged herein occurred in the County of Alameda, California, which is within this judicial district.

## PARTIES

2. Minor Plaintiff herein, M.H. ("Plaintiff" herein), is and was at all times herein mentioned the son of Decedent MARTIN HARRISON. He is being represented in the instant matter by his mother and Guardian Ad Litem, Michelle Henshaw. Minor Plaintiff M.H. is also Decedent MARTIN HARRISON's successor-in-interest.

3. Defendant COUNTY OF ALAMEDA ("COUNTY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the COUNTY operates the Alameda County Sheriff's Department.

4. Defendant M. ALHF ("AHLF" herein), is and was at all times herein mentioned a deputy sheriff employed by Defendant COUNTY OF ALAMEDA. He is being sued individually and in his official capacity as a deputy sheriff.

4. At all times mentioned herein, Defendant GREGORY J. AHERN ("AHERN") was employed by Defendant COUNTY as Sheriff for the COUNTY. He is being sued in his official capacity as Sheriff for the COUNTY.

5. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-100, inclusive, when they have been ascertained.

6. In engaging in the conduct described herein, Defendant Deputy Sheriffs acted under the color of law and in the course and scope of their employment with the COUNTY. In engaging in the conduct described herein, Defendant Deputy Sheriffs exceeded the authority vested in them as deputy sheriffs under the United States and California Constitutions and as deputy sheriffs employed by Defendant COUNTY.

7.     Plaintiff is required to comply with an administrative tort claim requirement under California law.  Plaintiff has complied with all such requirements.

## STATEMENT OF FACTS

8.     On August 16, 2011, Decedent MARTIN HARRISON was beaten and killed by Defendant Deputy M. AHLF and other unknown COUNTY OF ALAMEDA Defendant Sheriff Deputy DOES, in or near Housing Unit 33 at Santa Rita Jail in Dublin, California.  Apart from a history of alcohol abuse, Decedent MARTIN HARRISON was a healthy, 51 year-old man, who died with extreme physical injuries inflicted by the Defendants herein, including, but not limited to: a 16 inch by 9 inch bruise over the right lateral portion of his neck, a 4 inch by 2.5 inch contusion on the right lateral side of his neck, a 12 inch by 17 inch bruise of the right arm, a 2.5 inch by 0.5 inch bruise on the right palm; two linear abrasions, about 1.75 inches each, crossing each other to make a letter "z", on the right upper arm; a 12 inch by 5 inch contusion on the left upper arm; a 10 inch by 4 inch contusion on the left forearm; a 2.25 inch contusion on the left palm; a 6 inch by 3.5 inch contusion on the right thigh; a 4 inch by 3.5 inch contusion on the back right shoulder; a 5 inch by 4 inch contusion on Decedent's back between the 12th rib and verterbral column; a 6 inch by 4 inch bruise on the left side of Decedent's back; and a 5 inch by 4 inch bruise on the back of Decedent's left shoulder; a 5 inch contusion of the right clavicle; soft-tissue hemorrhaging of the upper chest; bi-lateral blood-tinged pleural effusions of about 600 to 700 cc's each (in what would ordinarily be the space around Decedent's lungs); 800 cc's of blood-tinged fluid in the peritoneal cavity; 150 cc's of blood-tinged fluid in the pericardial sac; a 2 inch area of hemorrhage in the left pleural cavity; a 6 inch by 0.5 inch area of hemorrhage in the posterior-lateral surface of the left pleural cavity; an interrupted area of hemorrhaging in the right pleural cavity covering an area of about 8 inches by 2 inches; very prominent soft-tissue hemorrhaging in the in the posterior and posterior-lateral aspects of the right pleural cavity, extending from rib 2 or 3 all the way down to rib 12.

