JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./ State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:    (510) 839-5200
Facsimile:    (510) 839-3882

Attorneys for Plaintiff M.H., a minor through his
Guardian Ad Litem, Michelle Henshaw

MICHAEL J. HADDAD, Esq./ State Bar #189114
JULIA SHERWIN, Esq./State Bar #189268
GINA ALTOMARE, Esq./State Bar #273099
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, CA 94612
Telephone:    (510) 452-5500
Facsimile:    (510) 452-5510

Attorneys for Plaintiffs Joseph Harrison, Krystle
Harrison, Martin Harrison, Jr., and Tiffany Harrison

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.H., a minor, through his Guardian Ad Litem, Michelle Henshaw, JOSEPH HARRISON, KRYSTLE HARRISON, MARTIN HARRISON, JR., and TIFFANY HARRISON, all Individually and as Co-Successors in Interest of Decedent MARTIN HARRISON,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>COUNTY OF ALAMEDA, a municipal corporation; SHERIFF GREGORY J. AHERN, in his individual and official capacities; DEPUTIES MATTHEW AHLF, ALEJANDRO VALVERDE, JOSHUA SWETNAM, ROBERTO MARTINEZ, ZACHARY LITVINCHUK, RYAN MADIGAN, MICHAEL BARENO, FERNANDO ROJAS-CASTANEDA, SHAWN SOBRERO, SOLOMON UNUBUN, and DOES 1-20, individually, jointly and severally,<br><br>                    Defendants. | Case No. C11-2868 CW<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

No. C11-2868 CW:  FIRST AMENDED COMPLAINT                                                                                       1

Plaintiffs, by and through their attorneys, LAW OFFICES OF JOHN L. BURRIS and HADDAD & SHERWIN, for their First Amended Complaint against Defendants, state as follows:

## JURISDICTION

1. This is a civil rights wrongful death/survival action arising under Title 42 of the United States Code, Sections 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367, to hear and decide claims arising under state law.  The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

## INTRADISTRICT ASSIGNMENT

2. A substantial part of the events and/or omissions complained of herein occurred in the County of Alameda, California, and this action is properly assigned to the Oakland or San Francisco Division of the United States District Court for the Northern District of California.

## PARTIES AND PROCEDURE

3. Minor Plaintiff herein, M.H. ("Plaintiff" herein), is and was at all times herein mentioned the son of Decedent MARTIN HARRISON and a resident of the State of California.  He is being represented in the instant matter by his mother and Guardian Ad Litem, Michelle Henshaw, pursuant to Federal Rule of Civil Procedure 17(c).  Minor Plaintiff M.H. brings these claims individually and as co-successor in interest for Decedent MARTIN HARRISON.

4. Plaintiff JOSEPH HARRISON is the son of Decedent MARTIN HARRISON and a resident of the State of California.  Plaintiff JOSEPH HARRISON brings these claims individually and as co-successor in interest for Decedent MARTIN HARRISON.

5. Plaintiff KRYSTLE HARRISON is the daughter of Decedent MARTIN HARRISON and a resident of the State of California.  Plaintiff KRYSTLE HARRISON brings these claims individually and as co-successor in interest for Decedent MARTIN HARRISON.

6. Plaintiff MARTIN HARRISON, JR. is the son of Decedent MARTIN HARRISON and a resident of the State of California. Plaintiff MARTIN HARRISON, JR. brings these claims individually and as co-successor in interest for Decedent MARTIN HARRISON.

7. Plaintiff TIFFANY HARRISON is the daughter of Decedent MARTIN HARRISON and a resident of the State of California. Plaintiff TIFFANY HARRISON brings these claims individually and as co-successor in interest for Decedent MARTIN HARRISON.

8. Plaintiffs bring these claims pursuant to California Code of Civil Procedure sections 377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions. Plaintiffs also bring their claims individually and on behalf of Decedent MARTIN HARRISON on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, and federal and state civil rights law.

9. Defendant COUNTY OF ALAMEDA ("COUNTY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the COUNTY operates the Alameda County Sheriff's Department.

