IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.H., a minor, individually through her guardian ad litem Michele Henshaw and as co-successor-in-interest for Decedent Martin Harrison, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTY OF ALAMEDA, SHERIFF GREGORY J. AHEARN, et al.,<br><br>    Defendants. | No. 11-2868 CW<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (DOCKET NO. 38) |

    Plaintiffs M.H., Joseph Harrison, Krystle Harrison, Martin Harrison, Jr., and Tiffany Harrison move for leave to file a Second Amended Complaint (2AC) against Defendants Alameda County, Sheriff Gregory J. Ahearn, Matthew Alhf, Alejandro Valverde, Joshua Swetnam, Roberto Martinez, Zachary Litvinchuck, Ryan Madigan, Michael Bareno, Fernando Rojas-Castaneda, Shawn Sobrero, Solomon Unubun, Corizon Health, Inc., Harold Orr, Zelda Sancho, Megan Hast, and Does 5-20. Defendants oppose the motion. The Court took the matter under submission on the papers and now grants the motion.

BACKGROUND

    All of Plaintiffs' claims in this action arise from a series of events that took place between August 13 and August 18, 2010, at Santa Rita Jail in Dublin, California. First Am. Compl. ¶¶ 20-63, Docket No. 16. In brief, Plaintiffs allege that their father,

Martin Harrison, was severely beaten and denied much-needed medical care for alcohol withdrawal while he was in custody at Santa Rita. Id. They further allege that his treatment by Santa Rita's staff of corrections officers and healthcare workers ultimately led to his death. Id.

Based on these events, Plaintiff M.H. filed a wrongful death suit on June 10, 2011 against Defendants, Alameda County, Sheriff Ahern, several sheriff's deputies on Santa Rita's staff, and Does 1-100. Compl. ¶¶ 2-7, Docket No. 1. On September 20, 2011, Plaintiff M.H. filed a First Amended Complaint (1AC) adding nine new individuals as Defendants and adding Martin Harrison's four adult children as Plaintiffs. The 1AC charges Defendants with assault and battery, negligence, violations of California Civil Code section 52.1, and various violations of the decedent's federal constitutional rights under 42 U.S.C. § 1983. 1AC ¶¶ 37-56.

The Court issued its scheduling order in this case on November 22, 2011, and set that date as the final day to add claims or parties. Docket No. 26. Since the scheduling order was issued, the parties have been engaged in extensive and ongoing discovery, taking several depositions of each other's potential witnesses and producing hundreds of pages of documents. Declaration of Valerie Ly ¶¶ 3-7. In July 2012, Plaintiffs took the depositions of two witnesses: Megan Hast and Maria Magat, who worked at Santa Rita as a social worker and a staff physician, respectively, during the decedent's incarceration there. Declaration of Gina Altomare ¶¶ 4-5. From those depositions, Plaintiffs learned that the entity with primary responsibility for

2

providing healthcare services to Santa Rita inmates was a company called Corizon Health, Inc., not Alameda County, as Plaintiffs had previously assumed. Id., Ex. B 22:13-23:17, Ex. C 51:12-53:15. Plaintiffs also gleaned new information from the depositions about the conduct of individual healthcare workers, including Ms. Hast, who interacted with the decedent in the days and hours before he died. Id., Ex. C 34:22-37:25, 49:1-:17, 55:7-59:24.

On August 23, 2012, less than a month after Dr. Magat's deposition, Plaintiffs sought leave from Defendants to amend the complaint by substituting Corizon and two of its employees -- Dr. Harold Orr and Nurse Zelda Sancho -- for three Doe Defendants. Id. ¶ 6. After Defendants agreed to stipulate to these substitutions, Plaintiffs informed Defendants of their intent to substitute Ms. Hast as a fourth Doe Defendant. Id. ¶¶ 6-7. Defendants' counsel responded the next day by withdrawing their consent to the proposed substitutions. Id. ¶ 7. When the parties met and conferred on August 29, 2012, Defendants again refused to stipulate to any of Plaintiffs' proposed amendments. Id. A few days later, on September 4, 2012, the parties stipulated to amend the scheduling order by extending the fact discovery deadline to February 1, 2013 and continuing the trial to July 22, 2013. Docket No. 36.

Plaintiffs filed this motion for leave to amend their complaint on September 12, 2012. They seek to amend by: (1) substituting the individuals named above for Doe Defendants, (2) adding further details to their factual allegations, and (3) adding a cause of action under California Government Code section 845.6. Defendants oppose all of Plaintiffs' proposed

3

amendments except for the substitution of Corizon, Dr. Orr, and Nurse Sancho for Doe Defendants 1-3. Opp. 1.

## LEGAL STANDARD

A party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Federal Rule of Civil Procedure 16(b). Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). Second, if good cause is shown, the party must show that the amendment is proper under Rule 15(a). Id.

