1  JOHN L. BURRIS, Esq./ State Bar #69888
   BENJAMIN NISENBAUM, Esq./ State Bar #222173
2  LAW OFFICES OF JOHN L. BURRIS
   7677 Oakport Street, Suite 1120
3  Oakland, California 94621
   Telephone:    (510) 839-5200
4  Facsimile:    (510) 839-3882

5  Attorneys for Plaintiff M.H., a minor through his
   Guardian Ad Litem, Michelle Henshaw
6
   MICHAEL J. HADDAD, Esq./ State Bar #189114
7  JULIA SHERWIN, Esq./State Bar #189268
   GINA ALTOMARE, Esq./State Bar #273099
8  GENEVIEVE K. GUERTIN, Esq./State Bar #262479
   HADDAD & SHERWIN
9  505 Seventeenth Street
   Oakland, CA 94612
10 Telephone:    (510) 452-5500
   Facsimile:    (510) 452-5510
11
   Attorneys for Plaintiffs Joseph Harrison, Krystle
12 Harrison, Martin Harrison, Jr., and Tiffany Harrison

13              UNITED STATES DISTRICT COURT

14          FOR THE NORTHERN DISTRICT OF CALIFORNIA

15 M.H., a minor, through his Guardian Ad Litem,       )
   Michelle Henshaw, JOSEPH HARRISON, KRYSTLE          )  Case No. C11-2868 JST (MEJ)
16 HARRISON, MARTIN HARRISON, JR., and                 )
   TIFFANY HARRISON, all Individually and as Co-       )
17 Successors in Interest of Decedent MARTIN           )
   HARRISON,                                           )
18                                                     )  **PLAINTIFFS' RESPONSE IN
                                                       )  OPPOSITION TO MOTION TO
19          Plaintiffs,                                )  DISMISS BY DEFENDANTS
                                                       )  HAROLD ORR, M.D., CORIZON
20      vs.                                            )  HEALTH, INC., AND ZELDA
                                                       )  SANCHO, L.V.N.**
21 COUNTY OF ALAMEDA, a municipal corporation;         )
   SHERIFF GREGORY J. AHERN, in his individual and     )
22 official capacities; DEPUTIES MATTHEW AHLF,         )
   ALEJANDRO VALVERDE, JOSHUA SWETNAM,                 )
23 ROBERTO MARTINEZ, ZACHARY LITVINCHUK,               )  **Date:  April 11, 2013**
   RYAN MADIGAN, MICHAEL BARENO,                       )  **Time:  2:00 p.m.**
24 FERNANDO ROJAS-CASTANEDA, SHAWN                     )  **Place: Courtroom 9, 19th Floor**
   SOBRERO, SOLOMON UNUBUN; MEGAN HAST,                )  **Judge: Hon. Jon S. Tigar**
25 A.S.W.; CORIZON HEALTH, INC., a Delaware            )
   corporation; HAROLD ORR, M.D.; ZELDA                )
26 SANCHO, L.V.N.; and DOES 5-20, individually,        )
   jointly and severally,                              )
27                                                     )
                                                       )
28          Defendants.                                )
                                                       )

No. C11-2868 JST (MEJ):  PLAINTIFFS' RESPONSE IN OPPOSITION TO CORIZON DEFENDANTS'      i
SECOND MOTION TO DISMISS

1

# TABLE OF CONTENTS

2

<u>Page No.</u>

3

TABLE OF AUTHORITIES ................................................................................................ iii

4

5

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................1

6

I.      INTRODUCTION......................................................................................................1

7

II.     STATEMENT OF THE FACTS ................................................................................2

8

III.    STANDARD OF REVIEW ........................................................................................6

9

10

IV.     LEGAL ARGUMENT ...............................................................................................10

11

        A.      Plaintiffs Properly State a Cause of Action for Violation of the Bane Act,
                California Civil Code § 52.1...................................................................10

12

13

        B.      Plaintiffs Do Not Oppose Defendants' Motion as to the Claim Against Corizon
                Under California Government Code § 845.6.........................................14

14

        C.      Plaintiffs' Negligence Claim Is Timely and Sufficiently Pled. ...................14

15

16

                1.      Plaintiffs Assert a Claim Against the Corizon Defendants for General
                        Negligence, Not Medical Malpractice. .........................................14

17

18

                2.      Plaintiffs' Negligence Claims Satisfy the Liberal Requirements for
                        Relation Back Under California Law and the Federal Rules of
                        Civil Procedure. ...........................................................................16

19

20

        D.      Plaintiffs' § 1983 Deliberate Indifference Claims Against Corizon and
                Dr. Orr Are Sufficiently Pled.......................................................................20

21

22

V.      CONCLUSION ..........................................................................................................25

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

__Page No(s).__

3

### Federal Cases

4

5

*Airborne Beepers & Video, Inc. v. AT&T Mobility LLC,*
    499 F.3d 663 (7th Cir. 2007)............................................................................8

6

7

*Arpin v. Santa Clara Valley Transp. Agency,*
    261 F.3d 912 (9th Cir. 2001)............................................................................3

8

9

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .....................................................................................8, 9

10

11

*Baker v. County of Sonoma,*
    2009 U.S. Dist. LEXIS 14831 (N.D. Cal. Feb. 10, 2009)................12, 14, 24

12

13

*Baldain v. Am. Home Mortg. Servicing, Inc.,*
    2010 U.S. Dist. LEXIS 5671 (E.D. Cal. Jan. 5, 2010) ...................................10

14

*Barker v. Riverside County Office of Educ.,*
    584 F.3d 821 (9th Cir. 2009).............................................................................9

15

16

*Bates v. Arata,*
    2008 U.S. Dist. LEXIS 23910 (N.D. Cal. March 26, 2008) ...........................10

17

18

*Bell Atlantic v. Twombly,*
    550 U.S. 544 (2007) ..................................................................................7, 8, 9

19

20

*Blankenhorn v. City of Orange,*
    485 F.3d 463 (9th Cir. 2007)...........................................................................22

21

22

*Bolbol v. City of Daly City,*
    2011 U.S. Dist. LEXIS 81228 (N.D. Cal. July 11, 2011) ..............................13

23

24

*Butler v. City of Sacramento,*
    2007 U.S. Dist. LEXIS 60006 (E.D. Cal. Aug. 7, 2007) ...............................19

25

*Cabrales v. County of Los Angeles,*
    864 F.2d 1454 (9th Cir. 1988).........................................................................17

26

27

*Cahill v. Liberty Mut. Ins. Co.,*
    80 F.3d 336 (9th Cir. 1996)...............................................................................6

28

*Campos v. City of Merced,*
    709 F. Supp. 2d 944 (E.D. Cal. 2010) ............................................................12

*Clouthier v. County of Contra Costa,*
   591 F.3d 1232 (9th Cir. 2010)................................................................21

*Cole v. Doe,*
   387 F. Supp. 2d 1084 (N.D. Cal. 2005) ...............................................13

*Conn v. City of Reno,*
   591 F.3d 1081 (9th Cir. 2010)................................................................20

*Cook, Perkiss & Liehe, Inc. v. Northern Calif. Collection Serv. Inc.,*
   911 F.2d 242 (9th Cir. 1990)....................................................................6

*Cormier v. All American Asphalt,*
   458 Fed. Appx. 620 (9th Cir. 2011) .........................................................8

*Corser v. County of Merced,*
   2009 U.S. Dist. LEXIS 69053 (E.D. Cal. Jan. 26, 2009).....................12

*Dorger v. City of Napa,*
   2012 U.S. Dist. LEXIS 124551 (N.D. Cal. Aug. 31, 2012)..............1-2, 10-11, 21

*Elan Microelectronics Corp. v. Apple, Inc.,*
   2009 U.S. Dist. LEXIS 83715 (N.D. Cal. Sept. 14, 2009)...................10

*Erickson v. Pardus,*
   551 U.S. 89 (2007) (*per curiam*).............................................................7

*Fed. Agr. Mortg. Corp. v. It's A Jungle Out There, Inc.,*
   2005 U.S. Dist. LEXIS 40456 (N.D. Cal. Dec. 7, 2005) .....................1-2

*Ferdik v. Bonzelet,*
   963 F.2d 1258 (9th Cir. 1992)..................................................................7

