UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M.H., et al.,

        Plaintiffs,

    v.

COUNTY OF ALAMEDA, et al.,

        Defendants.

Case No. 11-cv-02868-JST

**ORDER RE DISCOVERY DEADLINES AND DISPUTED DEPOSITIONS**

The parties currently have two discovery-related disputes. First, the parties dispute who should pay the cancellation fee of a forensic document examiner. Second, the parties dispute to what extent the discovery deadlines in the case should be extended, and what discovery Plaintiffs[1] should be able to take prior to the expiration of those deadlines. Both disputes first came to the Court's attention at the Case Management Conference held August 28, 2013. By stipulation, the Court was asked to resolve the first dispute based on an exchange of letter briefs, ECF Nos. 90-95, 97, 98, and the second based on oral argument held August 30, 2013.

<u>Forensic Document Examiner Fee</u>

The first dispute relates to the payment of the cancellation fee imposed by a forensic document examiner hired by the Plaintiffs.

On August 24, 2012, Plaintiffs served Defendant Alameda County with a demand for inspection of decedent Martin Harrison's original medical chart. On September 24, 2012, the County responded, agreeing to produce the medical records in the County's "possession, custody or control at a mutually agreeable time and date." Significantly for purposes of this dispute, the

---

[1] On August 30, 2013, minor plaintiff M.H. filed a Notice of Settlement. The term "Plaintiffs" in this order refers to the remaining plaintiffs.

1  County does not actually have physical custody of the chart, but it is the owner of the chart and the
2  chart is under its control. The chart is in the possession of Corizon Health, Inc. ("Corizon"),
3  which has a contract with the County to provide jail medical services. The County's agreement
4  with Corizon provides that Corizon will have custody of inmate medical records, but they are the
5  County's property. The same agreement also provides that the "County shall have full and prompt
6  access to medical records during the term of [the] Agreement."

7  On June 10, 2013, Plaintiffs' counsel sent an e-mail to all counsel, requesting that the
8  original chart be produced for inspection by Plaintiffs' forensic document examiner. No one
9  responded.

10  On August 6, 2013, Plaintiffs' counsel again requested a date for the examination of
11  Harrison's chart. Counsel for the County responded on the same day, indicating that the County
12  defendants were available August 27 to August 30. No one from Corizon responded.

13  The Plaintiffs selected August 28, which was the one day within the County's proffered
14  window that Plaintiffs' expert witness was available. Plaintiffs asked to begin the inspection at
15  8:00 a.m. because of constraints on their expert's schedule. Plaintiffs sent written confirmation of
16  this agreement on August 16, 2013, in the form of an e-mail that attached a Notice of Inspection.
17  No defendant objected.

18  On Friday, August 23, 2013, two-and-a-half weeks after the Plaintiffs and the County
19  reached agreement on the inspection date, and one week after Plaintiffs sent their confirming e-
20  mail and Notice of Inspection, a lawyer for the County e-mailed Plaintiffs' counsel, indicating that
21  Corizon attorney Matthew Grigg had requested that the inspection start later so that "the Corizon
22  people would have more time to drive out to Walnut Creek." The Plaintiffs were not able to
23  accommodate this request because of their expert's schedule.

24  Separately, Mr. Grigg's associate, Carol Ho, apparently called Plaintiffs' directly on
25  August 23 and indicated that Mr. Grigg had asked that the examination be moved to a different
26  date. Plaintiffs' counsel asked that defendants send an e-mail outlining their concerns, but none
27  was forthcoming.

28  On August 27, 2013, the day before the inspection, defendants cancelled the document

inspection.

Plaintiffs' expert witness charges $1,500 for a document inspection, and $750 for cancellation on inadequate notice. Plaintiffs now request that defendants pay the cancellation fee.

Corizon makes several arguments in response to the Plaintiffs' request. First, they argue that the Notice of Inspection was not timely. The Court is not persuaded by this argument. For one thing, the Plaintiffs issued the Notice using a date provided by the County, which is the owner and legal custodian of the documents. The County waived any objection it had to August 28 by itself providing that date to the Plaintiffs, and at that point it became imcumbent upon Corizon to comply in turn with its legal obligations to the County. For another, Corizon did not raise its timeliness argument until after it had cancelled the document inspection. Prior to that time, it either said nothing, or requested that the inspection be moved to a different date or time – but without raising any objection as to the timeliness of the notice.

Second, Corizon complains that the Plaintiffs did not make themselves available for deposition on reasonable dates and times. The Court declines to address this tit-for-tat argument which, in any event, is made moot by the Court's second ruling later in this Order.

On these facts, the Court finds that defendants' conduct in cancelling the document request was unjustified. Plaintiffs reasonably relied on the County's conduct by scheduling the inspection and reserving their expert for August 28 – a date selected by the County. Although the County objected to the Notice of Inspection on timeliness grounds on August 27, it seems clear that in fact its only basis of objection was that it had decided to join ranks with Corizon in a brewing discovery dispute. Defendant County will be ordered to pay $750 directly to Plaintiffs' counsel Haddad & Sherwin within 10 days of this Order.[2]

---

[2] Defendant County may complain that it was Corizon's conduct, not the County's, that led to the last-minute cancellation of the document inspection. The Court does not need to reach that question, because it is the County who has ownership and control of the documents, and the County which therefore had an obligation to produce them – consistent with the agreements it made with the Plaintiffs. The County may have a claim against Corizon owing to Corizon's failure to provide "full and prompt access" to the documents, but that question is not before the Court.

Extension of the Discovery Deadlines

The parties agree that the discovery deadlines in the case should be extended, but disagree whether Plaintiffs should be able to depose two additional Corizon witnesses pursuant to Fed. R. Civ. Proc. 30(b)(6). Plaintiffs contend that these depositions were made necessary by Corizon's failure to produce a knowledgeable witness in response to prior 30(b)(6) requests.

The Court will deny Plaintiffs' request to compel the testimony of two Corizon 30(b)(6) witnesses. Plaintiffs have not propounded a Notice of Deposition, so there is nothing to compel. The denial is without prejudice.

The Court will also adopt the parties' proposed revised discovery deadlines, as follows:

| Deadline | Existing Deadline | New Deadline |
| --- | --- | --- |
| Completion of fact discovery | September 6, 2013 | October 11, 2013 |
| Expert disclosure | October 11, 2013 | November 15, 2013 |
| Expert rebuttal | October 25, 2013 | December 13, 2013 |
| Completion of expert discovery | November 8, 2013 | January 20, 2014 |

All other deadlines in the case remain the same. The extension of the deadlines set forth above shall not operate to establish good cause to continue the trial or any other pre-trial deadline.

The parties reached other agreements, as set forth in the proposed stipulation provided to the Court last week. The Court assumes that the parties will honor those agreements without the need for further order.

**IT IS SO ORDERED.**

Dated: September 4, 2013

_____
JON S. TIGAR
United States District Judge