1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    M.H., et al.,

               Plaintiffs,                        Case No.  11-cv-02868-JST

8

9        v.                                       **ORDER GRANTING IN PARTY AND
                                                  DENYING IN PART PLAINTIFFS'
10   COUNTY OF ALAMEDA, et al.,                    REQUEST FOR FURTHER
                                                  DEPOSITION DISCOVERY**
               Defendants.
11                                                Re: ECF No. 106

12          Before the Court is Plaintiffs Joseph Harrison, Tiffany Harrison, and Krystle Harrison and

13   Martin Harrison, Jr.'s ("Plaintiffs") request for an order compelling certain deposition discovery

14   from defendant Corizon Health, Inc. ("Corizon"). ECF No. 106.  Corizon opposes the request.

15   ECF No. 107.  Good cause appearing, the Court now rules as follows:

16          1.   Corizon's General Objections

17          Corizon's objection that Plaintiffs did not comply with Civil Local Rule 30-1 is overruled.

18   Plaintiffs served their discovery requests promptly following the Court's order briefly extending

19   the discovery cut-off, gave Corizon an appropriate amount of notice prior to each of the

20   depositions they requested, and were met only with lengthy silence, followed by a blanket

21   objection – even as to witnesses that Corizon had previously agreed in writing to produce.  On

22   these facts, the Court does not find that Plaintiffs are guilty of insufficient efforts to meet and

23   confer.

24          Corizon's objection that Plaintiffs did not seek leave of court to take more than ten

25   depositions is also overruled.  Such leave is GRANTED.

26          2.   Depositions of Lenore Gilbert and Bill Wilson

27          Because the only two objections to the depositions of Lenore Gilbert and Bill Wilson have

28

United States District Court
Northern District of California

been overruled, *supra*, and because Plaintiffs have demonstrated that these witnesses are likely to have information that is relevant to the claims and defenses in this lawsuit, Plaintiffs' request for an order compelling those depositions is GRANTED.

### 3. Last Known Phone Numbers and Addresses of Former Employees

The Plaintiff's request to compel Corizon to provide the last known names and addresses of witnesses who previously worked for Corizon, but no longer do, is GRANTED.  "[P]roviding residential telephone numbers and addresses for percipient witnesses is 'ordinary' and 'routine'."  Sandres v. Corr. Corp of Am., Case No. 1:09-CV-01609, 2011 WL 475068 (E.D. Cal. Feb. 4, 2011).

### 4. Depositions of Witnesses Imperio, Anderson, Blyakherova, and Ventura

The Plaintiff's request to compel the depositions of the following four Corizon nurses is GRANTED:  Cricelda Imperio, Mollica Anderson, Anna Blyakherova, and Aldrich Ventura.  Defendant Corizon previously stipulated that these depositions could be taken, and that they should be postponed until after the completion of settlement efforts.  ECF No. 77.  For Corizon to object now to the taking of these depositions borders on bad faith.

### 5. Depositions of Rich Hallworth

The request to compel the deposition of Corizon's Chief Executive Officer, Rich Hallworth, is DENIED.

Corizon objects to Hallworth's deposition on the grounds that Plaintiffs have not made the requisite showing under the "apex rule."  "When a party seeks to take the deposition of an official at the highest level or 'apex' of a corporation, the court may exercise its authority under the federal rules to limit discovery."  WebSideStory, Inc. v. NetRatings, Inc., 06CV408 WQH (AJB), 2007 WL 1120567 (S.D. Cal. Apr. 6, 2007) (nothing that "[v]irtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment").  "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery

1    methods." In re Google Litig., Case No. C 08-03172 RMW PSG, 2011 WL 4985279 (N.D. Cal.

2    Oct. 19, 2011).

3          While the Court is mindful that "[t]he 'apex' doctrine exists in tension with the otherwise

4    broad allowance for discovery of party witnesses under the federal rules," Apple Inc. v. Samsung

5    Electronics Co., Ltd, 282 F.R.D. 259, 263 (N.D. Cal. 2012), and hesitates to apply the doctrine in

6    a way that would foreclose legitimate discovery, Plaintiffs here have given the Court no basis on

7    which to compel Hallworth's deposition.  The real motivation for Plaintiffs' notice for Hallworth's

8    deposition, as Plaintiffs acknowledge, seems to be that they were unsuccessful in obtaining

9    Corizon's informal agreement to produce a knowledgeable witness pursuant to Federal Rule of

10   Civil Procedure 30(b)(6).  The fact that Corizon did not produce such a witness by informal

11   agreement does not mean that Plaintiffs have exhausted their alternatives for obtaining the

12   information using "less intrusive discovery methods."  Plaintiffs have never served a 30(b)(6)

13   deposition notice regarding Corizon's obligations under its contract with Alameda County.

14         Similarly, Plaintiffs state that Hallworth signed the contract with Alameda County on

15   behalf of Corizon, and then make the unsupported leap that therefore Hallworth "is the best person

16   to testify about the obligations Corizon undertook under that contract."[1] The mere fact of

17   Hallworth's signature on a contract to which Corizon is a party does not establish that Hallworth

18   "has unique first-hand, non-repetitive knowledge of the facts at issue" regarding the obligations

19   under that contract, or how they were performed.

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27

28   _____
     [1] The only specific obligation Plaintiffs identify is Corizon's obligation "to train Alameda County
     Sheriff's Deputies concerning alcohol withdrawal."

3

United States District Court
Northern District of California

The Court finds that Plaintiffs have not met their burden of establishing that Hallworth's deposition is appropriate, and their request for that deposition is denied.

**IT IS SO ORDERED.**

Dated: October 2, 2013



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

4