1

2

3

4                         UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    M.H., et al.,                              Case No.  11-cv-02868-JST

            Plaintiffs,                         **ORDER APPOINTING GUARDIAN AD**
8                                               **LITEM, APPROVING MINOR'S**
9        v.                                     **COMPROMISE, AND DENYING IN**
                                                **PART ADMINISTRATIVE MOTION TO**
10   COUNTY OF ALAMEDA, et al.,                  **FILE UNDER SEAL**

            Defendants.                         Re: ECF No. 104
11

12

13          Before the Court is the petition to appoint guardian ad litem of Michelle Henshaw, the

14   biological mother of minor Plaintiff M.H.  ECF No. 105.[1]  Ms. Henshaw also seeks the Court's

15   approval of a proposed compromise of M.H.'s claims against Defendants, and requests permission

16   to file under seal the proposed structured settlement pertaining to the compromise.

17   **I.      APPOINTMENT OF GUARDIAN AD LITEM AND  APPROVAL OF**
             **COMPROMISE OF MINOR'S CLAIMS**
18
19          "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to

20   safeguard the interests of litigants who are minors."  Robidoux v. Rosengren, 638 F.3d 1177, 1181

21   (9th Cir. 2011).  See Fed. R. Civ. P. 17(c)(2) ("The court must appoint a guardian ad litem – or

22   issue another appropriate order – to protect a minor or incompetent person who is unrepresented in

23   an action.").  Appointment of a guardian ad litem is "left to the sound discretion of the trial court."

24   United States v. 30.64 Acres of Land, 795 F.2d 796, 804 (9th Cir. 1986).  Absent a conflict of

25   interest, a parent generally is a suitable guardian ad litem.  However, "[i]f the parent has an actual

26   or potential conflict of interest with his child, the parent has no right to control or influence the

27   child's litigation."  Kulya v. City & Cnty. of San Francisco, 06-cv-06539-JSW, 2007 WL 760776,

28   _____

[1] The operative amended petition supersedes the petition filed at ECF No. 104.

*United States District Court*
*Northern District of California*

1    at *2 (N.D. Cal. Mar. 9, 2007).

2         In the context of a proposed settlement in suits involving minors, the Court must "'conduct

3    its own inquiry to determine whether the settlement serves the best interests of the minor.'"

4    Robidoux, 638 F.3d at 1181 (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)).

5    The Court's special duty requires that the Court "consider whether the net recovery of each minor

6    plaintiff is fair and reasonable."  Id.

7         Here, Petitioner, the minor's mother, is not a plaintiff in this case.  The Court finds that

8    Petitioner has made an adequate showing that she is a suitable guardian ad litem and that she does

9    not have a conflict of interest.  The petition appointing Michelle Henshaw guardian ad litem of

10   Plaintiff M.H. is therefore GRANTED.

11        Petitioner also seeks approval of a compromise of M.H.'s claims.  Under the proposed

12   settlement, Defendants Alameda County and Corizon Health, Inc. will each contribute $500,000 to

13   the settlement, out of which Plaintiffs' counsel will collect a fee of twenty-five percent as well as

14   costs in the amount of $4,274.73, leaving a net settlement of $745,725.27.  The net settlement will

15   fund a structured settlement annuity administered by Berkshire Hathaway Life Insurance

16   Company of America.  The settlement provides for monthly payments of $333.33 until M.H.

17   reaches the age of twenty-one, followed by monthly payments of $2,605 for the next twenty-five

18   years.  In addition, the settlement provides for eight annual payments of $1,000, followed by five

19   annual payments of $40,000, beginning when M.H. reaches the age of eighteen.  Finally, the

20   settlement provides for a lump sum payment of $50,000 when M.H. reaches the age of twenty-

21   five, $100,000 when M.H. reaches the age of thirty, and $150,000 when M.H. reaches the age of

22   thirty-five, in July 2038.  In total, the payout from the structured settlement will equal

23   $1,320,166.36.

24        Having conducted an independent inquiry into the case and the proposed settlement, the

25   Court approves the proposed compromise of M.H.'s claims as fair and reasonable.

26   **II.    ADMINISTRATIVE MOTION TO SEAL**

27        A party seeking to seal a document filed with the court must (1) comply with Civil Local

28   Rule 79-5; and (2) rebut the "strong presumption in favor of access" that applies to all documents

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    other than grand jury transcripts or pre-indictment warrant materials.  Kamakana v. City and

2    County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotation marks

3    omitted).

4           With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that

5    (1) establishes that the material is privileged or protectable as a trade secret or otherwise entitled to

6    protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material."

7    Civil L.R. 79-5(a).  "A stipulation, or a blanket protective order that allows a party to designate

8    documents as sealable, will not suffice to allow the filing of documents under seal."  Id.

9    Additional requirements apply depending on whether the party seeks to seal an entire document,

10   only portions of a document, or a document that was designated as confidential by another party.

11   See Civil L.R. 79-5(c)–(e).

12          With respect to the second prong, the showing required for overcoming the strong

13   presumption of access depends on the type of motion to which the document is attached.  When a

14   party seeks to file materials in connection with a dispositive motion, the presumption can be

15   overcome only if the party presents "compelling reasons supported by specific factual findings

16   that outweigh the general history of access and the public policies favoring disclosure."

17   Kamakana, 447 F.3d 1172 at 1178–79 (internal citation omitted).  "The mere fact that the

18   production of records may lead to a litigant's embarrassment, incrimination, or exposure to further

19   litigation will not, without more, compel the court to seal its records."  Id. at 1179.  On the other

20   hand, "[t]he publication of materials that could result in infringement upon trade secrets has long

21   been considered a factor that would overcome this strong presumption."  Apple Inc. v. Psystar

22   Corp., 658 F.3d 1150, 1162 (9th Cir. 2011) cert. denied, 132 S. Ct. 2374 (2012).

23          Petitioner seeks to file under seal a quote for the structured settlement annuity approved by

24   the Court as part of the compromise of M.H.'s claims in this case.  The Court finds the material is

25   not suitable for sealing, as the relevant private information of the minor Plaintiff may be protected

26   instead through redaction.  See, e.g., M.P. ex rel. Provins v. Lowe's Companies, Inc., No. 11-cv-

27   01985-GEB, 2012 WL 1574801, at *2 (E.D. Cal. May 3, 2012) (denying motion to seal

28   documents pertaining to settlement of minor's claims because redaction was sufficient to protect

3

minor).  Petitioner already having lodged with the Court an unredacted version of the quote, the

Court hereby ORDERS Petitioner to file a redacted version in the public record, which redactions

obscure M.H.'s name (which appears twice in the document), sex, and date of birth, within seven

days from the date of this Order.  At the same time, Petitioner shall e-file an unredacted copy of

the document under seal in accordance with Civil Local Rule 79-5(a) and (f), and the procedures

outlined in the FAQs on the Court's ECF website.

Alternatively, Petitioner may, by the same date, file an objection to this Order explaining

the reasons why any other information contained in the document should be protected from public

disclosure.

**IT IS SO ORDERED.**

Dated: October 4, 2013

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

4