UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.H., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>        Defendants. | Case No.  11-cv-02868-JST<br><br>**ORDER RE: LETTER BRIEF CONCERNING CORIZON DEFENDANTS' PRODUCTION OF FINANCIAL INFORMATION**<br><br>Re: ECF No. 289 |

Before the Court is the parties' joint letter addressing their dispute over production of Defendant Corizon Health, Inc.'s financial information.  J. Ltr., ECF No. 289.

Plaintiffs seek financial information from Corizon for the period January 1, 2008, to the present for purposes of pursuing punitive damages at trial.  Corizon agrees to produce responsive records for 2012–2013 only, and only if Plaintiffs' deliberate indifference claim survives summary judgment, but objects to production of responsive records relating to prior fiscal years on the grounds that the request is unnecessarily broad.  Corizon also agrees to produce unspecified 2013–2014 "reports," which Corizon states "probably would be available by the end of April 2014."  J. Ltr. at 4.

"[E]vidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded." City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 270 (1981).  Indeed, in California, evidence of the resources of the alleged wrongdoer is a prerequisite to the award of punitive damages. Adams v. Murakami, 54 Cal. 3d 105, 114 (1991). However, the right to privacy constrains the scope of discovery of financial information.  In determining whether the right to privacy will prevent disclosure, California courts balance the right against the countervailing public interest in disclosure. Hooser v. Super. Ct., 84 Cal. App.

1   4th 997, 1004 (2000).

2   Confronting the same issue presented here, the court in <u>Vieste, LLC v. Hill Redwood Dev.</u>, No. 09-cv-04024-JSW (DMR), 2011 WL 855831 (N.D. Cal. Mar. 9, 2011), concluded that the interests favoring disclosure, including the interest in "facilitating the ascertainment of truth" and obtaining "just resolution of legal claims" outweighed the interest in non-disclosure. <u>Id.</u> at *2 (quoting <u>Moskowitz v. Super. Court</u>, 137 Cal.App.3d 313, 316 (1982); <u>Valley Bank of Nev. v. Super. Ct.</u>, 15 Cal.3d 652, 657–58 (1975)). The court also rejected the argument that disclosure should wait until the plaintiffs could show entitlement to punitive damages, or until the close of the liability phase of the trial, because the case was in an advanced procedural posture, and the defendants' finances would be valuable to all parties in appraising the case and supporting settlement efforts. <u>Id.</u>; <u>see</u> also <u>Salisbury v. Hickman</u>, No. 12-cv-01098-LJO, 2013 WL 4402789, at *5 (E.D. Cal. Aug. 14, 2013) (citing <u>E.E.O.C. v. California Psychiatric Transitions</u>, 258 F.R.D. 391, 394 (E.D. Cal. 2009) (noting "a majority of federal courts permit discovery of financial information about the defendant without requiring [the] plaintiff to establish a *prima facie* case on the issue of damages"). Finally, to the extent public disclosure is a concern, the <u>Vieste</u> court observed that the concerns may be adequately addressed via a protective order.

However, the <u>Vieste</u> court limited the scope of the discovery requests because "Plaintiffs are entitled to discover only those documents and information necessary to establish Defendants' *current* financial condition and net worth." <u>Id.</u> at *3 (emphasis added). Noting that past earnings and net worth "cannot reasonably lead to relevant information on the issue of punitive damages," <u>id.</u> (quoting <u>Hughes v. Groves</u>, 47 F.R.D. 52, 55 (W.D.Mo.1969)), the court limited discovery of financial information to the prior two years.

This Court adopts the approach of the <u>Vieste</u> court. While Corizon's financial information is plainly relevant to Plaintiffs' entitlement to punitive damages, that relevance diminishes as the information gets older. The Court finds that two years strikes a reasonable balance between the public's interest in disclosure and Corizon's interest in non-disclosure. <u>See</u>, <u>e.g.</u>, <u>EEOC</u>, 258 F.R.D. at 395. The Court also finds that the information should be produced now.

Finally, because Corizon has indicated that its most recent financial information is not yet

1  available, the Court will order Corizon to produce records for the two most recent fiscal years that
2  are available.  Should more current financial information become available prior to the conclusion
3  of trial, Plaintiffs will be entitled to that information as well.
4         For the foregoing reasons, the Court now ORDERS as follows:
5         1.    Within ten days from the date of this Order, Corizon shall produce to Plaintiffs
6  copies of Corizon Health, Inc., and/or Prison Health Services' annual balance sheets, annual
7  statements of income, annual statements of cash flow, annual profit and loss statements, and
8  annual shareholder reports for the two most recent available fiscal years.
9         2.    Should documents of the types just described become available for a more recent
10 fiscal year prior to the conclusion of trial, Corizon shall produce those documents immediately.
11 **IT IS SO ORDERED.**
12 Dated:  March 29, 2014

                              JON S. TIGAR
                         United States District Judge