UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.H., et al.,<br><br>              Plaintiffs,<br><br>    v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>              Defendants. | Case No.  11-cv-02868-JST<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: ECF No. 313 |

Before the Court is Plaintiff's Administrative Motion to File Under Seal, or To Unseal, Corizon Financial Information. ECF No. 313. For the reasons set forth below, the Court will construe the motion as a motion to seal, and grant it.[1]

## I.      LEGAL STANDARD

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all court documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law," and (2) is "narrowly tailored to seek sealing

---

[1] Defendants correctly argue that an administrative motion is not the proper vehicle by which a party should seek to change the designation of information a party has deemed confidential pursuant to a protective order issued by the Court. See, e.g., In re Roman Catholic Archbishop of Portland in Or., 661 F.3d 417 (9th Cir. 2011). For that reason, and because the same "good cause" standard applies to both information deemed confidential pursuant to a protective order and motions to file under seal, id. at 424, the Court construes Plaintiffs' motion as a motion to file under seal and analyzes the parties' arguments within that framework.

only of sealable material." Civil L.R. 79-5(b).  An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d).  "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."  Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached.  When a party seeks to file previously sealed discovery materials in connection with a non-dispositive motion, as Plaintiffs seek to do here, the party need only make a "particularized showing under the good cause standard of Rule 26(c)" to justify the sealing of the materials.  Id. at 1180 (internal citation and quotations omitted).   A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal."  Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S. Ct. 2374 (2012).

## II.   ANALYSIS

Defendants have submitted a declaration explaining that the information Plaintiff seeks to file under seal is Corizon's financial information contained in "consolidated balance sheets and consolidated statements of operation for 2012 and 2013."  ECF Nos. 314 at 3, 315.  Defendants contend that disclosure of the information would place Corizon at a competitive disadvantage.  ECF Nos. 314 at 4-5, 315.

In Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978), the U.S. Supreme Court explained that the "common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing."  435 U.S. at 598.  Similarly, the Ninth Circuit has identified as a sealable trade secret "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."  In re Elec. Arts, Inc., 298 F. App'x 568, 569 (9th Cir. 2008) (quoting

Restatement of Torts § 757, cmt. b). Likewise, the Federal Circuit has concluded that under Ninth Circuit law, detailed financial information and internal reports are appropriately sealable where that information could be used to the company's competitive disadvantage. Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013); see also Digital Reg of Tex., LLC v. Adobe Sys., Inc., No. C 12-1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014) (sealing documents containing financial information under the good cause standard).

The Court has reviewed the documents that Plaintiff seeks to file under seal. The documents contain detailed financial information, disclosure of which could cause Corizon to suffer competitive disadvantage. Accordingly, the Court finds that Defendants have carried their burden and shown good cause to seal the information pursuant to the Kamakana, Nixon, and Electronic Arts.

**CONCLUSION**

For the reasons set forth above, the Court hereby GRANTS Plaintiff's motion to file Corizon's financial information under seal. "[T]he document filed under seal will remain under seal . . . ." Civil L. R. 79-5(f)(1).

**IT IS SO ORDERED.**

Dated: December 19, 2014

_____
JON S. TIGAR
United States District Judge