UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M.H., et al.,

        Plaintiffs,

    v.

COUNTY OF ALAMEDA, et al.,

        Defendants.

Case No. 11-cv-02868-JST

**ORDER DENYING IN PART AND GRANTING IN PART COUNTY DEFENDANTS' MOTION IN LIMINE 17 AND CORIZON DEFENDANTS' MOTION IN LIMINE 1**

Re: ECF Nos. 309, 317

In their Motion in Limine #17, the County Defendants seek to exclude "all Plaintiffs' experts from concluding any of Defendants' actions were objectively unreasonable and/or amounted to deliberate indifference." ECF No. 309 at 51. Similarly, the Corizon Defendants, in their Motion in Limine #1, seek to exclude

> 1. Opinions proffered by any of Plaintiffs' experts that any defendant, or employee, agent, or supervisee thereof, was "deliberately indifferent";
>
> 2. Opinions proffered by any of Plaintiffs' experts that any defendant, or employee, agent, or supervisee thereof, "knew" or "should have known" of any fact;
>
> 3. Opinions proffered by any of Plaintiffs' experts regarding the mental state of any defendant, or employee, agent, or supervisee thereof; and,
>
> 4. Use by any of Plaintiffs' experts, witnesses, or attorneys of the term "deliberately indifferent" or "deliberate indifference," etc.

Id. at 65. Nurse Sanccho, in her Motion in Limine #11, seeks an order "to exclude testimony from witnesses characterizing Ms. Sancho's subjective knowledge in terms of legal conclusions or speculative factual conclusions." Id. at 127. She asks the Court to prevent Plaintiffs' experts from testifying as to any defendant's subjective state of mind or that any defendant's conduct was "intentional, reckless, dangerous or deliberately indifferent, that a defendant's actions reflected a

1  callous disregard for the life and safety of Mr. Harrison or that he or she disregarded his serious
2  medical condition." Id. at 128.

3        Collectively, Defendants assert that experts' opinions regarding deliberate indifference
4  and/or the objective reasonableness of Defendants' actions are impermissible legal conclusions,
5  and that experts are not permitted to testify as to "judicially defined" or "legally specialized"
6  terms. Id. at 51-52 (citing Mukhtar v. Cal. State Univ., Hayward, 299 F.3d 1053, 1065 n.10 (9th
7  Cir. 2002), and Wiles v. Dep't of Ed., Nos. 04-00442 ACK-BMK, 05-00247 ACK-BMK, 2008
8  WL 4225846 (D. Haw. Sept. 11, 2008)). Defendants further argue that permitting Plaintiffs'
9  experts to testify as to whether Defendants' actions were objectively unreasonable or demonstrated
10 deliberate indifference invades the province of the jury. Id. at 52 (citing Gonzalez v. City of
11 Garden Grove, No. CV 05-1506 CAS (JTLx), 2006 WL 5112757 (C.D. Cal. Dec. 4, 2006)), 65-66
12 (citing Al-Turki v. Robinson, No. 10-cv-02404-WJM-CBS, 2013 WL 603109, at *5-6 (D. Col.
13 Feb. 15, 2013)). Corizon also contends that expert opinion as to a defendant's mental state is
14 outside the scope of the expert's expertise, as the expert is without personal knowledge on the
15 point. ECF No. 39 at 66 (citing Al-Turki, 2013 WL 603109, at *5).

16       Plaintiffs oppose these motions. They first contend that the issues of deliberate
17 indifference, objective unreasonableness, and Defendants' mental states are questions of fact, not
18 questions of law, and therefore any expert opinions on these topics are not impermissible legal
19 conclusions. ECF No. 317 at 51. Further, as to whether expert opinion on these topics usurps the
20 jury's role in providing testimony as to an "ultimate issue," Plaintiffs cite Federal Rule of
21 Evidence 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue"),
22 and several cases indicating the same. Id. In particular, Plaintiffs cite several cases, both in the
23 Ninth Circuit and in California appellate courts, in which courts have permitted experts to opine as
24 to generally accepted law enforcement standards that are relevant to claims of excessive force. Id.
25 at 51-52 (citing Davis v. Mason Cnty., 927 F.2d 1473, 1484-85 (9th Cir. 1991), Glenn v. Wash.,
26 Cnty., 673 F.3d 864, 877 (9th Cir. 2011), McCleary v. City of Bakersfield, 170 Cal. App. 3d 1059,
27 1070-72 (1985), Mendoza v. City of W. Covina, 206 Cal. App. 4th 702, 710, 714 (2012), and
28 Munoz v. City of Union City, 120 Cal. App. 4th 1077, 1090-92 (2004)). Plaintiffs also point out

that Defendants are likely to offer their own expert testimony regarding whether Defendants' conduct adhered to applicable standards, which goes to the issues of deliberate indifference and the objective reasonableness of law enforcement action. ECF No. 317 at 52, 60-61.