9. In addition to the foregoing evidence of an unrestrained, out of control, violent beating that killed Decedent, Defendant Deputy Sheriffs AHLF and DOES also caused further significant trauma to Decedent, all evidence of their homicide of Decedent: A 1.5 inch hemorrhage around the right

front side of Decedent's larynx; a 2.25 by .75 inch area of hemorrhage over the midline of Decedent's neck; a .75 inch area of hemorrhage over the left side of the larynx; a 3/8 inch area of hemorrhage over the left side of the hyoid bone, and numerous significant areas of bruising and hemorrhaging on Decedent's cranial vault. A taser was also used against Decedent 5 times for a duration of 27 seconds.

9. Decedent MARTIN HARRISON came to be in Santa Rita jail following an arrest on August 13, 2010, three days before the vicious, deadly beating of August 16, 2010, on a warrant for a failure to appear. Decedent suffered from alcoholism, and began displaying symptoms of untreated alcohol withdrawal while in custody at Santa Rita Jail on August 16, 2010. Decedent was being held in an isolation cell in Housing Unit 33 of Santa Rita Jail. After he was unable to get medical attention for his symptoms, Decedent reportedly broke food trays in his cell and made a mess of his cell. Decedent blocked the toilet in his cell, causing an overflow. Decedent wore socks without shoes at this time. Defendant AHLF responded to the cell, followed by other unknown Defendant Deputy DOES. Each unknown Defendant DEPUTY DOE used force against Decedent, causing severe injuries and deadly trauma to Decedent, as partially described above.

10. Following the use of extreme and deadly force against Decedent, Decedent was transferred to the jail infirmary, and then to the Valley Care Medical Center. At some point in this process, Decedent went into cardiac arrest. Decedent was eventually pronounced dead on August 18, 2010 at Valley Care Medical Center.

11. An autopsy performed by the COUNTY OF ALAMEDA Sheriff's Department, Coroner's Bureau, on August 19, 2010, found injuries to Decedent previously described herein, and also found that Decedent suffered shock, among other matters. The COUNTY OF ALAMEDA Sheriff's Department, Coroner's Bureau determined that Decedent died from Anoxic Encephalopathy due to cardiac arrest following excessive physical exertion, multiple blunt injuries, and tasering. The COUNTY OF ALAMEDA coroner's investigator's report found that the manner of death could not be determined.

12. Plaintiff alleges that asphyxiation of individuals during restraint is well-documented and generally-accepted such that law enforcement agencies as a matter of routine train their peace

COMPLAINT 4
M.H. v. COUNTY OF ALAMEDA, et al.

officer personnel, such as Defendant AHLF and Defendant DOES, in avoiding asphyxiation of individuals during restraint.

13. Plaintiff further alleges Defendants were on notice that continuous, prolonged exposure to the Taser ERD electricity has been proven to cause death. In fact, Taser International, the manufacturer of the Taser ERD, issued a warning bulletin to law enforcement agencies published August 28, 2006, specifically warning Taser users to avoid prolonged, continuous, extended, or repeated Taser applications against people. The same warning bulletin specifically noted that in laboratory tests on anesthetized pigs, repeated Taser exposure caused cessation of breathing during the exposure. Likewise, the same warning bulletin specifically noted that people who displayed symptoms of exhaustion or an alleged syndrome called "excited delirium", characterized by "superhuman strength", may be at risk of breathing impairment caused by exposure to the Taser.

14. Plaintiff alleges defendants grossly violated the training and standards involved in restraining a person, and in using the Taser repeatedly and in a prolonged manner in their misconduct against Decedent. Plaintiff also alleges that the extreme physical injuries to Decedent, especially the injuries to Decedent's neck, lung cavity, torso and head are all evidence of wanton and willful violations of Decedent's and Plaintiff's Constitutional rights.

15. Plaintiff alleges that Decedent's death was the result of excessive force and cruel and unusual punishment by Defendant Deputy Sheriffs.