10. Defendant SHERIFF GREGORY J. AHERN ("AHERN"), at all times mentioned herein, was employed by Defendant COUNTY as Sheriff for the COUNTY, and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as Sheriff for the COUNTY.

11. Defendant DEPUTIES MATTHEW AHLF ("AHLF"), ALEJANDRO VALVERDE ("VALVERDE"), JOSHUA SWETNAM ("SWETNAM"), ROBERTO MARTINEZ ("MARTINEZ"), ZACHARY LITVINCHUK ("LITVINCHUK"), RYAN MADIGAN ("MADIGAN"), MICHAEL BARENO ("BARENO"), FERNANDO ROJAS-CASTANEDA ("ROJAS"), SHAWN SOBRERO ("SOBRERO"), SOLOMON UNUBUN ("UNUBUN"), were each at all times herein mentioned a deputy sheriff employed by Defendant COUNTY OF ALAMEDA, and each was acting within the course and scope of that employment.

12. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 20, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will

amend their complaint to state the names and capacities of DOES 1-20, inclusive, when they have been ascertained.

13. In engaging in the conduct described herein, Defendant Deputy Sheriffs acted under the color of law and in the course and scope of their employment with the COUNTY. In engaging in the conduct described herein, Defendant Deputy Sheriffs exceeded the authority vested in them as deputy sheriffs under the United States and California Constitutions and as deputy sheriffs employed by Defendant COUNTY.

14. Plaintiffs are informed and believe and thereon allege that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe and thereon allege that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity and an integral participant in the conduct described herein, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

15. The acts and omissions of all Doe Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the COUNTY OF ALAMEDA and the Alameda County Sheriff's Department.

16. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

17. Each Plaintiff timely and properly filed tort claims pursuant to California Government Code sections 910 et seq., and this action is timely filed within all applicable statues of limitation.

18. This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d).

**GENERAL ALLEGATIONS**

19. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

20. On or about August 16, 2010, Decedent MARTIN HARRISON was beaten, repeatedly struck, kicked, brutalized, repeatedly tased, and improperly restrained by Defendant Deputies MATTHEW AHLF, ALEJANDRO VALVERDE, JOSHUA SWETNAM, ROBERTO MARTINEZ, ZACHARY LITVINCHUK, RYAN MADIGAN, MICHAEL BARENO, FERNANDO ROJAS-CASTANEDA, SHAWN SOBRERO, SOLOMON UNUBUN and other unknown COUNTY OF ALAMEDA Defendant Sheriff Deputy DOES, in or near Housing Unit 33 at Santa Rita Jail in Dublin, California.  Defendants' unjustified uses of force against decedent on or about August 16, 2010 caused his death on or about August 18, 2010.  Apart from a history of alcohol abuse, Decedent MARTIN HARRISON was a healthy, 51-year-old man, who died with extreme physical injuries inflicted by the Defendants herein, including but not limited to: a 16-inch by 9-inch bruise over the right lateral portion of his neck, a 4-inch by 2.5-inch contusion on the right lateral side of his neck, a 12-inch by 17-inch bruise of the right arm, a 2.5-inch by 0.5-inch bruise on the right palm;  two linear abrasions, about 1.75 inches each, crossing each other to make a letter "z", on the right upper arm; a 12-inch by 5-inch contusion on the left upper arm; a 10-inch by 4-inch contusion on the left forearm; a 2.25-inch contusion on the left palm; a 6-inch by 3.5-inch contusion on the right thigh; a 4-inch by 3.5-inch contusion on the back right shoulder; a 5-inch by 4-inch contusion on Decedent's back between the 12th rib and vertebral column; a 6-inch by 4-inch bruise on the left side of Decedent's back; and a 5-inch by 4-inch bruise on the back of Decedent's left shoulder; a 5-inch contusion of the right clavicle; soft-tissue hemorrhaging of the upper chest; bi-lateral blood-tinged pleural effusions of about 600 to 700 cc's each (in what would ordinarily be the space around Decedent's lungs); 800 cc's of blood-tinged fluid in the peritoneal cavity; 150 cc's of blood-tinged fluid in the pericardial sac; a 2-inch area of hemorrhage in the left pleural cavity; a 6-inch by 0.5-inch area of hemorrhage in the posterior-lateral surface of the left pleural cavity; an interrupted area of hemorrhaging in the right pleural cavity covering an area of about 8 inches by 2 inches; very prominent soft-tissue hemorrhaging in the in the posterior and posterior-lateral aspects of the right pleural cavity, extending from rib 2 or 3 all the way down to rib 12.