In order to determine good cause, courts generally consider the diligence of the party seeking the modification. Id. at 609; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "Not only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). A party seeking to amend a scheduling order must show that it cooperated with the Court to create a workable schedule at the outset of litigation, that the scheduling order creates deadlines that have become impracticable notwithstanding its diligent efforts to comply with the schedule, and that it was diligent in seeking the amendment once it became apparent that extensions were necessary. See id. at 608.

Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Because the rule "favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." Genentech, Inc. v. Abbott Laboratories, 127 F.R.D. 529, 530-31

4

(N.D. Cal. 1989) (citing Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 666 (Fed. Cir. 1986)). Courts generally consider five factors when deciding whether to grant a party leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party, and whether the party has previously amended the pleadings. Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 n.3 (9th Cir. 2009). Because Rule 16(b)'s "good cause" inquiry essentially incorporates the other factors, "if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile." Thompson v. City of Redding, 2011 U.S. Dist. LEXIS 69645, at *3-*4 n.2 (E.D. Cal.). A proposed amendment is futile if it fails to state a valid claim under Rule 12(b)(6). Asarco LLC v. Shore Terminals LLC, 2012 WL 440519, at *2 (N.D. Cal.) (citing Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988)).

DISCUSSION

The Court's original deadline for amending the complaint to add parties or claims elapsed on November 22, 2011. Therefore Plaintiffs' motion is governed by Rule 16(b), which requires a showing of good cause.[1]

I.  Rule 16(b): Good Cause

Plaintiffs seek leave to amend their complaint by substituting four named individuals for Doe Defendants, adding new details to their factual allegations, and adding a new state law claim. All of these proposed amendments are based on new

---

[1] Although the parties do not expressly address the Rule 16 standard in their briefs, their submissions provide sufficient information to decide this issue.

5

information that they obtained through the depositions of Ms. Hast and Dr. Magat on July 2 and July 27, 2012, respectively. Because Plaintiffs diligently sought to amend their complaint less than a month after obtaining this information, they have established good cause under Rule 16.

Courts routinely allow parties to amend their pleadings after new information comes to light during discovery. See, e.g., Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist., 2006 WL 3733815, *4 (E.D. Cal.) ("Allowing parties to amend [under Rule 16] based on information obtained through discovery is common and well established."). This Court has specifically recognized that a plaintiff has good cause to amend a complaint to add defendants if the identities of those defendants were unknown prior to discovery. Mendoza v. Whitehouse, 2008 WL 2684120, at *3 (N.D. Cal.) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).

Here, Defendants concede that Plaintiffs could not have ascertained Ms. Hast's identity prior to discovery. Still, they contend that Plaintiffs should have sought leave to amend their complaint several months prior to the July depositions. They specifically note that Plaintiffs learned that Ms. Hast had discoverable information in November 2011 and received prison records in January 2012 showing that Ms. Hast observed the decedent at Santa Rita prior to his death.

Even if Plaintiffs had this information as Defendants allege, however, none of it would have been sufficient to name Ms. Hast as a defendant. The mere fact that she had discoverable information and observed the decedent in custody would not, on its own, have

6

implicated her in this suit.  Plaintiffs only obtained sufficient information to determine that she might be liable here after they took her deposition and that of Dr. Magat in July.  Furthermore, without those depositions, none of the documents Defendants produced during discovery could have reasonably apprised Plaintiffs of the specific factual details that they now seek to incorporate into the complaint.[2]  Indeed, Defendants themselves admit that Ms. Hast's deposition testimony helped elucidate the prison records they turned over earlier in discovery.  Thus, contrary to Defendants' assertions, Plaintiffs' decision to wait until after July to amend their complaint does not constitute undue delay or evince a lack of diligence.

    Nor does it prejudice Defendants.  In fact, Defendants' willingness to let Plaintiffs substitute Corizon, Dr. Orr, Nurse and Sancho as Doe Defendants suggests that they would suffer minimal prejudice, if any, from the addition of Ms. Hast.  After all, Plaintiffs' proposed claims against Ms. Hast largely coincide with their proposed claims against the Corizon defendants and rest on essentially the same set of factual allegations.  What's more, because of the parties' recent stipulation to extend discovery

---

[2] Defendants place particular emphasis, for instance, on the "progress note" that Ms. Hast wrote after observing the decedent at Santa Rita.  See Ly Decl., Ex. A.  They argue that the note, which Plaintiffs had in their possession as early as March 2012, provided all of the information that Plaintiffs needed to make a determination as to whether or not Ms. Hast should be added as a defendant.  This overstates the note's value to Plaintiffs.  The note is extremely brief and, without Ms. Hast's accompanying deposition testimony, offered Plaintiffs very little information about Ms. Hast's exact role at Santa Rita or about her interactions with the decedent while he was in custody there.