*Frary v. County of Marin,*
   2012 U.S. Dist. LEXIS 177517 (N.D. Cal. Dec. 13, 2012) .............23, 24

*George v. Sonoma County Sheriff's Dept.,*
   2008 U.S. Dist. LEXIS 103665 (N.D. Cal. Dec. 23, 2008) ..................22

*Gibson v. County of Washoe,*
   290 F.3d 1175 (9th Cir. 2002)................................................................20

*Gilligan v. Jamco Develop. Corp.,*
   108 F.3d 246 (9th Cir. 1997)....................................................................6

*Harper v. Lawrence County,*
   592 F.3d 1227 (11th Cir. 2010)..............................................................13

*Haynes v. City and County of San Francisco*,
  2010 U.S. Dist. LEXIS 76829 (N.D. Cal. July 28, 2010) ..............................................12

*In re Flash Memory Antitrust Litig.*,
  643 F. Supp. 2d 1133 (N.D. Cal. 2009) ........................................................................8

*Internat'l Audiotext Network, Inc. v. AT&T Co.*,
  62 F.3d 69 (2d Cir. 1995) ............................................................................................3

*Johnson v. State of California*,
  207 F.3d 650 (9th Cir. 2000) ........................................................................................7

*Jones v. City and County of San Francisco*,
  2008 U.S. Dist. LEXIS 120075 (N.D. Cal. April 23, 2008) ........................................13

*Kincaid v. City of Fresno*,
  2008 U.S. Dist. LEXIS 38532 (E.D. Cal. May 12, 2008) ............................................12

*Knapps v. City of Oakland*,
  647 F. Supp. 2d 1129 (N.D. Cal. 2009) ......................................................................12

*Lacey v. Maricopa County (Arpaio)*,
  693 F.3d 896 (9th Cir. 2012) *(en banc)* ........................................................................9

*Lancaster v. Monroe County, Ala.*,
  116 F.3d 1419 (11th Cir. 1997) ..................................................................................13

*Larez v. City of Los Angeles*,
  946 F.2d 630 (9th Cir. 1991) ......................................................................................21

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*,
  507 U.S. 163 (1993) ...........................................................................................7, 10

*Lillard v. Shelby County Bd. of Educ.*,
  76 F.3d 716 (6th Cir. 1996) ..........................................................................................7

*Liscio v. Warren*,
  901 F.2d 274 (2d Cir. 1990) ......................................................................................13

*Los Angeles Police Protective League v. Gates*,
  907 F.2d 879 (9th Cir. 1990) ......................................................................................21

*Love v. Salinas*,
  2011 U.S. Dist. LEXIS 71196 (E.D. Cal. July 1, 2011) ..............................................12

*Martell v. Trilogy, Ltd.*,
  872 F.2d 322 (9th Cir. 1989) ......................................................................................18

*Merritt v. County of Los Angeles*,
   875 F.2d 765 (9th Cir. 1989)............................................................................17

*Microsoft Corp. v. Phoenix Solutions, Inc.*,
   741 F. Supp. 2d 1156 (C.D. Cal. 2010).........................................................10

*Miller v. Rykoff-Sexton*,
   845 F.2d 209 (9th Cir. 1988).........................................................................15

*Mishler v. Nevada State Bd. of Medical Examiners*,
   1996 U.S. App. LEXIS 20590 (9th Cir. Aug. 15, 1996)...............................17

*Moreno v. Town of Los Gatos*,
   267 Fed. Appx. 665 (9th Cir. 2008) ......................................................10, 13

*Nelson v. City of Davis*,
   709 F. Supp. 2d 978 (E.D. Cal. 2010)...........................................................12

*Ohlsen v. County of San Joaquin*,
   2008 U.S. Dist. LEXIS 44566 (E.D. Cal. June 4, 2008)...............................13

*Parra v. Hernandez*,
   2009 U.S. Dist. LEXIS 106092  (S.D. Cal. Nov. 13, 2009)...........................12

*Preschooler II v. Clark County School Bd. of Trustees*,
   479 F.3d 1175 (9th Cir. 2007)........................................................................21

*Redman v. County of San Diego*,
   942 F.2d 1435 (9th Cir. 1991)........................................................................21

*Rios v. City of Bakersfield*,
   2011 U.S. Dist. LEXIS 131529 (E.D. Cal. Nov. 15, 2011) ...........................6

*Scheurer v. Rhodes*,
   416 U.S. 232 (1974) .........................................................................................6

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011)...........................................................8, 9, 21, 25

*Swierkiewicz v. Sorema, N.A.*,
   534 U.S. 506 (2002) .............................................................................6-7, 9, 16

*Thompson v. Upshur County, Tex.*,
   245 F.3d 447 (5th Cir. 2001)..........................................................................13

*Walsh v. Tehachapi Unified Sch. Dist.*,
   2011 U.S. Dist. LEXIS 125175 (E.D. Cal. Oct. 27, 2011) .............................6

*Warner v. County of San Diego,*
   2011 U.S. Dist. LEXIS 14312 (S.D. Cal. Feb. 14, 2011) ...........................12

*West v. Atkins,*
   487 U.S. 42 (1988) ...........................................................................21

*Ziptronix Inc. v. Omnivision Tech., Inc.,*
   2011 U.S. Dist. LEXIS 129275 (N.D. Cal. Nov. 8, 2011) ........................10

**California Cases**

*Amaral v. Cintas Corp.,*
   163 Cal. App. 4th 1157 (2008) ..............................................................18

*Barnes v. Wilson,*
   40 Cal. App. 3d 199 (1974) ...................................................................19

*Barrington v. A.H. Robbins Co.,*
   39 Cal. 3d 146 (1985) ...........................................................................18

*Barrows v. Am. Motors Corp.,*
   144 Cal. App. 3d 1 (1983) .....................................................................17

*General Motors Corp. v. Super. Ct.,*
   48 Cal. App. 4th 580 (1996) ..................................................................17

*Gillian v. City of San Marino,*
   147 Cal. App. 4th 1033 (2007) ..............................................................13

*Grudt v. City of Los Angeles,*
   2 Cal. 3d 575 (1970) .............................................................................18

*Jacoves v. United Merchandising Corp.,*
   9 Cal. App. 4th 88 (1992) .....................................................................16

*Jones v. Kmart Corp.,*
   17 Cal. 4th 329 (1998) ..........................................................................11

*McOwen v. Grossman,*
   153 Cal. App. 4th 937 (2007)............................................................17, 19

*Venegas v. County of Los Angeles,*
   32 Cal.4th 820 (2004)......................................................................11, 12

1

**Statutes**

2

California Civil Code § 52.1 ....................................................................................11

3

California Code of Civil Procedure § 335.1 ..............................................................17

4

5

California Code of Civil Procedure § 340.5 ..............................................................15

6

California Code of Civil Procedure § 377.20 ............................................................16

7

California Code of Civil Procedure § 377.30 ............................................................16

8

California Code of Civil Procedure § 377.60 ............................................................16

9

10

California Code of Civil Procedure § 474 .................................................................17

11

California Government Code § 845.6 ........................................................................14

12

**Rules**

13

14

Federal Rule of Civil Procedure 12(b)(6) ...................................................................6

15

Federal Rule of Civil Procedure 12(g) ..................................................................1, 11

16

Federal Rule of Civil Procedure 15(c)(1)(B) .......................................................18, 20

17

Federal Rule of Civil Procedure 84 ..........................................................................16

18

Federal Rule of Cvil Procedure 8(a)(2) ......................................................................6

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

This is a civil rights wrongful death/survival action arising from the denial of appropriate medical care and treatment to and use of excessive force against Martin Harrison, a 50-year-old detainee in the Santa Rita Jail who was suffering from severe, untreated alcohol withdrawal.

Plaintiffs initially brought this action against Alameda County, Sheriff Ahern, and the ten deputies involved in the brutal beating of Mr. Harrison.  After some discovery, Plaintiffs successfully moved to file an amended complaint adding as Defendants Corizon, Inc., the company responsible for providing medical care to inmates, Corizon Medical Director Dr. Harold Orr, and Corizon Nurse Zelda Sancho, as well as a County social worker, Megan Hast.  Doc. 45.