Defendants and Plaintiffs are both correct.

Despite the fact that Rule 704 generally permits expert testimony embracing an ultimate issue, courts preclude expert testimony as to what is "[r]easonable, in the context of whether excessive force was employed . . . ." 5 Handbook of Fed. Evid. § 704:1, n.14 (7th ed. 2014) (citing Thompson v. City of Chi., 472 F.3d 444, 458 (7th Cir. 2006) (internal citations omitted), Alvarado v. Oakland Cnty., 809 F. Supp. 2d 680, 688-89 (E.D. Mich. 2011), Torres v. Cnty. of Oakland, et al., 758 F.2d 147, 151 (6th Cir. 1985), F.A.A. v. Landy, 705 F.2d 624, 632 (2d Cir. 1983), cert. denied, 464 U.S. 895 (1983), Davis v. Duran, 277 F.R.D. 362, 373 (N.D. Ill. 2011), among other cases); see also Calloway v. Contra Costa Cnty. Jail Correctional Officers, No. C 01-2689 SBA, 2007 WL 134581, at *24 (N.D. Cal. Jan. 16, 2007) (precluding expert testimony as to whether authorities provided an inmate "reasonable accommodations" for his disability because the opinion was as to an ultimate issue in the case—i.e., deliberate indifference—"and thus invade[d] the province of the jury."); Berra v. Lyons, No. 12-CV-0226-TOR, 2014 WL 585008, at *13-14 (E.D. Wash. Feb. 14, 2014) (holding, in an excessive force case, that expert could not opine as to what was "objectively reasonable," as doing so would be opining as to an ultimate legal conclusion and thereby invading the province of the jury). Thus, Defendants are correct that expert testimony using the legally significant terms "deliberate indifference" and "objective reasonableness" should be excluded. See Gonzalez, 2006 WL 5112757, at *2 (citations omitted).

But the cases also consistently hold that while an expert cannot testify as to "deliberate indifference" or "objective reasonableness" using those specific terms, as Plaintiffs contend, they may opine as to the appropriate standards of healthcare in a correctional facility, or generally accepted law enforcement standards, custom, or practice. Davis, 927 F.2d at 1484-85, superseded by statute on other grounds; Glenn, 673 F.3d at 877 (citing Smith v. City of Hemet, 394 F.3d 689, 703 (9th Cir. 2005) (en banc)); Borgerding v. California, 370 Fed. App'x 797, 798 (9th Cir. 2010); Berra, 2014 WL 585008, at *14; Mark H. v. Hamamoto, No. 00-00282 LEK-RLP, 2012 WL

3444138, at *3 (D. Haw. Aug. 14, 2012).  Thus, experts on both sides may testify as to appropriate standards of care—which go to the ultimate issues of "deliberate indifference" and what conduct is "objectively reasonable"—so long as they do not use those "judicially defined" and "legally specialized" terms.

Corizon also contends that Plaintiffs' experts should be precluded from testifying as to what Defendants "knew" or "should have known."  Corizon is correct that Plaintiffs' experts cannot testify as to Defendants' actual, subjective states of mind.  See Cotton ex rel. McClure v. City of Eureka, No. C 08-04386 SBA, 2011 WL 4047490, at *2 (N.D. Cal. Sep. 8, 2011) (precluding expert from testifying as to Defendants' subjective knowledge as it pertained to a claim of deliberate indifference).  But the cases cited above make clear that experts may testify as to the relevant standard of care, which officers are expected to know.  See, e.g., City of Hemet, 394 F.3d at 703 ("Discussing whether the officers' conduct comported with law enforcement standards, the expert . . . concluded that the officers could and should have used control holds to complete the arrest . . . .  A rational jury could rely upon such evidence in assessing whether the officers' use of force was unreasonable.").  Thus, to the extent that Plaintiffs' experts are testifying as to generally accepted healthcare or law enforcement practices, they may opine as to what Defendants "'knew' or 'should have known.'"

**CONCLUSION**

For the foregoing reasons, the County Defendants' Motion in Limine #17, the Corizon Defendants' Motion in Limine #1, and Nurse Sancho's Motion in Limine #11 are GRANTED IN PART and DENIED IN PART.  Plaintiffs' experts may not offer testimony using the specific terms "objectively reasonable" or "deliberate indifference" (or any version of those terms), but may offer evidence as to generally accepted standards of healthcare or law enforcement practice or custom.

**IT IS SO ORDERED.**

Dated: January 1, 2015

JON S. TIGAR
United States District Judge