16. Plaintiffs further allege that Decedent's death was the proximate result of Defendant COUNTY's failure to reasonably train their deputy sheriffs in the proper and reasonable use of force, and using force in a manner to avoid killing people. Plaintiffs further allege that these substantial failures reflect Defendant COUNTY's policies implicitly ratifying and/or authorizing the use of excessive force by its deputy sheriffs and the failure to reasonably train deputy sheriffs employed by Defendant COUNTY in the use of force.

17. The killing of decedent MARTIN HARRISON described herein was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

COMPLAINT 5
M.H. v. COUNTY OF ALAMEDA, et al.

## DAMAGES

18. Plaintiffs were physically, mentally, emotionally and financially injured and damaged as a proximate result of Decedent MARTIN HARRISON's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiff is entitled to recover for the reasonable value of funeral and burial expenses, pursuant to C.C.P. Sections 377.60 and 377.61

19. Plaintiff is entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

20. Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, plaintiffs are further entitled to recover for damages incurred by decedent before he died as the result of being assaulted and battered, for deprivation without due process of decedent's right to life, and to any penalties or punitive damages to which decedent would have been entitled to recover, had he lived. Futhermore, under 42 U.S.C. section 1983, Plaintiff is entitled to recover damages incurred by decedent consisting of pain, suffering, and disfigurement prior to decedent's death.

21. As a further direct and proximate result of the negligence, excessive force and deliberate indifference of defendants, and each of them, Plaintiffs have been deprived of Decedent's financial support.

22. The conduct of the defendant officers was malicious, wanton, and oppressive. Plaintiff, as decedent's successor in interest, are therefore entitled to an award of punitive damages against said individual defendants.

23. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law. Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

## FIRST CAUSE OF ACTION
(Wrongful Death 42 U.S.C. Section 1983)

24. Plaintiff hereby re-allege and incorporate by reference herein paragraphs 1 through 23 of this Complaint.

COMPLAINT 6
M.H. v. COUNTY OF ALAMEDA, et al.

25. Defendants acted under color of law by killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiff and the decedent of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b. The right to be free from cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
(Violations of Plaintiffs' civil rights to familial relationship - 42 U.S.C. section 1983)

26. Plaintiff hereby re-allege and incorporate by reference herein paragraphs 1 through 25 of this Complaint.

27. Defendants, acting under color of law, and without due process of law deprived Plaintiff of his right to a familial relationship by seizing decedent by use of unreasonable, unjustified, cruel and unusual deadly force and violence, causing injuries which resulted in decedent's death, all without provocation and did attempt to conceal their extraordinary use of force and hide the true cause of decedent's demise to deprive Plaintiffs of their right to seek redress, all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(*Monell* - 42 U.S.C. section 1983)

28. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 27 of this Complaint.

29 Plaintiffs are informed and believe and thereon allege that high ranking COUNTY OF ALAMEDA officials, including high ranking police supervisors such as Defendant AHERN, DOES 51 through 100, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by Defendant Deputies AHLF and DOES 1-50, and/or each of them.

30. Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants AHERN, DOES 51-100, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said deputy sheriffs.

31. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants AHLF, and DOES 1-50 and/or each of them, Defendant AHERN, DOES 51-100, and/or each of them, encouraged these officers to continue their course of misconduct and caused these officers' lack of training, resulting in the violation of the Plaintiffs' rights as alleged herein.

32. Plaintiffs further allege Defendants AHERN, DOES 51-100, and/or each of them, were notice of Constitutional defects in their training of COUNTY OF ALAMEDA deputy sheriffs, including, but not limited to, avoiding repeated, prolonged exposure of the Taser ERD; avoiding asphyxiation of subjects being restrained by deputy sheriffs, and avoiding blows to a subject's head during altercations absent justification.

33. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking COUNTY OF ALAMEDA officials, including high ranking CCOUNTY OF ALAMEDA

Sheriff's Department supervisors, Defendants AHERN, DOES 51-100, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b. The right to be free from cruel and unusual punishment, as guaranteed by the Eighth Amendment to the United States Constitution.

    c. The right to a familial relationship, as guaranteed by the Fourteenth Amendment to the United States Constitution.

34. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
(Survival action: Violation of decedent's civil rights
42 U.S.C. section 1983)
(Plaintiff M.H., by and through his guardian Ad Litem, Michelle Henshaw, as decedent's successor-in-interest)

35. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 34 of this Complaint.

36. The foregoing claim for relief arose in decedent's favor, and decedent would have been the Plaintiff with respect to this claim if he had lived.

37. Defendants acted under color of law killing decedent without lawful justification and subjecting decedent to excessive force and cruel and unusual punishment, thereby depriving Plaintiff and the decedent of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right to be free from cruel and unusual punishment, as guaranteed by the Eighth Amendment to the United States Constitution.

c. The right to a familial relationship, as guaranteed by the Fourteenth Amendment to the United States Constitution.

38. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(C.C.P. Section 377.60 and 377.61)
Wrongful Death- Negligence

39. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 38 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

40. Defendants COUNTY, by and through its agents and employees, Defendant Deputy Sheriffs AHLF, and DOES 1-50's, negligent actions and/or negligent failure to act, as set forth herein-above proximately caused the death of decedent MARTIN HARRISON, said plaintiff's father, on August 16, 2010.

41. As an actual and proximate result of said defendants' negligence, and the death of decedent, plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, consortium, attention, services, and support of their respective husband and father, decedent, in an amount according to proof at trial.

42. As a further actual and proximate result of said defendant's negligence, plaintiff has incurred funeral and burial expenses, in an amount according to proof at trial.

43. Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action, and claims damages from said defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against defendants AHLF and DOES 1-50)

44. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 43 of this complaint.

45. Plaintiffs are informed and believe and thereon allege that the conduct of defendants AHLF and DOES 1-50's, inclusive, as described herein, was motivated by racial prejudice against plaintiffs' decedent. Plaintiffs' decedent is and was readily recognizable as African-American. In engaging in such conduct, defendants violated plaintiffs' decedent's rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

46. Under the provisions of California Civil Code Section 52(b), defendants are liable an additional $25,000.00 for each violation of Civil Code Section 51.7, for punitive damages and for reasonable attorney's fees.

47. As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

SEVENTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Against Defendants AHLF, and DOES 1-50)

48. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 47 of this Complaint.

49. The conduct of Defendants AHLF, and DOES 1-50, inclusive, as described herein, acting in the course and scope of their employment for Defendant COUNTY, violated California Civil Code Section 52.1, in that through the wrongful assault and battery and killing of plaintiff's decedent they interfered with plaintiff's decedent's exercise and enjoyment of his civil rights.

50. As a direct and proximate result of defendants' violation of Civil Code Section 52.1, decedent suffered violation of his constitutional rights, and suffered damages as set forth herein.

51. Since this conduct occurred in the course and scope of their employment, defendant COUNTY is therefore liable to plaintiffs pursuant to respondeat superior.

52. Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, plaintiffs pray for relief, as hereinafter set forth.

EIGHTH CAUSE OF ACTION
(Assault and Battery-Wrongful Death)
(Against defendants AHLF, and DOES 1-50)

53. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 52 of this Complaint.

54. Defendants AHLF, and DOES 1-50, inclusive, placed plaintiffs' decedent in immediate fear of death and severe bodily harm, and killed him by beating and him without just provocation or cause.

55. These defendants' conduct was neither privileged nor justified under statute or common law.

## JURY DEMAND

56. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum of $20,000,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For statutory civil penalties;
6. For injunctive relief;
7. For cost of suit herein incurred; and
8. For such other and further relief as the Court deems just and proper.

Dated: June 10, 2011                    **The Law Offices of John L. Burris**

/s/
John L. Burris, Esq.
Attorney for Plaintiffs