21. In addition to the foregoing evidence of an unrestrained, out of control, violent beating that killed Decedent, Defendant Deputies AHLF, VALVERDE, SWETNAM, MARTINEZ, LITVINCHUK, MADIGAN, BARENO, ROJAS, SOBRERO, UNUBUN and DOES also caused further significant trauma to Decedent, all evidence of their homicide of Decedent: a 1.5-inch hemorrhage around the right front side of Decedent's larynx; a 2.25 by .75-inch area of hemorrhage over the midline of Decedent's neck; a .75-inch area of hemorrhage over the left side of the larynx; a 3/8-inch area of hemorrhage over the left side of the hyoid bone, and numerous significant areas of bruising and hemorrhaging on Decedent's cranial vault.  Defendants AHLF, MARTINEZ and DOES also used a taser against Decedent 5 times for a duration of 27 seconds.  Defendant Deputies AHLF, VALVERDE, SWETNAM, MARTINEZ, LITVINCHUK, MADIGAN, BARENO, ROJAS, SOBRERO, UNUBUN and DOES were integral participants in brutalizing, beating, striking, kicking, tasing, applying a spit mask and excessive control holds, and unreasonably restraining Decedent MARTIN HARRISON.  Further, each of these Defendant deputies failed to intervene to stop, prevent, or report the use of excessive and unreasonable force and restraint by other deputies.

22. Decedent MARTIN HARRISON weighed approximately 140 pounds, was suffering from severe alcohol withdrawal, was vastly outnumbered by deputies, and Decedent never posed a serious or immediate threat to any person.

23. The type and amount of force Defendants used against Decedent as described herein, including multiple Taser shocks, multiple blows to Decedent's head, neck, and body, improper control holds, and restriction of Mr. Dach's airways, neck, and back areas, amounted to the use of deadly force under the circumstances.  The use of deadly force was not justified or lawful under the circumstances.

24. Alternatively, or concurrently, Defendant deputies' own excessive, unreasonable, reckless, and provocative actions created a risk of harm to Decedent, created the situation in which Defendant deputies used extreme force, and caused an escalation of events leading to Decedent's death.

25. Decedent MARTIN HARRISON came to be in Santa Rita jail following an arrest on or about August 13, 2010 – three days before the vicious, deadly beating on or about August 16, 2010 – on a warrant for a failure to appear.  Decedent was a pretrial detainee.  On information and

belief, upon his admission at the jail or shortly thereafter, Defendants and Does knew or must have known that Decedent was a chronic alcoholic with serious medical needs, including severe alcohol withdrawal with psychiatric impairments.  Decedent began displaying obvious signs of untreated alcohol withdrawal while in custody at Santa Rita Jail on or before August 16, 2010.  Decedent was being held in an isolation cell in Housing Unit 33 of Santa Rita Jail.  Defendants and Does were deliberately indifferent to Decedent's serious medical needs, including alcohol withdrawal with psychiatric impairments.

26. After Defendants denied Decedent reasonable and necessary medical care for his serious medical needs, Decedent reportedly broke food trays in his cell and made a mess of his cell. Decedent reportedly blocked the toilet in his cell, causing an overflow.  Decedent wore socks without shoes at this time.  Defendant AHLF responded to the cell, followed by Deputies VALVERDE, SWETNAM, MARTINEZ, LITVINCHUK, MADIGAN, BARENO, ROJAS, SOBRERO, UNUBUN and DOES.  Each Defendant deputy used, or caused the use of, extreme and/or deadly force against Decedent, causing severe injuries and deadly trauma to Decedent, including but not limited to as described above.

27. Defendants' unreasonable restraint and use of excessive force against Decedent was done at least in part because of Decedent's untreated serious medical needs and/or psychiatric condition.