7

until February 2013, Defendants now have ample time to investigate and respond to the amended claims and allegations in Plaintiffs' 2AC. This further mitigates any prejudice that might be caused by Plaintiffs' amended complaint. See Mendoza 2008 WL 2684120, at *3 (rejecting defendants' argument that they would be prejudiced by plaintiffs' amended complaint because plaintiffs moved to amend the pleadings "five months before the close of fact discovery").

Accordingly, Plaintiffs have established good cause under Rule 16 for amending their complaint.

II. Rule 15(a): Futility

In addition to showing good cause under Rule 16, Plaintiffs must also show that their proposed amendments are proper under Rule 15. Johnson, 975 F.2d at 608. As noted above, this inquiry focuses on whether or not "such amendment[s] would be futile." Thompson, 2011 U.S. Dist. LEXIS 69645, at *3-*4 n.2. The Ninth Circuit has held that the proper test to determine whether a proposed amendment is futile is "identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." Miller, 845 F.2d at 214.

Defendants first argue that Plaintiffs' proposed causes of action against Ms. Hast are futile because they fail to state valid claims for negligence, deliberate indifference, or violations of Government Code section 845.6. But Defendants neglect to cite any specific part of Plaintiffs' proposed 2AC that actually fails to state a claim. Rather, their argument relies exclusively on blanket assertions that Ms. Hast "acted appropriately," accompanied by citations to her deposition transcript. Opp. 9. Because Defendants cannot identify a

8

1 specific <u>pleading</u> deficiency in Plaintiffs' proposed 2AC,
2 Defendants' futility argument must fail.  <u>See</u> <u>Brezel v. Deloitte &</u>
3 <u>Touche, LLP</u>, 2004 WL 253284, *1 (S.D.N.Y.) ("Because the Court's
4 futility inquiry is governed by the same principles as those
5 'employed by the court when deciding on a Rule 12(b)(6) motion to
6 dismiss,' evidence 'outside the face of the complaint' is 'not
7 properly considered.'"  (citations omitted)).

8    Defendants also argue that Plaintiffs' deliberate
9 indifference claim against Ms. Hast is futile because it is barred
10 by California's two-year statute of limitations for wrongful death
11 claims.  <u>See</u> Cal. Civ. Proc. Code § 335.1.  Defendants concede
12 that California's relation-back rules apply here and would
13 ordinarily save Plaintiffs' deliberate indifference claim from the
14 statute of limitations;[3] however, they contend that Plaintiffs'
15 failure to add Ms. Hast as a defendant earlier in the litigation
16 bars them from now taking advantage of the relation-back rules in
17 this case.

18    As explained above, Plaintiffs were not able to add Ms. Hast
19 as a defendant earlier in the litigation as Defendants contend.
20 The deliberate indifference claim against Ms. Hast therefore

---

[3] California's relation-back rules apply to deliberate indifference claims brought under 42 U.S.C. § 1983.  <u>Palomina v. Stanton</u>, 1998 WL 196461, *2 n.3 (N.D. Cal.) (citing <u>Merritt v. County of L.A.</u>, 875 F.2d 765, 768 & n.5 (9th Cir. 1989)).  Under those rules -- specifically, under Civil Procedure Code section 474 -- a plaintiff may amend its complaint to add a defendant after the statute of limitations has passed as long as the claims against the new defendant: "(1) rest on the same general set of facts, (2) involve the same injury, and (3) refer to the same instrumentality, as the original [claims]."  <u>Rodgers v. Horsely</u>, 123 Fed. App'x 281, 285 (9th Cir. 2005) (citing <u>Norgart v. Upjohn Co.</u>, 21 Cal. 4th 383, 409 (1999)).

relates back to their original, timely filed complaint and, thus, is not time barred.[4]

Plaintiffs' proposed amendments to the complaint are proper under Rule 15.

CONCLUSION

For the reasons set forth above, Plaintiffs' motion to file a Second Amended Complaint is GRANTED (Docket No. 38). Plaintiffs shall file it forthwith and serve it on the new defendants within two weeks. If all parties can agree on a case management schedule that will accommodate the new defendants, they may file a stipulation. Otherwise, each side shall file its proposal within six weeks.

IT IS SO ORDERED.

Dated: 11/16/2012

CLAUDIA WILKEN
United States District Judge

---

[4] Defendants' final futility argument is that Plaintiffs' proposed 2AC implicitly asserts a medical malpractice that is barred by California's statute of limitations. This argument plainly mischaracterizes the proposed 2AC. Plaintiffs do not assert any medical malpractice claims here nor do they seek leave to add any. The statute of limitations for medical malpractice claims is therefore irrelevant.

10