Defendants Corizon and Dr. Orr moved to dismiss portions of Plaintiffs Second Amended Complaint on December 18, 2012.  Doc. No. 50.  Hearing on this motion was continued to March 7, 2013, and the deadlines to file responsive and reply briefs were also continued by agreement of the parties.  Doc. Nos. 51, 53.  Plaintiffs timely filed a response in opposition.  Doc. Nos. 60, 61.  Defendants did not file a reply brief.

The Court's Reassignment Order vacated the March 7 hearing date on Defendants' motion and required Defendants to re-notice it.  Doc. No. 62.  Rather than re-noticing the hearing on Defendants' first motion to dismiss, Defendants Corizon, Dr. Orr, and Nurse Sancho ("Corizon Defendants") filed this second motion to dismiss.  Plaintiffs oppose Defendants' motion except as it relates to their claim against Corizon under California Government Code § 845.6.

Plaintiffs also object to Defendants' second motion to dismiss to the extent that it seeks to dismiss Plaintiffs' claims on new grounds not previously raised in their previous motion.  *Dorger v. City of Napa*, 2012 U.S. Dist. LEXIS 124551, at *17-18 (N.D. Cal. Aug. 31, 2012) (*citing* Fed. R. Civ. P. 12(g) and *Fed. Agr. Mortg. Corp. v. It's A Jungle Out There, Inc.*, 2005 U.S. Dist. LEXIS

40456, at *5 (N.D. Cal. Dec. 7, 2005)) (finding that it was "procedurally incorrect" for defendants to move to dismiss a claim on new grounds that were available to them but omitted from their earlier motion).

## II.    STATEMENT OF THE FACTS

The Corizon Defendants' motion to dismiss is based on their claim that the Second Amended Complaint ("SAC") does not set forth sufficient facts to place them on fair notice of the basis for the claims; however, these Defendants have avoided stating the facts and circumstances actually pled in the SAC.

Martin Harrison ("Decedent") came to be in Alameda County's Santa Rita Jail following an arrest on August 13, 2010 on a warrant for a failure to appear. Docket No. 46, SAC ¶ 26. Alameda County contracts with Corizon Health, Inc. to provide medical and nursing care to inmates in its jails. SAC ¶ 15. Corizon and its medical director, Harold Orr, M.D., are responsible for making and enforcing policies, procedures, and training concerning such care, including assessing inmates for possible alcohol withdrawal, safe detoxification of alcohol-dependent inmates, preventing alcohol withdrawal, and handling inmates who are experiencing alcohol withdrawal. SAC ¶¶ 15-16. Dr. Orr is responsible for overseeing and providing medical care to inmates and is ultimately responsible for Corizon's provision of medical care, including prevention and treatment of alcohol withdrawal. SAC ¶ 16.

On admission to the jail, Decedent informed intake nurse Zelda Sancho that he drank alcohol every day, his last drink was that day, and he had a history of alcohol withdrawal. SAC ¶ 27. On information and belief, Defendant Sancho noted in medical abbreviation "with history of alcohol withdrawal" and "CIWA." SAC ¶¶ 27-28. CIWA stands for Clinical Institute Withdrawal Assessment, the standard assessment for identifying people at risk for severe alcohol withdrawal and providing a treatment protocol to safely detoxify them. SAC ¶ 27.

Though the nursing assessment note indicates that Decedent was placed on a CIWA protocol, no medical or nursing staff ever followed through with that protocol.  SAC ¶ 28. Defendants did not complete a CIWA screening questionnaire, as required by the County's and/or Corizon's policies, procedures, and training.  *Id.*

Defendants' assertion that "following further assessment and questioning of Mr. Harrison, Ms. Sancho concluded withdrawal monitoring was not indicated and thus crossed out what she had noted about withdrawal history and monitoring," (Doc. No. 50, p. 4), is not alleged in the Second Amended Complaint and also has no support in the record.  In ruling on Defendants' motion, the Court should not consider such material outside the complaint.  *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

Though Plaintiffs refer to the nursing assessment note in the SAC (*see* ¶¶ 27-28), Plaintiffs have not had an opportunity to inspect the original document or depose Defendant Sancho, her supervisor, or Dr. Orr.  Therefore, Plaintiffs have not been able to ascertain who crossed out the notations concerning Decedent's history of alcohol withdrawal and monitoring, when these notations were crossed out, or why these notations were crossed out.  At this stage, any ambiguity in the document must be resolved in Plaintiffs' favor.  *Internat'l Audiotext Network, Inc. v. AT&T Co.*, 62 F.3d 69, 72 (2d Cir. 1995).  Further, nothing in the document indicates that Ms. Sancho (or anyone else, for that matter) ever conducted "further assessment and questioning" of Mr. Harrison, as Defendants now claim.

To the contrary, Plaintiffs allege that Defendants failed to provide Decedent with any follow-up examination, blood or laboratory tests, medication, or any treatment whatsoever for his alcohol withdrawal.  SAC ¶ 28.  No physician ever saw Decedent, and no medical personnel ever performed a follow-up examination.  *Id.*  Decedent issued a "sick call" slip requesting medical care

on August 15, 2010, but Defendants did not respond to that request until two days later, after Defendant deputies had severely beaten and Tased him.  SAC ¶ 29.

By the early morning of August 16, 2010, Decedent was displaying obvious signs of severe alcohol withdrawal, a life-threatening medical emergency also known as Delirium Tremens.  SAC ¶ 30.  Alameda County Policy 13.01 on medical and health care services required all staff "to respond to health-related situations in four minutes."  SAC ¶ 33.  Contrary to this policy, no medical or corrections staff timely responded to Decedent's medical emergency.  *Id.*

Defendant Deputy Ahlf placed Decedent in an isolation cell, where he languished for twelve hours before another deputy requested a mental health evaluation.  SAC ¶¶ 30-31.  Associate social worker Defendant Megan Hast received Ahlf's request, saw the CIWA notation in Decedent's chart, and recognized that his symptoms were consistent with severe alcohol withdrawal, but she waited an hour to attempt to see him.  SAC ¶¶ 32, 34.  There was no deputy present when Hast arrived at Decedent's cell, so Hast left without ever speaking with him.  SAC ¶ 34.

Hast spoke with Ahlf about an hour later, and Ahlf described Decedent's symptoms, which Hast again recognized as being consistent with severe alcohol withdrawal.  SAC ¶ 35.  Nevertheless, Hast did not evaluate Decedent, call a physician or nurse, tell Ahlf to summon any help, or inform Ahlf that Decedent may be suffering from a life-threatening medical emergency.  *Id.*

Shortly after Ahlf and Hast's conversation, Decedent broke a food tray, blocked his toilet, and made a mess of his cell.  SAC ¶ 37.  Ahlf responded to the cell alone and entered with a Taser in one hand and handcuffs in the other.  SAC ¶ 38.  Ahlf claims that Decedent "tensed" during handcuffing, so he pushed Decedent.  SAC ¶¶ 38-39.  According to Ahlf, Decedent then turned and started walking slowly toward him, so he Tased Decedent for ten seconds.  SAC ¶ 39.  Decedent then ran for the door, slipped and fell, and Ahlf pounced on top of him.  *Id.*  Ahlf and the nine other Defendant deputies severely beat and Tased Decedent.  SAC ¶ 40.

After the beating, Defendants transferred Decedent, who was suffering from anoxic brain damage after cardiac arrest, to the jail infirmary and then to Valley Care Medical Center.  SAC ¶ 49. Decedent suffered severe acidosis, several more cardiac arrests, and respiratory failure.  *Id.*  He died on August 18, 2010.  *Id.*

Plaintiffs have alleged that Defendants Sancho, Hast, and Does knew or must have known that Decedent was chemically dependent on alcohol with serious medical needs, including the risk of severe alcohol withdrawal with psychiatric impairments, and Defendants were deliberately indifferent to these serious medical needs.  SAC ¶ 36.  Further, these Defendants knew or must have known that if not treated, Decedent's serious medical condition would worsen, causing him harm or death.  *Id.*  Despite this knowledge, these Defendants, through their deliberate indifference, subjected or allowed others to subject Decedent to delay and denial of access to medical care, failed to provide competent care, failed to place him on appropriate alcohol withdrawal protocol, and failed to take him to the hospital for his life-threatening medical emergency.  *Id.*  These actions and omissions were contrary to generally accepted, reasonable jail and medical procedures and standards, did not comport with the appropriate standard of care, and contributed to Mr. Harrison's wrongful death.  SAC ¶ 45.