28. Following Defendants' use of extreme and deadly force against Decedent, Decedent was transferred to the jail infirmary, and then to the Valley Care Medical Center.  At some point in this process, Decedent went into cardiac arrest.  Decedent was eventually pronounced dead on or about August 18, 2010 at Valley Care Medical Center.

29. An autopsy performed by the COUNTY OF ALAMEDA Sheriff's Department, Coroner's Bureau, on or about August 19, 2010, found injuries to Decedent previously described herein, and also found that Decedent suffered shock, among other trauma, injuries, and sequelae. The COUNTY OF ALAMEDA Sheriff's Department, Coroner's Bureau determined that Decedent died from Anoxic Encephalopathy due to cardiac arrest following excessive physical exertion, multiple blunt injuries, and tasering.  The COUNTY OF ALAMEDA coroner's investigator's report found that the manner of death could not be determined.

30. Plaintiffs are informed and believe and thereon allege that asphyxiation of individuals during restraint is well-documented and generally accepted such that law enforcement agencies as a matter of routine train their peace officer personnel, such as Defendants AHLF, VALVERDE, SWETNAM, MARTINEZ, LITVINCHUK, MADIGAN, BARENO, ROJAS, SOBRERO, UNUBUN and DOES, in avoiding asphyxiation of individuals during restraint.

31. Plaintiffs further allege that Defendants were on notice that prolonged or continuous exposure(s) to the Taser device's electrical discharge has been proven to cause severe injury and death.  In fact, Taser International, the manufacturer of the Taser, issued a warning bulletin to law enforcement agencies published on or about August 28, 2006, and on other occasions, specifically warning Taser users to avoid prolonged, continuous, extended, or repeated Taser applications against people.  The same warning bulletin specifically noted that in laboratory tests on anesthetized pigs, repeated Taser exposure caused cessation of breathing during the exposure.  Likewise, the same warning bulletin specifically noted that people who displayed symptoms of exhaustion or an alleged syndrome called 'excited delirium,' may be at risk of breathing impairment caused by exposure to the Taser.

32. Defendants grossly violated the training and standards for proper and safe restraint of a person, and in using the Taser repeatedly, and in use of force, and in a prolonged manner in their misconduct against Decedent.  Plaintiffs also allege that the extreme physical injuries to Decedent – especially the injuries to Decedent's neck, lung cavity, torso and head – are all evidence of an extremely high degree of force, and of wanton and willful violations of Decedent's and Plaintiffs' Constitutional rights.

33. Decedent's death was the result of the unreasonable seizure and restraint, use of excessive force, conduct without a legitimate law enforcement purpose, and cruel and unusual punishment by Defendants AHLF, VALVERDE, SWETNAM, MARTINEZ, LITVINCHUK, MADIGAN, BARENO, ROJAS, SOBRERO, UNUBUN and DOES.

34. Alternatively or concurrently, Decedent's death was the proximate result of Defendant COUNTY'S and SHERIFF AHERN'S failure to reasonably train their Deputy Sheriffs in the proper and reasonable use of force, failure to implement and enforce generally accepted, lawful policies and procedures at the jail, and allowing and/or ratifying excessive and unreasonable

force and restraint, and deliberate indifference to the serious medical/psychiatric needs of inmates. These substantial failures reflect Defendant COUNTY'S policies implicitly ratifying and/or authorizing the use of excessive and unreasonable force and restraint by its Deputy Sheriffs and the failure to reasonably train, instruct, monitor, supervise, investigate, and discipline deputy sheriffs employed by Defendant COUNTY in the use of force.

35. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton, and/or willful, conscience-shocking, reckless, malicious, deliberately indifferent to Decedent's and Plaintiffs' rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable. The killing of Decedent MARTIN HARRISON described herein was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiffs' injuries and resulting damages.

36. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

    a.    Wrongful death of MARTIN HARRISON;

    b.    Hospital and medical expenses;

    c.    Coroner's fees, funeral and burial expenses;

    d.    Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support;

    e.    Loss of economic support;

    f.    Violation of constitutional rights;

    g.    Emotional distress;

    h.    MARTIN HARRISON's loss of life, pursuant to federal civil rights law;

    i.    MARTIN HARRISON's conscious pain, suffering, and disfigurement, pursuant to federal civil rights law;

    j.    All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law.