Plaintiffs have further alleged that Defendant Orr was ultimately responsible for Corizon's provision of medical care to inmates, specifically including assessment and treatment related to alcohol withdrawal, as well as all related Corizon policies, procedures, and training.  SAC ¶ 16.  Mr. Harrison's death was the proximate result of Corizon's and Dr. Orr's failure to reasonably train their medical staff in the care of alcohol-addicted, mentally ill, and/or emotionally disturbed inmates, failure to implement and enforce generally accepted, lawful policies and procedures, and deliberate indifference to serious medical needs.  SAC ¶ 56.  These failures reflect Corizon's policies implicitly ratifying and/or authorizing its staff's deliberate indifference, as well as the

failure to reasonably train, instruct, monitor, supervise, investigate, and discipline its staff in the handling of alcohol-addicted, mentally ill, and/or emotionally disturbed inmates. *Id.*

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim are "viewed with disfavor" and "rarely granted." *Gilligan v. Jamco Develop. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. This issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236 (1974). *See also, Gilligan*, 108 F.3d at 249. "[I]f the court concludes that dismissal under Rule 12(b)(6) is warranted, the court should not dismiss the complaint 'unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Walsh v. Tehachapi Unified Sch. Dist.*, 2011 U.S. Dist. LEXIS 125175, at *8 (E.D. Cal. Oct. 27, 2011) (*citing Cook, Perkiss & Liehe, Inc. v. Northern Calif. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

"In addressing a dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief." *Rios v. City of Bakersfield*, 2011 U.S. Dist. LEXIS 131529, at *4 (E.D. Cal. Nov. 15, 2011) (*citing Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996)).

To survive a 12(b)(6) motion, a complaint must satisfy the general notice pleading requirements of Federal Rule of Civil Procedure 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule reflects a simplified and lenient pleading system that "was adopted to focus litigation on the merits of a claim" rather than on technicalities that could keep litigants out of court. *Swierkiewicz v. Sorema*,

1   *N.A.*, 534 U.S. 506, 513-14 (2002) ("*Rule 8(a)*'s simplified pleading standard applies to all civil

2   actions, with limited exceptions").  *See also, Leatherman v. Tarrant County Narcotics Intelligence*

3   *and Coordination Unit*, 507 U.S. 163, 168-69 (1993) (no heightened pleading standard for

4   municipal liability claims; subjecting them to an added specificity requirement must be done by

5   amending the Federal Rules, not by judicial interpretation).

6

7          The Ninth Circuit has "emphasized that the rule of liberal construction is 'particularly

8   important in civil rights cases.'"  *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000)

9   (*citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).  *See also, Lillard v. Shelby County*

10  *Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (motions to dismiss civil rights complaints should be

11  "scrutinized with special care").

12

13         The Supreme Court addressed the pleading standard under Rule 8(a) in several recent cases.

14  In *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), the Court held that "a complaint attacked by

15  a *Rule 12(b)(6)* motion to dismiss does not need detailed factual allegations."  The factual

16  allegations must only "be enough to raise a right to relief above the speculative level."  *Id.* (citations

17  omitted).  The *Twombly* Court explicitly noted that it was not imposing a probability requirement on

18  plaintiffs at the pleading stage.  *Id.*  Rather, the claims must be "plausible," which "simply calls for

19  enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the

20  allegations.  *Id.*  The Court explained:  "[W]e do not require heightened fact pleading of specifics,

21  but only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "[A] well-

22  pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged

23  is improbable, and that a recovery is very remote and unlikely."  *Id.* at 556 (quotations omitted).

24         Two weeks after deciding *Twombly*, the Court issued *Erickson v. Pardus*, 551 U.S. 89, 93

25  (2007) (*per curiam*), and put to rest any question that *Twombly* overruled Rule 8(a)'s general

26  notice-pleading scheme:

27

28

1
2
3

> *Federal Rule of Civil Procedure 8(a)(2)* requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

4    *Id.* at 93 (*citing Twombly,* 550 U.S. at 555) (internal quotations omitted). *See also, Cormier v. All*

5    *American Asphalt*, 458 Fed. Appx. 620, 621 (9th Cir. 2011) ("*Swierkiewicz* is still good law after

6    *Twombly* and *Iqbal*. This is supported by the language of *Twombly*, which rejected the argument

7    that its analysis 'runs counter to *Swierkiewicz*.' *Twombly, 550 U.S. at 569-70.*").

8

9        Read together, *Twombly* and *Erickson* mean "that at some point the factual detail in a

10   complaint may be so sketchy that the complaint does not provide the type of notice of the claim to

11   which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility*

12   *LLC*, 499 F.3d 663, 667 (7th Cir. 2007). *See also, In re Flash Memory Antitrust Litig.*, 643 F. Supp.

13   2d 1133, 1141, n.5 (N.D. Cal. 2009).

14

15       This is still the case after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the Supreme

16   Court granted a motion to dismiss where some allegations were "bare assertions" not entitled to the

17   presumption of truth and the remaining allegations did not plausibly suggest an entitlement to relief.

18   The Court held: "A claim has facial plausibility when the plaintiff pleads factual content that

19   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

20   alleged." *Id.* at 1949 (*citing Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a

21   probability requirement, but it asks for more than a sheer possibility that a defendant has acted

22   unlawfully." *Id.* (quotations omitted).

23

24       In *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), the Ninth Circuit noted two principles

25   common to *Swierkiewicz*, *Erickson*, *Twombly* and *Iqbal*:

26

27   > First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair

28

1
2

to require the opposing party to be subjected to the expense of discovery and
continued litigation.

3

The Court went on to explain *Twombly* and *Iqbal's*, "plausibility" requirement as follows:

4
5
6
7
8

If there are two alternative explanations, one advanced by defendant and the other
advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a
motion to dismiss under *Rule 12(b)(6)*.  Plaintiff's complaint may be dismissed only
when defendant's plausible alternative explanation is so convincing that plaintiff's
explanation is *implausible*.  The standard at this stage of the litigation is not that
plaintiff's explanation must be true or even probable.  The factual allegations of the
complaint need only "plausibly suggest an entitlement to relief."

9

*Id.* at 1216-17 (*citing Iqbal*, 129 S. Ct. at 1951) (emphasis in original).

10
11
12
13
14

More recently, the *en banc* Ninth Circuit explained:  "*Iqbal* demands more of plaintiffs than
bare notice pleading, *see Iqbal, 556 U.S. at 677-78; Twombly, 550 U.S. at 562-63,* but it does not
require us to flyspeck complaints looking for any gap in the facts."  *Lacey v. Maricopa County
(Arpaio)*, 693 F.3d 896, 924 (9th Cir. 2012) (*en banc*).

15
16
17
18
19
20

*Twombly* and *Iqbal* did not change the fundamental tenet that the Court should draw all
reasonable inferences from the facts alleged in the plaintiff's favor.  *Barker v. Riverside County
Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009).  When the allegations are capable of multiple
inferences, the court must adopt whichever plausible inference supports a valid claim.  *Starr*, 652
F.3d at 1216.

21
22
23
24
25
26
27
28

Additionally, as the *Swierkiewicz* Court noted, "These requirements are exemplified by the
Federal Rules of Civil Procedure Forms, which 'are sufficient under the rules and are intended to
indicate the simplicity and brevity of statement which the rules contemplate.' *Fed. Rule Civ. Proc.
84*." 534 U.S. at 513, n. 4.  "For example, Form 9 sets forth a complaint for negligence in which
plaintiff simply states in relevant part: 'On June 1, 1936, in a public highway called Boylston Street
in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was
then crossing said highway.'" *Id.*

Courts are required to follow Rule 84 and the Forms as long as Congress has declined to amend them.  *See Leatherman*, 507 U.S. at 168 (changes to the Federal Rules "must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.").  Post-*Iqbal* district courts continue to endorse pleading consistent with Rule 84 and the Forms.  *See, e.g., Ziptronix Inc. v. Omnivision Tech., Inc.*, 2011 U.S. Dist. LEXIS 129275, at *9 (N.D. Cal. Nov. 8, 2011); *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156, 1159 (C.D. Cal. 2010); *Baldain v. Am. Home Mortg. Servicing, Inc.*, 2010 U.S. Dist. LEXIS 5671, at *37 (E.D. Cal. Jan. 5, 2010); *Elan Microelectronics Corp. v. Apple, Inc.*, 2009 U.S. Dist. LEXIS 83715, at *6-7 (N.D. Cal. Sept. 14, 2009).