# FIRST CAUSE OF ACTION
## (42 U.S.C. § 1983)
### ALL PLAINTIFFS AGAINST DEFENDANTS AHLF, VALVERDE, SWETNAM, MARTINEZ, LITVINCHUK, MADIGAN, BARENO, ROJAS, SOBRERO, UNUBUN AND DOES 1-20

37. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

38. By the actions and omissions described above, Defendants AHLF, VALVERDE, SWETNAM, MARTINEZ, LITVINCHUK, MADIGAN, BARENO, ROJAS, SOBRERO, UNUBUN and DOES 1-20 violated 42 U.S.C. § 1983, depriving Plaintiffs of the following clearly established and well-settled constitutional rights protected by the First, Fourth, and Fourteenth Amendments to the United States Constitution:

   a. The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;

   b. The right to be free from excessive and unreasonable force and restraint in the course of search and seizure as secured by the Fourth and Fourteenth Amendments;

   c. The right to be free from unlawful conscience shocking force as secured by the Fourteenth Amendment;

   d. The right to be free from deliberate indifference to Decedent's serious medical needs while in custody as a pretrial detainee as secured by the Fourteenth Amendment; and

   e. The right to be free from wrongful government interference with familial relationships and Plaintiffs' right to companionship, society, and support of each other, as secured by the First, Fourth, and Fourteenth Amendments, and as secured by California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq.

39. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of MARTIN HARRISON) and others would be violated by their acts and/or omissions.

40. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth above at paragraph 36.

41. The conduct of Defendants AHLF, VALVERDE, SWETNAM, MARTINEZ, LITVINCHUK, MADIGAN, BARENO, ROJAS, SOBRERO, UNUBUN and DOES 1-20 entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California Code of Civil Procedure §§ 377.20 et seq., and other state and federal law.  Plaintiffs do not seek punitive damages against municipal defendants.

42. Plaintiffs are also entitled to reasonable costs and attorneys fees under 42 U.S.C. § 1988 and applicable California codes and laws.

## SECOND CAUSE OF ACTION
### (*Monell* - 42 U.S.C. § 1983)
### ALL PLAINTIFFS AGAINST DEFENDANTS COUNTY OF ALAMEDA, DEFENDANT AHERN AND DOES 1-20

43. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

44. The unconstitutional actions and/or omissions of Defendants AHLF, VALVERDE, SWETNAM, MARTINEZ, LITVINCHUK, MADIGAN, BARENO, ROJAS, SOBRERO, UNUBUN and DOES 1-20, as well as other officers employed by or acting on behalf of the Defendant COUNTY OF ALAMEDA, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the COUNTY OF ALAMEDA, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for the COUNTY and its Sheriff's Department:

    a. To use or tolerate the use of excessive and/or unjustified force;

    b. To use or tolerate the use of unlawful deadly force;

    c. To engage in or tolerate unreasonable seizures and restraints;

    d. To engage in or tolerate the improper and dangerous misuse of the Taser;

e. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning seizures and the use of control holds and restraint techniques, including avoiding asphyxiation of subjects being restrained by deputy sheriffs and avoiding blows to a subject's head and/or neck during altercations absent justification;

f. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning the Taser;

g. To fail to use appropriate and generally accepted law enforcement procedures for handling mentally ill and/or emotionally disturbed persons;

h. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling mentally ill and/or emotionally disturbed persons;

i. To deny inmates at the COUNTY'S jail access to appropriate, competent, and necessary care for serious medical and psychiatric needs;

j. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling alcohol addicted, mentally ill and/or emotionally disturbed inmates at the County Jail;

k. To cover up violations of constitutional rights by any or all of the following:

   i. By failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of mentally ill and/or emotionally disturbed persons;

   ii. By ignoring and/or failing to properly and adequately investigate and/or investigate and discipline unconstitutional or unlawful law enforcement activity; and

   iii. By allowing, tolerating, and/or encouraging law enforcement officers to: fail to file complete and accurate reports; file false reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information;

l. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and sheriff's department personnel, whereby an officer or member of the sheriff's department does not provide adverse information against a fellow officer or member of the department; and

    m. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct, including claims made under California Government Code §§ 910 et seq.