## IV.     LEGAL ARGUMENT

### A.     Plaintiffs Properly State a Cause of Action for Violation of the Bane Act, California Civil Code § 52.1.

Defendants initially moved to dismiss Plaintiffs' claim under the Bane Act, California Civil Code § 52.1 on the ground that "Plaintiffs' Second Amended Complaint contains no allegations that the Corizon defendants interfered with their rights through 'violence or intimidation by threat of violence.'"  Doc. No. 50, p. 6.  Defendants have abandoned that argument in their current motion. [1]

Defendants now make the conclusory argument that Plaintiffs do not allege that the Corizon Defendants or other Corizon employees interfered with the late Mr. Harrison's rights by "threats, intimidation, or coercion."  Doc. No. 63, p. 4.  However, "[i]t is procedurally incorrect for Defendants to move to dismiss this claim on new grounds now."  *Dorger*, 2012 U.S. Dist. LEXIS

---

[1] The California Legislature, California courts, Ninth Circuit, and several district courts have all made clear that § 52.1 has no requirement to show "violence or threat of violence."  *See, e.g., Moreno v. Town of Los Gatos*, 267 Fed. Appx. 665, 666 (9th Cir. 2008) ("district court erred in holding that a valid section 52.1 claim requires a plaintiff to allege violence or threats of violence); *Bates v. Arata*, 2008 U.S. Dist. LEXIS 23910, at *79 (N.D. Cal. March 26, 2008) (CACI instruction is incorrect to the extent it requires violence or threat of violence).  *See also,* Plaintiffs' Response in Opposition to Defendants Dr. Orr and Corizon Health, Inc.'s Motion to Dismiss, Doc. No. 60, pp. 9-10.

124551, at *17-18 (*citing* Fed. R. Civ. P. 12(g) ("Except as provided in *Rule 12(h)(2)* or *(3)*, a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.")).

Defendants' argument must also fail because Plaintiffs properly state a cause of action for violation of the Bane Act.  Notably, Defendants do not cite to any cases in support of their bald assertion that Plaintiffs do not sufficiently state a § 52.1 claim, nor do they address any of Plaintiffs' allegations as set forth above.

California Civil Code § 52.1 (b) provides a private right of action for damages against any person who "interferes…," or "attempts to interfere by threats, intimidation, or coercion," with the exercise or enjoyment of rights under California or federal law.  Section 52.1 simply requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998).  The burden to show "threats, intimidation, or coercion" is not onerous, and Plaintiffs have sufficiently pled those here.  *See* SAC ¶¶ 27-36, 45 54, 57, 72-74.

The California Supreme Court has made clear that the requirement to show "threats, intimidation, or coercion" is not burdensome where defendants directly violate a person's rights. *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 850-51 (2004) (Baxter, J., concurring) ("[I]t should not prove difficult to frame many, if not most, asserted violations of any state or federal statutory or constitutional right, including mere technical statutory violations, as incorporating a threatening, coercive, or intimidating verbal or written component.").  In *Venegas*, the plaintiffs alleged that officers subjected them to a detention or arrest and a search of their home without any use of force, threat of violence, or evidence of malicious intent.  *Id.* at 827-28.  Without further discussion, the Court found that the plaintiffs stated a cause of action under § 52.1 where they alleged that police subjected them to a wrongful search and seizure:

[S]ection 52.1 provides remedies for "certain misconduct that interferes with" federal or state laws, if accompanied by threats, intimidation, or coercion, and whether or not state action is involved. (*Jones, supra*, at p. 338.) Plaintiffs have alleged such misconduct here.

*Id.* at 843.

Following the California Supreme Court in *Venegas*, the Northern District has found the requisite "threats, intimidation, or coercion" present where the plaintiff, a prisoner, simply alleged:

On or about October 8, Espino personally denied Mr. Baker his prescribed medication.  On or about October 9, after returning to his cell from a probation interview, Mr. Baker asked Defendant Espino for his medication; Defendant Espino responded to the effect of "no, you missed it."

*Baker v. County of Sonoma*, 2009 U.S. Dist. LEXIS 14831, at *11-12 (N.D. Cal. Feb. 10, 2009).  A motion to dismiss a prisoner's § 52.1 claim has also been denied where the claim relied on properly alleged Eighth Amendment violations for correctional staff's denial of outdoor exercise and reading materials.  *Parra v. Hernandez*, 2009 U.S. Dist. LEXIS 106092, at *9-10  (S.D. Cal. Nov. 13, 2009).  Thus, allegations that prison officials violated a plaintiff's constitutional rights under the Fourteenth and Eighth Amendments can be sufficient to state a claim for violation of the Bane Act.

In addition, numerous state and federal courts have found "threats, intimidation, or coercion" where the plaintiff simply alleges a claim against a peace officer for **any exercise of law enforcement authority**: *Kincaid v. City of Fresno*, 2008 U.S. Dist. LEXIS 38532, at *40-42 (E.D. Cal. May 12, 2008); *Warner v. County of San Diego*, 2011 U.S. Dist. LEXIS 14312, at *15-16 (S.D. Cal. Feb. 14, 2011); **or use of force**: *Haynes v. City and County of San Francisco*, 2010 U.S. Dist. LEXIS 76829, at *18 (N.D. Cal. July 28, 2010); *Campos v. City of Merced*, 709 F. Supp. 2d 944 (E.D. Cal. 2010); *Love v. Salinas*, 2011 U.S. Dist. LEXIS 71196, at *18 (E.D. Cal. July 1, 2011); *Nelson v. City of Davis*, 709 F. Supp. 2d 978, 993 (E.D. Cal. 2010); *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1168 (N.D. Cal. 2009); *Corser v. County of Merced*, 2009 U.S. Dist. LEXIS 69053, at *73 (E.D. Cal. Jan. 26, 2009); *Madrid v. City of Fresno*, 2011 U.S. Dist. LEXIS 17872, at

*61-62 (E.D. Cal. Feb. 23, 2011); **or wrongful arrest**: *Gillian v. City of San Marino*, 147 Cal. App. 4th 1033, 1044, 1053 (2007); *Moreno*, 267 Fed. Appx. at 666; *Ohlsen v. County of San Joaquin*, 2008 U.S. Dist. LEXIS 44566, at *12-13 (E.D. Cal. June 4, 2008); *Butler v. City of Sacramento*, 2007 U.S. Dist. LEXIS 60006, at *7 (E.D. Cal. Aug. 7, 2007); *Jones v. City and County of San Francisco*, 2008 U.S. Dist. LEXIS 120075, at *6-7 (N.D. Cal. April 23, 2008); *Cole v. Doe*, 387 F. Supp. 2d 1084, 1103 (N.D. Cal. 2005).

In the present case, the Corizon Defendants' "threatening, intimidating, or coercive" acts flow from their total denial of medical care to Mr. Harrison – while precluding him from seeking his own care – despite their knowledge that he was chemically dependent on alcohol and at risk for severe, life-threatening alcohol withdrawal with psychiatric impairments, which is a serious medical need. *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 457 (5th Cir. 2001). *See also, Harper v. Lawrence County*, 592 F.3d 1227, 1235-37 (11th Cir. 2010) (denying qualified immunity for individual and supervisory defendants where decedent did not receive any medical care for his severe alcohol withdrawal); *Lancaster v. Monroe County*, 116 F.3d 1419, 1425 (11th Cir. 1997) ("a jail official who is aware of but ignores the dangers of acute alcohol withdrawal and waits for a manifest emergency before obtaining medical care is deliberately indifferent") (*overruled on other grounds by LeFrere v. Quezada*, 588 F.3d 1317 (11th Cir. 2009)). *Liscio v. Warren*, 901 F.2d 274, 276-77 (2d Cir. 1990) (doctor failed to inquire into cause of arrestee's delirium and failed to diagnose alcohol withdrawal).