  45. Defendants COUNTY OF ALAMEDA, AHERN, and DOES 1-20 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants AHLF, VALVERDE, SWETNAM, MARTINEZ, LITVINCHUK, MADIGAN, BARENO, ROJAS, SOBRERO, UNUBUN and DOES 1-20, and other Sheriff's Department personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

  46. The unconstitutional actions and/or omissions of Defendants AHLF, VALVERDE, SWETNAM, MARTINEZ, LITVINCHUK, MADIGAN, BARENO, ROJAS, SOBRERO, UNUBUN and DOES 1-20 and other Sheriff's Department personnel, as described above, were approved, tolerated, and/or ratified by policymaking officers for the COUNTY OF ALAMEDA and its Sheriff's Department, including Defendant SHERIFF AHERN.  Plaintiffs are informed and believe and thereon allege that the details of this incident have been revealed to the authorized policymakers within the COUNTY OF ALAMEDA and the Alameda County Sheriff's Department and that such policymakers have direct knowledge of the fact that the death of MARTIN HARRISON was not justified, but rather represented an unconstitutional display of unreasonable, excessive and deadly force, as well as cruel and unusual punishment.  Notwithstanding this knowledge, the authorized policymakers within the COUNTY and its Sheriff's Department have approved of  AHLF, VALVERDE, SWETNAM, MARTINEZ, LITVINCHUK, MADIGAN, BARENO, ROJAS, SOBRERO, UNUBUN and DOES 1-20's use of unreasonable force and restraint of MARTIN HARRISON, and have made a deliberate choice to endorse Defendants' killing of MARTIN HARRISON, as well as the basis for that killing.  By so doing, the authorized policymakers within the COUNTY and its Sheriff's Department have shown affirmative agreement

with the individual Defendant deputies' actions and have ratified the unconstitutional acts of the individual Defendant deputies.

47. The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants COUNTY OF ALAMEDA, AHERN, and DOES 1-20 were a moving force and/or a proximate cause of the deprivations of Plaintiffs' clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth above in paragraph 38.

48. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

49. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants COUNTY OF ALAMEDA, AHERN, and DOES 1-20 as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs, and attorneys fees as set forth above in paragraphs 39-42, and punitive damages against Defendants SHERIFF AHERN and DOES 1-20 in their individual capacities.

**THIRD CAUSE OF ACTION**
**(Violation of Civil Code § 52.1)**
<u>**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**</u>

50. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

51. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, and with threats, intimidation, and/or coercion, violated

Plaintiffs' rights under California Civil Code § 52.1 and the following clearly established rights under the United States Constitution and California Constitution:

    a.    The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;

    b.    The right to be free from excessive and unreasonable force and restraint in the course of search and seizure as secured by the Fourth and Fourteenth Amendments;

    c.    The right to be free from unlawful conscience shocking force as secured by the Fourteenth Amendment;

    d.    The right to be free from deliberate indifference to Decedent's serious medical needs while in custody as a pretrial detainee as secured by the Fourteenth Amendment; and

    e.    The right to be free from wrongful government interference with familial relationships and Plaintiffs' right to companionship, society, and support of each other, as secured by the First, Fourth, and Fourteenth Amendments, and as secured by California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq.

    f.    The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1;

    g.    The right to life, liberty, and property and not to be deprived of those without due process of law, as secured by the California Constitution, Article 1, Section 7;

    h.    The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive deadly force, as secured by the California Constitution, Article 1, Section 13; and

    i.    The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

52. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiffs' rights under the United States and California Constitutions, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at paragraphs 39-42, and punitive damages against all individual Defendants, including

all damages allowed by California Civil Code §§ 52 and 52.1 and California law, not limited to costs attorneys fees, and civil penalties.