Throughout all material times at issue here, Defendants deprived Mr. Harrison of liberty, holding him in inherently coercive jail conditions. By the early morning hours of August 16, 2010, after Decedent had languished in jail for nearly three days without alcohol and without any medical care whatsoever, he began displaying obvious signs of Delirium Tremens. SAC ¶¶ 28, 30. Despite this life-threatening medical emergency, no Corizon personnel ever even attempted to provide

Decedent any medical attention until August 17,  well after the Defendant deputies had severely

beaten and Tased him.  SAC ¶ 29.  Defendants' complete denial of medical care, even after they

knew Decedent was at a serious risk for withdrawal, caused him to become gravely ill and to

experience psychiatric impairments, ultimately contributing to his wrongful death.  SAC ¶¶ 30-32.

All of the cases cited above support a strong inference of coercion from these facts.  If a

mere law enforcement stop can satisfy the requirement that a violation of rights be accompanied by

"threats, intimidation, or coercion," then surely incarceration in a county jail with deliberate

indifference to the detainee's serious medical needs, including a life-threatening medical

emergency, would also suffice.  Indeed, Plaintiffs' allegations describe far more egregious conduct

than the allegation that a jail official simply denied a prisoner his pain medication, which Judge

Laporte determined was sufficient to state a cognizable § 52.1 claim.  *Baker*, 2009 U.S. Dist.

LEXIS 14831, at *12.  Defendants' motion to dismiss this claim should be denied.

**B.**      **Plaintiffs Do Not Oppose Defendants' Motion as to the Claim Against Corizon Under California Government Code § 845.6.**

Plaintiffs do not oppose Defendants' motion as to the claim against Corizon under California

Government Code § 845.6.

**C.**      **Plaintiffs' Negligence Claim Is Timely and Sufficiently Pled.**

**1.**      **Plaintiffs Assert a Claim Against the Corizon Defendants for General Negligence, Not Medical Malpractice.**

Defendants misconstrue Plaintiffs' Fourth Cause of Action for Negligence as a claim for

medical malpractice and argue that this claim is barred by California's one-year statute of

limitations for medical negligence.  Doc. No. 60, pp. 4-5.  Judge Wilken has already addressed and

1   denied this argument.  In determining that Plaintiffs' Second Amended Complaint would not be

2   futile[2] and granting Plaintiffs leave to file it, the Court held:

3

4           Defendants' final futility argument is that Plaintiffs' proposed 2AC implicitly
        asserts a medical malpractice that is barred by California's statute of limitations.
        This argument plainly mischaracterizes the proposed 2AC.  **Plaintiffs do not assert**

5       **any medical malpractice claims here nor do they seek leave to add any.  The**
        **statute of limitations for medical malpractice claims is therefore irrelevant.**

6

7   Doc. No. 45, Order Granting Plaintiffs' Motion for Leave to File a Second Amended Complaint, p.

8   10, n.4 (emphasis added).  Defendants argument that the limitations period under California Code of

9   Civil Procedure § 340.5 is inapt.

10

11       Plaintiffs do not assert any claims related to the negligent provision of medical care to

12  Decedent; rather, the thrust of Plaintiffs' general negligence claims is that Decedent received no

13  medical attention at all.  Paragraph 78 of the SAC lists the specific duties owed to Decedent by all

14  Defendants, including, among others, the duty to provide or cause to be provided prompt and

15  appropriate medical care; to summon necessary and appropriate medical care; to refrain from

16
17  unreasonably creating danger or increasing Decedent's risk of harm; to refrain from abusing their

18  authority; and to refrain from violating Plaintiffs' constitutional rights.

19       Paragraph 79 of the Second Amended Complaints sets forth additional duties owed to

20  Decedent by Defendants County, Sheriff Ahern, Corizon, and Dr. Orr, including the duties to

21
22  properly and reasonably hire, supervise, train, retain, investigate, monitor, evaluate, and discipline

23  their employees; ensure that their employees and agents act at all times in the public interest and

24  conformance with the law; institute and enforce proper procedures and training for prevention and

25  treatment of severe alcohol withdrawal, and coordinate inmate assessment, placement, CIWA

26

27

28

_____

[2] The test for determining whether a proposed amendment would be futile is "identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)."  *Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988).

1    decisions, and care with medical, mental health, and corrections staff; and to refrain from making,

2    enforcing, and/or tolerating the wrongful policies and customs set forth at paragraph 66 of the SAC.

3            Thus, Plaintiffs' Fourth Cause of Action is simply a claim for general negligence brought as

4    a survival claim (by Decedent's Successors in Interest pursuant to California Code of Civil

5    Procedure §§ 377.20 and 377.30) and a wrongful death claim (by Decedent's children pursuant to

6    California Code of Civil Procedure § 377.60).  "In any action for wrongful death resulting from

7    negligence, the complaint must contain allegations as to all the elements of actionable negligence.

8    *Jacoves v. United Merchandising Corp.*, 9 Cal. App. 4th 88, 105 (1992).  "Negligence involves the

9    violation of a legal duty  . . .  by the defendant to the person injured, e.g., the deceased in a wrongful

10   death action."  *Id.*

11
12           As the *Swierkiewicz* Court noted, the Federal Rules of Civil Procedure Forms set forth a

13   sufficient complaint for negligence.  534 U.S. at 513, n.4 (*citing* Fed. R. Civ. P. 84).  Form 11, the

14   Complaint for Negligence, simply states:  "On *date*, at *place*, the defendant negligently drove a

15   motor vehicle against the plaintiff.  As a result, the plaintiff was physically injured, lost wages or

16   income, suffered physical and mental pain, and incurred medical expenses of $ ___."  Plaintiffs'

17   Second Amended Complaint far surpasses that form, and Defendants' motion to dismiss Plaintiffs'

18   general negligence cause of action should be denied.

19
20           **2.      Plaintiffs' Negligence Claims Satisfy the Liberal Requirements for Relation
                        Back Under California Law and the Federal Rules of Civil Procedure.**

21
22           Defendants argue – for the first time in this second motion to dismiss – that the four adult

23   Plaintiffs' general negligence claims are untimely because they are governed by the statute of

24   limitations for medical malpractice claims and because Plaintiffs first named the Corizon

25   Defendants in their SAC, brought more than two years after their father's death.  Doc. No. 63, p. 5.

26   As set forth above, Defendants are incorrect in their assertion that the medical malpractice statute

27   applies to general negligence claims.  To the contrary, such claims must be brought within two

28

years.  Cal. Code Civ. Proc. § 335.1.  Further, in granting Plaintiffs' motion to file the SAC, Judge Wilken has already determined that though the SAC would be filed more than two years after Defendants killed Mr. Harrison, California' relation-back rules applied and saved Plaintiffs' claims from the statute of limitations.  Doc. No. 45, pp. 9-10.

The Ninth Circuit has held that California relation back provisions "constitute a substantive state policy that is applicable in federal civil rights actions." *Merritt v. County of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989) (*citing Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir. 1988) (applying state relation back provisions to § 1983 action)).  *See also*, *Mishler v. Nevada State Bd. of Medical Examiners*, 1996 U.S. App. LEXIS 20590, at *5 (9th Cir. Aug. 15, 1996) ("*state* relation-back rules and not Fed. R. Civ. P. 15 govern § 1983 suits.") (emphasis in original).

Specifically, California Code of Civil Procedure § 474 provides for "Doe" pleading of unknown defendants, and that once a complaint is amended to identify a Doe defendant, it will relate back to the original complaint.  This provision for pleading of Doe defendants must be applied in a federal civil rights action.  *Merritt*, 875 F.3d at 768.  Also, "[u]nder California relation back rules, there is no notice-to-defendants requirement as in the federal rule."  *Id.*  Thus, the amended complaint relates back for statute of limitations purposes to the date the original complaint was filed, even if the newly identified defendant had no prior notice of the lawsuit.  *Id.*

Section 474 applies not only when plaintiffs are ignorant of a later-added defendant's identity, but also when they are ignorant of the facts rendering the defendant liable. *McOwen v. Grossman*, 153 Cal. App. 4th 937, 942 (2007).  Section 474 must be construed liberally in order to serve California's "strong policy in favor of litigating cases on their merits."  *Barrows v. Am. Motors Corp.*, 144 Cal. App. 3d 1, 7 (1983).  *See also*, *General Motors Corp. v. Super. Ct.*, 48 Cal. App. 4th 580, 593 (1996).