## FOURTH CAUSE OF ACTION
### (Negligence)
### ALL PLAINTIFFS AGAINST ALL DEFENDANTS

53. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

54. At all times, each Defendant owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

55. At all times, each Defendant owed Plaintiffs the duty to act with reasonable care.

56. These general duties of reasonable care and due care owed to Plaintiffs by all Defendants include but are not limited to the following specific obligations:

    a. To refrain from using excessive and/or unreasonable force against Decedent MARTIN HARRISON;

    b. To refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;

    c. To refrain from unreasonably creating danger or increasing Decedent's risk of harm;

    d. To use generally accepted law enforcement procedures and tactics that are reasonable and appropriate for Decedent's status as an addicted, mentally ill and/or emotionally disturbed person with serious medical needs;

    e. To refrain from abusing their authority granted them by law;

    f. To refrain from violating Plaintiffs' rights as guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

57. Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants COUNTY OF ALAMEDA, SHERIFF AHERN, and DOES 1-20 include but are not limited to the following specific obligations:

    a.    To properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with the law;

    b.    To make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiffs';

    c.    To refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth above at paragraph 44.

58.    Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs.

59.    As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at paragraphs 39-42, and punitive damages against all individual Defendants.

**FIFTH CAUSE OF ACTION**
**(Assault and Battery)**
**ALL PLAINTIFFS AGAINST DEFENDANTS  AHLF, VALVERDE, SWETNAM, MARTINEZ, LITVINCHUK, MADIGAN, BARENO, ROJAS, SOBRERO, UNUBUN, DOES 1-20, AND ALAMEDA COUNTY**

60.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

61.    Defendants AHLF, VALVERDE, SWETNAM, MARTINEZ, LITVINCHUK, MADIGAN, BARENO, ROJAS, SOBRERO, UNUBUN and DOES 1-20, inclusive, placed Plaintiffs' Decedent in immediate fear of death and severe bodily harm, and killed him by beating and him without just provocation or cause, constituting assault and battery.

62.    These defendants' conduct was neither privileged nor justified under statute or common law.

63.    As a direct and proximate result of Defendants' assault and battery of Plaintiffs' Decedent, Plaintiffs sustained injuries and damages and are entitled to relief as asset forth above at

paragraphs 39-42, and punitive damages against all individual Defendants in their individual capacities.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

    a.    Compensatory and exemplary damages in an amount according to proof and which is fair, just, and reasonable;

    b.    Punitive damages under 42 U.S.C. § 1983 and California law in an amount according to proof and which is fair, just, and reasonable;

    c.    All other damages, penalties, costs, interest, and attorneys fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§ 377.20 et seq., 377.60 et seq., and 1021.5; California Civil Code §§ 52 et seq., 52.1; and as otherwise may be allowed by California and/or federal law;

    d.    Declaratory and injunctive relief, including but not limited to the following:

        i.    An order prohibiting Defendants and their sheriff's deputies form unlawfully interfering with the rights of Plaintiffs and others to be free from unreasonable seizures and restraints and excessive and unreasonable force;

        ii.    An order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for the safe use of Tasers;

        iii.    An order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for handling addicted, mentally ill and/or emotionally disturbed persons, and/or persons with serious medical needs;

        iv.    An order prohibiting Defendants and their sheriff's deputies from engaging in the "code of silence" as may be supported by the evidence in this case;

        v.    An order requiring Defendants to train all sheriff's deputies concerning generally accepted and proper tactics and procedures for the use of deadly force, the use of Tasers, and the handling of addicted, mentally ill and/or emotionally disturbed persons, and/or persons with serious medical needs and this Court's orders concerning the issues raised in injunctive relief requests i-iv, above.

      e.     Such other and further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiffs hereby demand a jury trial in this action.

Dated: September 20, 2011               **THE LAW OFFICES OF JOHN L. BURRIS**

                                                                        /s/ John L. Burris
                                                                       John L. Burris, Esq.
                                                                       Benjamin Nisenbaum, Esq.
                                                                       Attorney for Plaintiffs

Dated: September 20, 2011               **HADDAD & SHERWIN**

                                                                       /s/ Michael J. Haddad
                                                                       Michael J. Haddad, Esq.
                                                                       Attorney for Plaintiffs