Under California law:  "An amended complaint relates back to the original complaint, and thus avoids the statute of limitations as a bar against named parties substituted for fictitious defendants, if it: (1) rests on the same general set of facts as the original complaint; and (2) refers to the same accident and same injuries as the original complaint."  *Barrington v. A.H. Robbins Co.*, 39 Cal. 3d 146, 150 (1985).  As long as the amended complaint is based on the same operative facts as the original complaint, it may include a new theory of liability and new damages.  *Amaral v. Cintas Corp.*, 163 Cal. App. 4th 1157, 1199-1200 (2008) ("it is the sameness of the facts rather than the rights or obligations arising from those facts that is determinative") (citation omitted).

The same is true under Federal Rule of Civil Procedure 15(c)(1)(B), which allows for relation back where the new claim arises "out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."  *See also, Martell v. Trilogy, Ltd.*, 872 F.2d 322, 327 (9th Cir. 1989) (even a new theory of liability will relate back where the original and amended complaints "share a common core of operative facts sufficient to impart fair notice of the transaction, occurrence, or conduct called into question").

In *Grudt v. City of Los Angeles*, 2 Cal. 3d 575, 581-85 (1970), the widow of a man shot and killed by police sued the police and city for wrongful death in her original complaint.  The California Supreme Court determined that her amended complaint, which added a cause of action against the city for negligently continuing to employ officers with known propensities for violence, related back to the date of the original complaint because both pleadings referred to the same accident (shooting) and the same injury (the husband's death).  *Id.*

As in *Grudt*, Plaintiffs' original complaint, First Amended Complaint, and Second Amended Complaint refer to the same incidents (Defendants' denial of reasonable and necessary medical care for Decedent's serious medical needs and their use of excessive force against him) and the same injury (Decedent's loss of life).  These incidents and injuries rest on the same general set of facts.

Only after an opportunity to complete some discovery were Plaintiffs able to plead the facts in greater detail. *See Barnes v. Wilson*, 40 Cal. App. 3d 199, 205 (1974) (plaintiff's addition in amended pleading of "an incidental fact reasonably inferable from the facts alleged in the original complaint" did not defeat relation back).

At the time Plaintiff M.H. filed the original complaint (June 10, 2011) and all Plaintiffs filed their First Amended Complaint (September 20, 2011), they were ignorant of the extent and nature of the role and liability of the Corizon Defendants and Defendant Hast, who were all substituted for previously named Doe Defendants in the SAC.  "Under § 474, '[i]f the identity of the Doe defendant is known but, at the time of the filing of the complaint the plaintiff did not know facts that would cause a reasonable person to believe that liability is probable, the requirements of section 474 are met.'"  *Bolbol v. City of Daly City*, 2011 U.S. Dist. LEXIS 81228, at *11 (N.D. Cal. July 11, 2011) (*citing McOwen*, 153 Cal. App. 4th at 943).

Thus, the issue is not whether Plaintiffs knew that the proposed Defendants were generally involved; the issue is whether Plaintiffs had reason to believe that they were *probably* liable. *See id.* at *12 (*citing McOwen*, 153 Cal. App. 4th at 943-44 ("California case law indicates that actual knowledge is the relevant standard, not constructive knowledge.")).  While Plaintiffs were generally aware of Corizon, Dr. Orr, and Nurse Sancho's identities earlier in this litigation based on the Decedent's jail records, Plaintiffs could not ascertain whether these Defendants were probably liable until after they were able to complete some discovery.  Judge Wilken has already addressed this very issue with respect to Defendant Hast and determined that substitution of Ms. Hast for a previously named Doe in the SAC was proper because Plaintiffs only obtained sufficient information concerning her probable liability after some discovery was completed, in July 2012. Doc. No. 45, pp. 6-7.

1   Plaintiffs have been proceeding on their negligence claims all along.  Doc. No. 1, ¶¶ 39-43;

2   Doc. No. 16, ¶¶ 53-59.  In filing the Second Amended Complaint, Plaintiffs merely substituted the

3   Corizon Defendants and Defendant Hast for previously named Does and pled facts concerning

4   Defendants' denial of medical care with more specificity after new information came to light during

5   discovery.  The SAC is based on the same set of operative facts as the original and First Amended

6   Complaints and refers to the same injuries, only it includes more detail about these Defendants'

7   involvement.  Plaintiffs have satisfied the liberal requirements for relation back under California

8   law and Federal Rule of Civil Procedure 15(c)(1)(B), and Defendants' motion to dismiss Plaintiffs'

9   general negligence claim as untimely should be denied.

10

11

12   **D.    Plaintiffs' § 1983 Deliberate Indifference Claims Against Corizon and Dr. Orr Are
         Sufficiently Pled.**

13

14       Defendants challenge Plaintiffs' § 1983 deliberate indifference claims against Corizon and

15   its medical director Dr. Orr on the ground that Plaintiffs did not plead sufficient factual allegations.

16   Defendants do not challenge the legal basis of Plaintiffs' claims against these Defendants, nor do

17   they challenge Plaintiffs' § 1983 claims against Nurse Sancho.

18       The Ninth Circuit has repeatedly explained the legal basis and roadmap for proving

19   deliberate indifference claims against supervisors and municipalities.  *See, e.g., Gibson v. County of*

20   *Washoe*, 290 F.3d 1175, 1185-88 (9th Cir. 2002).  The Court summarized the requirements for such

21   claims in *Conn v. City of Reno*, 591 F.3d 1081, 1091 (9th Cir. 2010):

22

23       When an individual is taken into custody and thereby deprived of her liberty, the
         officials who hold her against her will are constitutionally obligated to respond if a
24       serious medical need should arise.  If, with deliberate indifference, these officials fail
         to respond appropriately and instead act in a manner that will foreseeably result in
25       harm, they violate her due process rights.  The same is true when a municipality,
         with deliberate indifference, fails to train its law enforcement officers or fails to
26       adopt and implement policies when it is highly predictable that such inaction will
27       result in constitutional violations.

28

As set forth above at page 13, alcohol withdrawal and Delirium Tremens have long been recognized as serious medical needs.

The Ninth Circuit concluded in *Starr v. Baca, supra*, that a pleading of municipal liability: (1) "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) that the facts must "plausibly suggest an entitlement to relief."  652 F.3d at 1216 (*citing Twombly*, 550 U.S. 544, *Iqbal*, 556 U.S. 662).

A *Monell* claim for § 1983 liability "may be stated in one of three circumstances:  (1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government[3] policy of 'deliberate indifference' to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct."  *Dorger*, 2012 U.S. Dist. LEXIS 124551, at *7 (*citing Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010)).

The Ninth Circuit has "long permitted plaintiffs to hold supervisors individually liable in § 1983 suits when culpable action, or inaction, is directly attributed to them" and has "never required a plaintiff to allege that a supervisor was physically present when the injury occurred."  *Starr*, 652 F.3d at 1205.  A supervisor such as Dr. Orr may be liable in his individual capacity:

> . . . for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation . . .; or for conduct that showed a reckless or callous indifference of the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).  The requisite causal connection between the supervisor's wrongful conduct and the constitutional violation "can be shown by authorizing or approving practices that cause injury (see *Redman* [*v. County of San Diego*], 942 F.2d [1435,] 1447-48[(9th Cir. 1991)]; by inadequate training (see *Preschooler II v. Clark County School Bd. of Trustees, 479 F.3d 1175, 1183 [(9th Cir. 2007)])*; by acquiescence in longstanding policy (see *Los Angeles Police Protective League v. Gates, 907 F.2d 879, 894 (9th Cir. 1990))*; or by

---

[3] It is well established that deliberate indifference manifested by an independent contractor such as Dr. Orr in response to a prisoner's needs is state action for which liability can attach under § 1983.  *West v. Atkins*, 487 U.S. 42 (1988).

1    condoning actions of subordinates (see *Blankenhorn v. City of Orange, 485 F.3d*

2    *463, 485-86 (9th Cir. 2007)*).”

3    *George v. Sonoma County Sheriff's Dept.*, 2008 U.S. Dist. LEXIS 103665, at *18 (N.D. Cal. Dec.

     23, 2008).

4

5         Defendants fail to address all of Plaintiffs' actual allegations against Corizon and Dr. Orr.

6    With respect to official policies and customs, Plaintiffs allege that Defendants Corizon and Orr

7    failed to "implement and enforce generally accepted, lawful policies and procedures at the jail."

8    SAC ¶ 56.  Contrary to Defendants' assertion, Plaintiffs do set forth these Defendants' specific

9

10   official policies and customs as follows:

11        • To fail to institute proper procedures for prevention and treatment of severe
12          alcohol withdrawal, to coordinate inmate assessment, placement, CIWA
            decisions, and care with the jail physicians and nursing staff, jail mental
13          health staff, and jail corrections staff;

14        • To fail to institute, require, and enforce proper and adequate training,
15          supervision, policies, and procedures concerning handling alcohol addicted,
            mentally ill and/or emotionally disturbed inmates at the County Jail.
16
          • To deny inmates at the COUNTY's jail access to appropriate, competent, and
17            necessary care for serious medical and psychiatric needs;

18
     SAC ¶ 66(h)-(j).
19

20        Plaintiffs also allege that Defendants Corizon and Orr "failed to properly hire, train, instruct,

21   monitor, supervise, evaluate, investigate and discipline" Defendant Sancho and other Corizon

22   personnel "with deliberate indifference to Plaintiffs' constitutional rights."

23
          In addition, Plaintiffs allege that Dr. Orr is responsible for making and enforcing policies,
24
     procedures, and training related to the medical care of inmates, specifically including "assessing
25
26   inmates for possible alcohol withdrawal, safe detoxification of inmates who are alcohol dependent,

27   preventing alcohol withdrawal in inmates, and safely handling inmates who are experiencing

28   alcohol withdrawal."  SAC ¶ 15.  Further, Plaintiffs allege that Dr. Orr was ultimately responsible

for "overseeing and providing medical care to prisoners and detainees" and "was ultimately responsible for CORIZON'S provision of medical care to inmates," specifically including care related to alcohol dependency and withdrawal.  SAC ¶ 16.

Plaintiffs further allege that Defendant Orr approved, tolerated, and/or ratified the wrongful actions and omissions of Sancho, Does, and other Corizon employees.  SAC ¶ 68.  These actions and omissions include the failure to follow CIWA protocol and the failure to provide Decedent with any follow-up examination or treatment whatsoever after the nursing intake assessment revealed he was at a serious risk for alcohol withdrawal, after he began displaying the signs and symptoms of severe alcohol withdrawal, and after he submitted a "sick call" slip requesting medical attention.

In addition, Plaintiffs allege that Corizon's policymakers, including Dr. Orr, have direct knowledge of the fact that Mr. Harrison's death was unjustified and caused by Corizon's agents' or employees' deliberate indifference to his serious medical needs.  SAC ¶ 68.  Notwithstanding this knowledge, Corizon and Dr. Orr approved of Nurse Sancho's and Doe Defendants' conduct and decisions, made a deliberate choice to endorse such conduct and decisions and the basis for them, shown affirmative agreement with such conduct and decisions, and ratified the unconstitutional acts of these defendants.  *Id.*  Plaintiffs allege that all of Dr. Orr's actions and omissions described above were a moving force and/or proximate cause of the deprivations of Plaintiffs' constitutional rights, and Dr. Orr subjected Plaintiffs to this wrongful conduct knowingly, maliciously, and with conscious and reckless disregard for Plaintiffs' rights.  SAC ¶¶ 69-70.

Judges in the Northern District have denied motions to dismiss involving very similar allegations.  For instance, Judge James recently determined that comparable allegations against municipalities and their policymaking officials were sufficient to state a facially plausible claim for relief and denied the motion to dismiss.  *Frary v. County of Marin*, 2012 U.S. Dist. LEXIS 177517, at *25-27 (N.D. Cal. Dec. 13, 2012).  The plaintiffs stated valid claims against a police chief where

they alleged that he "failed to properly train, assign, supervise, and guide his staff to take the

necessary measures to ensure the health and safety of arrested persons" and that he "either

participated in or knew of his subordinates' deliberate indifference to arrestees['] . . . health and

safety, and that this deliberate indifference caused the failure to take immediate measures to ensure

that a person in custody be provided with all necessary monitoring and medical care to protect his or

her health and safety. *Id.* at *22. The plaintiffs also stated a valid claim against a sheriff where they

made similar allegations. *Id.* at *23. Finally, the Court determined that the plaintiffs set forth

sufficient facts to state a claim against the defendant city and county where they alleged that:

> [T]he Individual Officers were fully aware that Carmignani was in emergent need of
> access to medical care, but acted in conformity with the City of Novato's and Marin
> County's customs, policies, and practices in failing to conduct proper searches of
> arrestees, and failing to convey information to other agencies of government. *Id.* ∂
> 103. As to Marin County, Plaintiffs further allege that the custom or policy includes
> denying inmates access to medical care, failing to properly classify, house, or
> monitor inmates suffering from health conditions, and failing to provide medical care
> for serious medical conditions. *Id.* Plaintiffs further allege that the City of Novato
> and Marin County failed to institute proper and adequate training, supervision, and
> procedures for monitoring inmates such as Carmignani who have ingested narcotics
> or other dangerous substances. *Id.* ∂ 105. Plaintiffs allege that the authorized
> policymakers for the City of Novato and Marin County have direct knowledge of the
> fact that Carmignani was unlawfully denied necessary care, but they made a
> deliberate choice to endorse the Individual Officers' conduct. *Id.* ∂ 107. In so doing,
> Plaintiffs allege that the municipalities showed affirmative agreement with the
> Individual Officers' actions and ratified their unconstitutional acts. *Id.*

*Id.* at *25-26.

Likewise, in *Baker v. County of Sonoma, supra*, Judge Laporte denied the defendants'

motion to dismiss similar supervisory liability claims against the sheriff. 2009 U.S. Dist. LEXIS

14831, at *15. There, the plaintiff alleged that the sheriff subjected him to "unnecessary and

wanton infliction of pain and injury" by "failing to properly hire, screen, train, supervise, and/or

discipline its personnel," and "authorizing, ratifying, performing, and/or condoning" the individual

defendants' acts and omissions, which "resulted in delayed and denied medical care for the

purposes of saving money at the risk of inmates' health, and/or for inflicting physical and mental

1   abuse on inmates as retribution in furtherance of a policy of misuse of power over inmates." *Id.* at

2   *15-16.

3       Given Plaintiffs' allegations, as set forth above, Defendants have fair notice of what this

4   case is about, and the facts contained in the SAC "plausibly suggest an entitlement to relief, such

5

6   that it is not unfair to require the opposing party to be subjected to the expense of discovery and

7   continued litigation." *Starr*, 652 F.3d at 1216-17.  Defendants' motion to dismiss Plaintiffs' § 1983

8   claims against Corizon and Dr. Orr should be denied.

9                               **V.   CONCLUSION**

10

11      For the reasons stated herein, Plaintiffs respectfully request that this Court deny Defendants

12  Corizon Health, Inc., Dr. Orr and Nurse Sancho's motion to dismiss except as to Plaintiffs' claim

13  against Corizon under California Government Code § 845.6.  To the extent that this Court grants

14  any portion of Defendants' motion to dismiss, Plaintiffs request that the Court allow Plaintiffs leave

15

16  to amend their complaint.

17                               Respectfully Submitted,

18  Dated:  March 7, 2013                  HADDAD & SHERWIN

19

20                               /s/ Gina Altomare

21                               GINA ALTOMARE
                                 Attorneys for Plaintiffs
22                               JOSEPH HARRISON, KRYSTLE HARRISON,
                                 MARTIN HARRISON, JR., and TIFFANY
23                               HARRISON

24

25

26

27

28