UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.H., et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>         Defendants. | Case No.  11-cv-02868-JST<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>Re: ECF Nos. 305, 309 |

Before the Court are the Plaintiffs' and Defendants' Omnibus Motions in Limine.  ECF Nos. 305, 309.  The parties filed a total of 64 motions in limine, some of which have as many as ten sub-parts.  These circumstances call to mind the recent statement of a brother court, that "[w]ith [64] separate motions to address,[1] the Court unfortunately cannot indulge in the luxury of a lengthy exegesis of the background of each dispute and the full scope of its reasoning.  What are required are timely decisions, and little beyond that."  Dynetix Design Solutions, Inc. v. Synopsys, Inc., No. C 11-5973 PSG, 2013 WL 4537838, at *1 (N.D. Cal. Aug. 22, 2013), appeal dismissed (Mar. 18, 2014).  To that end, the Court provides its decisions below, with two exceptions: (1) The County Defendants' Motion in Limine 17, Corizon Defendants' Motion in Limine 1, and Defendant Sancho's Motion in Limine 11, which substantially overlap and for which the Court has already issued an order; and (2) those motions that will either be argued at the January 5 pre-trial conference, or are under submission without the need for argument, as indicated.

**A.    Plaintiffs' Motion in Limine Number One**

This motion seeks an order

> (1) that Corizon produce the complete annual financial statements of Valitas Health Services, Inc., from which the Corizon Health, Inc.

---

[1] The Dynetix court was dealing with 26 motions.

statements were taken, which may be subject to the Protective Order until the punitive damages phase of trial begins; (2) that Corizon produce complete organizational charts showing the current relationships between Valitas Health Services, Inc., Corizon Health, Inc., Corizon, Inc., and Corizon, LLC; (3) that Corizon produce a list showing each of its 114 contracts referenced on its website, and state which Corizon entity is the contracting entity; 4) that Corizon produce for deposition pursuant to F.R.Civ.P. 30(b)(6), its Person Most Knowledgeable concerning the relationships between Valitas Health Services, Inc., Corizon Health, Inc., Corizon, Inc., and Corizon, LLC, as well as the Corizon entities' wealth, financial condition, assets, liabilities, income and expenses; and (5) that Plaintiffs be permitted to name an expert in business valuation should one be needed after reviewing the above discovery.

The motion is DENIED.  Fact discovery closed in October 2013.

**B.      Plaintiffs' Motion in Limine Number Two**

This motion seeks an order that the trial of this action, which is projected to last several weeks, take place at the Oakland federal courthouse.

The motion is DENIED.  The trial will take place, as scheduled, at the San Francisco federal courthouse, where Judge Tigar maintains his chambers and courtroom.

**C.      Plaintiffs' Motion in Limine Number Three**

The Court will hear argument on this motion at the pre-trial conference on January 5, 2015.

**D.      Plaintiffs' Motion in Limine Number Four**

This motion is under submission.  This motion will be decided without oral argument.

**E.      Plaintiffs' Motion in Limine Number Five**

This motion seeks an order (1) precluding County expert witness Robert Fonzi from testifying about facts that he omitted from his expert report; (2) precluding Fonzi from testifying about his Opinion 3, that "jail personnel assigned to the Santa Rita Jail Facility took appropriate steps in processing, evaluating, and housing Martin Harrison during his incarceration"; (3) preclude Fonzi from testifying about his Opinion 2, that "there is a clear custom and practice of ensuring adequate supervision, training, and jail procedures involving several components dealing with jail operations, inmate booking, classification, and investigating use of force incidents"; and (4) preclude Fonzi from testifying that opinion on page 11 of Mr. Fonzi's report, where he states that "[the] circumstances [of decedent Harrison's intake and incarceration], if repeated, would

1  predictably cause trained law enforcement personnel to respond and act in the same manner

2  regardless of jurisdiction or agency."

3      With regard to the first issue, the contention is that Fonzi took a tour of the Alameda

4  County jail, and reviewed some depositions and expert reports, after he submitted his expert

5  report, but before he sat for his deposition.  The County Defendants do not contest that these facts

6  were not contained in Fonzi's expert report.  Thus, the burden is on those defendants to prove that

7  Fonzi's failure to include those facts was either substantially justified or harmless.  Fed. R. Civ. P.

8  37(c)(1); Torres v. City of L.A., 548 F.3d 1197, 1213 (9th Cir. 2008).  The County Defendants

9  offer no justification for Fonzi's failure, but assert that the late disclosure was harmless because

10 Plaintiffs were able to ask Fonzi about the new facts at his deposition.  Neither party cites a case

11 directly on point.

12     The Court concludes that limiting Fonzi's testimony to the opinions and bases set forth in

13 his opinion is an appropriate sanction.  While the County Defendants contend that these new facts

14 and opinions were disclosed in Fonzi's deposition, Plaintiffs were still deprived of the ability to

15 prepare adequately for that deposition.[2]  Federal Rule of Civil Procedure 26 requires an expert

16 report to contain "a complete statement of all opinions the witness will express *and the basis and*

17 *reasons for them*."  Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added).  "The [expert] report must be

18 complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at

19 trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need

20 for expert depositions and thus to conserve resources."  U.S. ex rel. O'Connell v. Chapman Univ.,

21 245 F.R.D. 652, 654 (C.D. Cal. 2007) (quoting Salgado v. Gen. Motors Corp., 150 F.3d 735, 742

22 n.6 (7th Cir. 1998)).

23     The motion to preclude Fonzi's testimony with regard to his Opinions 2 and 3 is DENIED.

24 The concerns the Plaintiffs identify are matters for cross-examination.

25     The motion to preclude Fonzi from testifying that "[the] circumstances [of decedent

26

27 [2] In his expert report, Fonzi stated that he would submit a supplemental report if he added,
   changed, or deleted any opinions based on additional discovery.  ECF No. 189-7 at 1.  He never
28 did so.

United States District Court
Northern District of California

1    Harrison's intake and incarceration], if repeated, would predictably cause trained law enforcement

2    personnel to respond and act in the same manner regardless of jurisdiction or agency" is

3    GRANTED.  There is no basis for this opinion, which is speculative.

4    **F.    Plaintiffs' Motion in Limine Number Six**

5    This motion seeks an order precluding County Defendants' expert Dr. Vincent J.M.

6    DiMaio from testifying about opinions or facts he omitted from his report.  As examples, the

7    Plaintiffs cite depositions that Dr. DiMaio did not read, and the opinion he expressed at deposition

8    that decedent Harrison died from "excited delirium syndrome."

9    The County Defendants state that they sent a list to Plaintiffs' counsel prior to Dr.

10   DiMaio's deposition of the additional material he reviewed after the preparation of his expert

11   report.  Under these circumstances, there is insufficient prejudice to the Plaintiffs to prevent Dr.

12   DiMaio from testifying regarding these additional materials.

13   However, as to the expression of Dr. DiMaio's opinion that decedent Harrison died from

14   "excited delirium syndrome," the Court concludes that Dr. DiMaio's failure to include that

15   opinion in his report was neither substantially justified nor harmless, and the only way to cure the

16   prejudice to Plaintiffs is to preclude his testimony on that subject.

17   This motion is GRANTED IN PART and DENIED IN PART.

18   **G.    Plaintiffs' Motion in Limine Number Seven**

19   This motion seeks an order precluding County Defendants' expert witness Dr. Charles

20   Wetli from testifying about facts or opinions that were not contained in his expert report.  Unlike

21   the case with Dr. DiMaio, the County Defendants do not contend that they sent Plaintiffs' counsel

22   a list of the additional materials that Dr. Wetli had reviewed prior to his deposition.  As with Dr.

23   DiMaio, Plaintiffs contend that Dr. Wetli expressed an opinion in his deposition about "excited

24   delirium," but did not provide that opinion in his expert report.

25   The motion is GRANTED in its entirety.  Dr. Wetli is precluded from testifying about any

26   facts he omitted from his expert report, and either agitated delirium, excited delirium, or excited-

27

28

United States District Court
Northern District of California

4

1   delirium syndrome.[3]

2   **H.     Plaintiffs' Motion in Limine Number Eight**

3       This motion seeks an order precluding Corizon expert Dr. Robert Jones from testifying at

4   trial (1) about materials, such as deposition transcripts, that he testified he either never read in

5   preparing his report or read after he had submitted his report; (2) to an opinion on whether Martin

6   Harrison had a serious medical need; and (3) to Opinions 1, 2, 3, and 5 in his report.[4]

7       The motion is DENIED.

8   **I.     Plaintiffs' Motion in Limine Number Nine**

9       This motion seeks an order to "preclude Dr. Klatsky from testifying about both: (1) the

10  opinions and facts he omitted from his Rule 26 report; and (2) his opinion that Martin Harrison

11  would have died within ten years if the Defendants here had not caused his death."

12      With regard to the first part of Plaintiffs' motion, Plaintiffs do not identify the opinions or

13  facts they seek to have excluded.  That portion of the motion is therefore denied.

14      With regard to the second part of Plaintiffs' motion, their criticisms of Dr. Klatsky's

United States District Court
Northern District of California

---

[3] Because the Court has excluded Dr. DiMaio and Dr. Wetli's opinions about excited delirium syndrome on grounds of late disclosure, it is unnecessary for the Court to reach the question of the scientific reliability of a diagnosis of that condition.

[4] Plaintiffs summarize these opinions as follows:

> Opinion 1, titled "Overall System," alleged that the healthcare system at Alameda County's Dyer Detention Facility and the Santa Rita Jail was, while Martin Harrison was incarcerated there, a "thoughtful, reasonable and rational system, comparable to those in place in other correctional facilities that offer quality health care systems." (Helm Decl. Exhibit M, Jones Report, p. 2). Opinion 2, labeled "Policies and Procedures," claimed that the PHS/Corizon policies and procedures in effect during Mr. Harrison's incarceration were "thoughtful, reasonable[,] and rational[,]" and "met or exceeded the standard of care." (Helm Decl. Ex. M, Jones Report, p. 2). Opinion 3, called "Training of nurses," alleged that "PHS/Corizon's training program for its nurses met the standard of care." (Helm Decl. Ex. M, Jones Report, p. 4). Finally, Opinion 5, labelled "Medical training of deputies[,]" alleged that "PHS/Corizon met the standard of care for approving medical training of deputies through ongoing dialog and discussion with Sheriff's department supervisors." (Helm Decl. Ex. M, Jones Report, p. 5).

ECF No. 305 at 58.

United States District Court
Northern District of California

1   testimony go its weight, not its admissibility.  These matters can be explored on cross-

2   examination.

3       The motion is DENIED.

4   **J.      Plaintiffs' Motion in Limine Number Ten**

5       This motion seeks an order "excluding any and all evidence, references to evidence,

6   testimony, comment, or argument from Defendants and their experts concerning alleged

7   investigation of, or misconduct by, Plaintiffs' police practices expert, John 'Jack' Ryan, while he

8   was employed by the Providence, Rhode Island Police Department."

9       This evidence has little to no relevance and would lead to undue prejudice and the

10  unnecessary consumption of time.  Defendants state that this evidence has a bearing on Ryan's

11  credentials but do not explain why.

12      The motion is GRANTED.

13  **K.      Plaintiffs' Motion in Limine Number Eleven**

14      This motion seeks an order "excluding any and all evidence, references to evidence,

15  testimony, comment, or argument from Defendants and their experts concerning the demotion of

16  and subsequent reinstatement litigation by Plaintiffs' medical expert, Dr. Michael Baden, M.D.,

17  while he was employed by the New York City Medical Examiner's Office."

18      This evidence has little to no relevance and would lead to undue prejudice and the

19  unnecessary consumption of time.  As with the similar motion regarding Jack Ryan, Defendants

20  state that this evidence has a bearing on Dr. Baden's credentials but do not explain why.

21      The motion is GRANTED.

22  **L.      Plaintiffs' Motion in Limine Number Twelve**

23      This motion seeks an order "excluding any and all evidence, references to evidence,

24  testimony, comment, or argument concerning alleged domestic violence and other prior 'bad acts'

25  by Decedent Martin C. Harrison against persons who are not parties to this lawsuit."

26      The motion is GRANTED.

27  **M.      Plaintiffs' Motion in Limine Number Thirteen**

28

United States District Court
Northern District of California

By this motion, Plaintiffs seek an order "preclud[ing] Defendants from offering evidence, argument, or comment about [Krystle] Harrison's having worked as a 'go-go dancer' over five years ago."

No party opposes the motion.  The motion is GRANTED.

**N.     County Defendants' Motion in Limine Number One**

The Court will hear argument on this motion.

**O.     County Defendants' Motion in Limine Number Two**

This motion seeks an order precluding the use of certain words in describing deputies' actions in this case, including "beating," "stomping," "crushing," "or any other inflammatory words."

The motion is DENIED.

**P.     County Defendants' Motion in Limine Number Three**

This motion seeks to exclude autopsy photographs.  Plaintiffs cite a number of cases admitting such photographs over prejudice objections similar to the ones made by defendants here.

The parties are hereby ORDERED to bring a complete set of such photographs to the January 5, 2015 pre-trial conference.

**Q.     County Defendants' Motion in Limine Number Four**

This motion seeks an order to exclude evidence that Deputy Martinez' Taser certification had expired four months before the incident at issue in this case.  Plaintiffs do not argue any causal connection between Martinez' lack of re-certification and either his conduct or Harrison's injuries during the incident.  As such, the evidence is more prejudicial than probative.

Defendants' motion is GRANTED.

**R.     County Defendants' Motion in Limine Number Five**

This motion seeks to exclude three categories of evidence regarding Sheriff's Deputy Unbun, specifically: (1) his performance at the police academy; (2) two inmate grievances for excessive force filed against him; and (3) an internal affairs complaint filed against him.

Plaintiffs agree that this evidence should be excluded.

United States District Court
Northern District of California

1    The motion is GRANTED.

2    **S.    County Defendants' Motion in Limine Number Six**

3    Deputy Ahlf took some pictures of the decedent Harrison after the incident that is the

4    subject of this case.  When Deputy Ahlf was asked about these photographs by Sergeant Dudek,

5    Deputy Ahlf described one of the photographs as "great."  By this motion, the County Defendants

6    seek to preclude Sergeant Dudek from offering an opinion as to what Deputy Ahlf meant by his

7    use of the word "great."  The County Defendants do not seek to preclude Deputy Ahlf's direct

8    testimony on this topic.

9    The motion is GRANTED.

10    **T.    County Defendants' Motion in Limine Number Seven**

11    By this motion, Defendants seek to exclude "any detailed testimony regarding any expert's

12    prior testimony – i.e., the details of the prior cases."  The Defendants recognize that some

13    questions regarding experience and background are both inevitable and desirable, but seek an

14    order preventing Plaintiffs from "dwelling" on "the details of the experts' prior work and

15    testimony in direct or cross."  Defendants argue that questions on these topics are permissible, but

16    not "detailed" ones.  Defendants provide no examples of questions or evidence that they think are

17    off limits.  Thus, there is no way for the Court to grant the requested relief as framed.

18    In any event, the topic of this motion is better addressed on a question-by-question basis at

19    trial.  The motion is DENIED.

20    **U.    County Defendants' Motion in Limine Number Eight**

21    Defendants' Motion in Limine Number Eight seeks "to exclude any detailed testimony

22    regarding Plaintiffs' expert Dr. Baden's prior work in 'sensational' or 'high profile' cases and/or

23    his work as a consultant for Fox News."

24    The motion is DENIED.  If Plaintiffs' questioning of Dr. Baden at trial exceeds the proper

25    bounds of direct examination, Defendants can object at that time.

26    **V.    County Defendants' Motion In Limine Number Nine**

27    This motion is under submission.  This motion will be decided without oral argument.

28

8

**W.**     **XXIII. County Defendants' Motion in Limine Number Ten**

This motion seeks "to exclude any opinion testimony by Dr. Baden regarding the Defendants' use of a Taser as the cause of death of the decedent."

The motion is DENIED.

/ / /

/ / /

**X.**     **County Defendants' Motion in Limine Number Eleven**

This motion seeks to preclude Plaintiffs' police procedures expert, Jack Ryan, from testifying about the following matters, all of which Defendants contend are outside Ryan's expertise and irrelevant: (1) medical causation; (2) any opinion that a spit mask can complicate breathing; (3) the credibility of other witnesses; (4) "nonresponsive answers"; (5) the training of sheriff's deputies; (6) "inflammatory description of Deputy Swetnam's kick as a 'stomp,' 'shard foot,' or 'driving his foot down into his abdomen'"; (7) "inflammatory statements that lack foundation"; (8) "speculation that Mr. Harrison was agitated when Deputy Ahlf decided to move him to a clean isolation cell"; (9) video cameras; and (10) "Code of Silence."

    **1.**     **Medical Causation**

This portion of Defendants' motion is GRANTED IN PART and DENIED IN PART. Mr. Ryan may not testify regarding the cause of any of the injuries to, or death of, Martin Harrison. He may, however, rely upon the conclusions reached in the autopsy or on the opinions of other experts in that regard, if he relied on those opinions in reaching his own. To use an example from the Defendants' motion, Ryan may not testify that any particular strike or blow caused a particular injury, but he may state that the autopsy report concluded that deputies struck decedent Harrison in the head if the report says that (or can be fairly read to say that), and that conclusion is relevant to one of Ryan's opinions.

    **2.**     **Opinion that a Spit Mask Can Complicate Breathing**

Defendants' motion is GRANTED. Regardless of whatever training Mr. Ryan may possess, this opinion was not disclosed in his expert report.

United States District Court
Northern District of California

9

United States District Court
Northern District of California

### 3.      Credibility of Witnesses

Plaintiffs acknowledge that Mr. Ryan is not permitted to opine regarding the credibility of other witnesses, and state he has not done so.  Defendants' motion is GRANTED without opposition.

### 4.      Non-Responsive Answers

This motion seeks to have the Court caution a witness not to give non-responsive answers.  The motion is DENIED.

### 5.      The Training of Sheriff's Deputies

Defendants' motion is DENIED.

### 6.      Description of Deputy Swetnam's Kick

This motion is under submission.  This motion will be decided without oral argument.

### 7.      Inflammatory Statements

In this motion, Defendants seek to exclude "inflammatory statements" as a category, but give only one example.  The Court has already dealt with the given example in its subpart A, <u>supra</u>.  The Court cannot exclude evidence of other "inflammatory statements" without knowing what they are.

The motion is DENIED.

### 8.      Speculation that Martin Harrison Was Agitated

The motion is DENIED.  It does not take an expert to conclude that a person behaving as Harrison was was in a state of agitation.

### 9.      Testimony Regarding Video Cameras

Defendants' motion is GRANTED IN PART and DENIED IN PART.  Ryan and other witnesses may testify that there were no video cameras at the jail, but may not testify that it is common at other facilities to have video cameras or that the lack of cameras contributed to the injuries in this case.  Plaintiffs do not dispute that those opinions were not contained in Ryan's expert report.

### 10.      Code of Silence

United States District Court
Northern District of California

This motion repeats County Defendants' Motion in Limine Number One.  The Court will argument on this motion on January 5, 2015.

**Y.     County Defendants' Motion in Limine Number Twelve**

This motion seeks to "to exclude Argument by counsel and Testimony by expert Kathryn Burns, M.D. regarding medical Training to deputies and Training to CJMH staff."  Specifically, these defendants seek an order stating that: (a) Plaintiffs are precluded from arguing that the County provides no medical training to deputies concerning alcohol withdrawal; (b) Plaintiffs are precluded from arguing that Sergeant Cynthia Sass "confirmed" that the County does not provide any medical training to deputies concerning alcohol withdrawal; (c) Plaintiffs' expert Kathryn Burns, M.D. is precluded from giving opinion that the County failed to train deputies concerning alcohol withdrawal and the County failed to train Ms. Hast regarding how to appropriately triage and respond to emergency referrals; and (d) the American Correctional Association (ACA) requires that deputies be trained regarding alcohol withdrawal.

The motion is DENIED in its entirety.  All of the matters addressed by this motion go to the weight of the various witnesses' testimony, not the admissibility.

**Z.     County Defendants' Motion in Limine Number Thirteen**

This motion seeks an order "preventing Plaintiffs' expert, Larissa J. Mooney, M.D., from giving testimony about matters that are outside her expertise and are excludable under FRE 403."  The essence of the testimony these defendants move to exclude is that decedent Harrison would have been able to experience pain and suffering from the administration of the Taser and the physical blows he received, even though he was also suffering from delirium tremens.

Defendants also object to Dr. Mooney's testimony that Harrison was "repeatedly Tased and beaten," on the grounds that she did not review sufficient evidence about the amount of force involved.

It is not clear to the Court whether the Defendants dispute the fact that Harrison was experiencing pain.  In their motion, they also write:

> In addition, the average layman is certainly aware that if pain compliance techniques are being used against a subject, that subject

> will experience pain.  A jury is capable of understanding that if a
> taser activation is effective, or a person is struck, it will cause pain.
> Dr. Mooney's testimony in that regard is not beyond the common
> knowledge of the average layman and therefore is not the subject of
> expert testimony under FRE 702.

ECF No. 309 at 47.

In any event, the criticisms Defendants level go to the weight of Dr. Mooney's testimony, not its admissibility.  The motion is DENIED.

### AA.   County Defendants' Motion in Limine Number Fourteen

> This motion seeks an order
> to exclude Plaintiffs' counsel from questioning County expert James
> Rael, M.D. regarding matters which are outside the scope of his
> retention and irrelevant to his opinion, namely 1) the medical
> aspects of this case, including the care, treatment, policies, and
> training to medical staff regarding alcohol withdrawal and 2) the
> policies and training at Contra Costa County jails.

Defendants base their motion on Federal Rules of Evidence 402 and 403.

The Defendants fail to identify the particular exhibits or deposition testimony they want the Court to exclude.  For this reason alone, it would be difficult for the Court to grant their motion.  As the materials in question are described, however, they seem to relate to Dr. Rael's experience and qualifications within a relevant field, and therefore appear to be an appropriate basis for cross-examination.

The motion is DENIED.

### BB.   County Defendants' Motion in Limine Number Fifteen

This motion seeks an order "to exclude any hypothetical questions of expert witnesses regarding the 'mere possibility' of events."

Defendants are correct that "[t]he law is well settled that in a personal injury action causation must be proven within a reasonable medical probability based upon competent expert testimony. Mere possibility alone is insufficient to establish a prima facie case." Avila v. Willits Envtl. Remediation Trust, No. C 99-3941 SI, 2009 WL 1813125, at *4 (N.D. Cal. June 18, 2009) (quoting Jones v. Ortho Pharm. Corp., 163 Cal. App. 3d 396, 402 (1985)), aff'd, 633 F.3d 828 (9th Cir. 2011).  Thus, the burden will be on Plaintiffs to show, by a preponderance of the evidence, that injuries inflicted by Defendants caused Harrison's death.  But the rule of proof is not a rule of

admissibility.  Defendants cite no authority, and the Court is aware of none, that would confine Plaintiffs to asking only whether a particular action or event was a more-likely-than-not cause of decedent's injuries.

The motion is DENIED.

## CC.  County Defendants' Motion in Limine Number Sixteen

This motion seeks "[t]o preclude Dr. Eugene Schoenfeld from opining upon the nature and extent of the trauma sustained by the decedent and or the cause(s) of his death."

The motion is DENIED.  Defendants' criticisms of Dr. Schoenfeld's training and experience go to the weight of his testimony, not its admissibility.

## DD.  County Defendants' Motion in Limine Number Eighteen

This motion seeks an order "to exclude Plaintiffs from eliciting testimony and/or referencing any part of the Court's Amended Order Re: Defendants' Motions for Summary Judgment."

The motion is GRANTED.

## EE.  County Defendants' Motion in Limine Number Nineteen

This motion seeks an order "to preclude Plaintiffs from eliciting testimony from Sergeant Scott Dudek regarding Defendant Deputy Ahlf's judgment, specifically that he 'used poor judgment.'"

The cited testimony is either based on Sergeant Dudek's perceptions and experiences, and therefore is proper fact testimony, or is proper lay opinion testimony.  The fact that Sergeant Dudek's testimony is based on his experience with the Alameda County Sheriff's Department does not transform his testimony into expert testimony:

> Where, as here, a witness is testifying as to institutional operations and practices based on personal knowledge that the witness has accrued over the course of several years of employment, the witness is providing lay testimony not subject to Rule 702.  See, e.g., United States v. Munoz–Franco, 487 F.3d 25, 35–36 (1st Cir. 2007) (permitting opinion testimony by a lay witness where the witness had personal knowledge of bank operations and banking practices that derived from his employment); In re Google AdWords Litig., No. 5:08–CV–3369 EJD, 2012 WL 28068, at *5–7 (N. D. Cal. Jan. 5, 2012) (permitting two different Google employees to testify about

13

how that company's AdWords and AdSense systems worked and how advertisers responded to them, based on the witnesses' personal experiences at the company).

Siebert v. Gene Sec. Network, Inc., No. 11-CV-01987-JST, ___ F.Supp.2d ___, 2014 WL 6765835, at *4 (N. D. Cal. Dec. 1, 2014).

The motion is DENIED.

## FF.   County Defendants' Motion in Limine Number Twenty

This motion seeks an order "to preclude Plaintiffs from i.e., 1) asking the jury to send a message; 2) calling for policy change; 3) arguing that compensation can diminish danger within the community; and/or 4) referencing other similar types of policy the jury can influence with their verdict."

The motion refers generally to prohibiting Plaintiffs from both "eliciting testimony and/or making statements" on these subjects.  ECF No. 309 at 60.  Defendants cite no specific authority for these requests.

The Court concludes that Plaintiffs are entitled to use these themes in their closing argument.  Probably the use of these themes during examination would result in questions that were improperly argumentative, but the Court will deal with that eventuality, if it occurs, on proper objection to a specific question.

The motion is DENIED WITHOUT PREJUDICE.

## GG.   County Defendants' Motion in Limine Number Twenty-One

This motion seeks an order "to preclude Plaintiffs' from introducing evidence, eliciting testimony about, and/or referencing police brutality in general and/or its prevalence in current events."

Preliminarily, the Court doesn't know what Defendants mean by police brutality "in general."  This case concerns allegations of police brutality.

To the extent Defendants mean reference to specific other instances of alleged police brutality, such as the Eric Garner or Michael Brown incidents, which received widespread media attention, the motion is well taken.  All parties are ordered not to make reference to such events or

to compare the present case to those events (although determining the effect of recent media coverage will be a proper subject of voir dire). To that extent the motion is GRANTED.

In all other respects, the motion is DENIED WITHOUT PREJUDICE to the making of a proper objection to a specific question.

## HH.   County Defendants' Motion in Limine Number Twenty-Two

This motion seeks an order "to preclude Plaintiffs from introducing evidence and/or referencing Defendant Deputy Ahlf withdrawn application to ACSO Patrol or Deputy Ahlf's evaluation in the ACSO Patrol Field Training Program." Plaintiffs agree that such evidence is inadmissible.

The motion is GRANTED.

## II.   Corizon Defendants' Motion in Limine Number Two

This motion seeks an order

> precluding any statement, testimony, reference of any sort, including exhibit(s), by counsel, any party or witness that relates, refers, or pertains to the financial condition, size, net worth, market share, or finances of Corizon Health, Inc., any affiliated company, and Dr. Orr, including, without limitation to revenue, net worth, the value of any contract with the County of Alameda, the County of Fresno, and any other contract, unless the case proceeds to the punitive damages phase of trial.

The motion is GRANTED, PROVIDED THAT the Corizon Defendants stipulate in writing that they will not introduce evidence or make argument of any kind that a reason they took any action or failed to take any action was the cost of that action or their lack of resources. Such a stipulation must be the subject of a meet-and-confer among counsel and must be filed by January 12, 2015.

## JJ.   Corizon Defendants' Motion in Limine Number Three

This motion seeks an order precluding "evidence of other lawsuits, verdicts, judgments, settlements, or contracts involving Corizon or its employees, including Dr. Orr, as well as references to Corizon as a 'foreign' corporation."

United States District Court
Northern District of California

The motion regarding reference to Corizon as a "foreign corporation" is easy.  It is not opposed, and the Court can think of no legitimate purpose to be served by the use of that term.  That portion of the Corizon Defendants' motion is GRANTED.

As to the portion of the motion seeking a ruling regarding "other lawsuits, verdicts, judgments, settlements, or contracts involving Corizon or its employees," Defendants offer no examples from which the Court could fashion a ruling.  The purpose of a motion in limine is to admit or preclude specific documents.  Weiss v. La Suisse, Societe D'Assurances Sur La Vie, 293 F. Supp. 2d 397, 407-408 (S.D.N.Y. 2003) ("Here, Defendant's motion to dismiss all evidence regarding other policy holders, lacks sufficient specificity with respect to the evidence to be excluded. No particular documents or testimony have been identified in this motion.") (citations omitted); United States v. Smith, 452 F.3d 323, 330 (4th Cir. 2006) (holding that defendant did not preserve objection for appeal because its motion in limine asking that trial court "refrain from any actions which may be interpreted by the jury as favoring the government over the defense especially regarding the Court questioning and rehabilitating witnesses" lacked "the required specificity"); CadleRock Joint Venture, L.P. v. Royal Indem. Co., 872 F. Supp. 2d 592, 602 (N.D. Ohio 2012) (denying motion in limine to exclude hearsay statements where movant failed to identify any specific documents or testimony that contained allegedly hearsay statements).  The Court cannot "make evidentiary determinations in a vacuum."  CadleRock, 872 F. Supp. 2d at 602.

This portion of the Corizon Defendants' motion is DENIED WITHOUT PREJUDICE to object to specific evidence as it is presented at trial.

**KK.   Corizon Defendants' Motion in Limine Number Four**

This motion seeks an order "precluding any statement, testimony, reference of any sort, including exhibit(s), by counsel, any party or witness that relates, refers, or pertains to Dr. Orr having responsibility for hiring, supervising, training, and/or terminating Ms. Sancho."

The Court previously denied Dr. Orr's motion for summary judgment on Plaintiffs' supervisory liability claim.  This motion appears effectively to be a motion for reconsideration of

1    that ruling, and is DENIED.

2    **LL.    Corizon Defendants' Motion in Limine Number Five**

3         This motion seeks an order

4              precluding any statement, testimony, reference of any sort, including
              exhibit(s), by counsel, any party or witness that relates, refers, or
5              pertains to: (1) The arbitrator's decision or award in SEIU-United
              Healthcare Workers-West, Complainants, and Corizon (Prison
6              Health Services), Respondent, Re Termination of Zelda Sancho; or
              (2) Employer's Post-Hearing Brief, dated September 26, 2011, in
7              the arbitration in SEIU-United Healthcare Workers-West,
              Complainants, and Corizon (Prison Health Services), Respondent,
8              Re Termination of Zelda Sancho.[5]

9         The Corizon Defendants are correct that the arbitrator's decision is hearsay and not

10   admissible in this trial.  The Employer's Post-Hearing Brief, however, contains several admissions

11   by Corizon that are admissible as impeachment.  Some of the statements cited by Plaintiffs, such

12   as the one that Nurse Sancho has "no justifiable defense," are argument and are not admissible.

13   But the Court can resolve the admissibility of particular admissions at trial on a case-by-case

14   basis.

15        The Corizon Defendants are correct that these documents are hearsay as to Dr. Orr, who

16   was not a party to Nurse Sancho's arbitration.  The Court will give a limiting instruction on

17   request.

18        The motion is GRANTED IN PART and DENIED IN PART.

19   **MM.   Corizon Defendants' Motion in Limine Number Six**

20        Counsel will argue this motion at the January 5, 2015 pre-trial conference.

21   **NN.    Corizon Defendants' Motion in Limine Number Seven**

22        This motion seeks an order "precluding any statement, testimony, reference of any sort,

23   including exhibit(s), by counsel, any party or witness that relates, refers, or pertains to:

24   (1) alleged statement(s) by Martin Harrison that Martin Harrison, Jr. (plaintiff) was his best friend;

25   or (2) an assertion that Martin Harrison, Jr., was the decedent's best friend."  The Corizon

26

27   _____
     [5] Defendants did not submit copies of these documents with their motion, although Plaintiffs did
28   so in their opposition.

United States District Court
Northern District of California

17

1    Defendants argue that any such statements are hearsay and are irrelevant, and that the prejudicial

2    effect of such statements outweighs their probative value.

3           The statement has a non-hearsay purpose because the fact that it was said has independent

4    legal significance, i.e., it demonstrates the close relationship between the Messrs. Harrison—even

5    if Martin Harrison, Jr. was not in fact Martin Harrison, Sr.'s "best" friend.  The statement is

6    relevant and is not unduly prejudicial.

7           The motion is DENIED.

8    **OO.   Corizon Defendants' Motion in Limine Number Eight**

9           This motion seeks an order "precluding any statement, testimony, reference of any sort,

10   including exhibit(s), by counsel, any party or witness that relates, refers, or pertains to Corizon's

11   purported 'failure' to produce a Criminal Justice Mental Health (CJMH) chart note authored by

12   Defendant Megan Hast, M.S.W., a CJMH employee, to Plaintiff's counsel."

13          Pre-trial discovery conduct—as opposed to the materials actually produced in discovery—

14   is usually irrelevant to a jury's consideration of the facts.  So it is here.

15          The motion is GRANTED.

16   **PP.   Corizon Defendants' Motion in Limine Number Nine**

17          The relief requested by this motion is somewhat difficult to discern.  As best the Court can

18   tell, it seeks an order precluding Plaintiffs from asking questions of witnesses that state as a fact

19   that any of the Corizon Defendants provided inaccurate information to the National Commission

20   on Correctional Health Care (NCCHC) about the health training of deputies or the use of

21   registered nurses in intake and booking, but does not seek to prevent Plaintiffs from inviting the

22   jury to draw that conclusion in closing argument.

23          The Court concludes that this issue is not susceptible to treatment by motion in limine, and

24   the motion is DENIED WITHOUT PREJUDICE.  The Court will deal with this issue at trial in

25   response to a proper objection.

26   **QQ.   Corizon Defendants' Motion in Limine Number Ten**

27          This motion seeks an order "precluding any statement, testimony, reference of any sort,

28

United States District Court
Northern District of California

18

including exhibit(s), by counsel, any party or witness that relates, refers, or pertains to Nurse Sancho's failure to pass the R.N. exam" on the ground that such evidence is irrelevant and unduly prejudicial.

The motion is DENIED.

**RR.   Corizon Defendants' Motion in Limine Number Eleven**

The County Defendants have retained two expert pathologists in this case, Dr. Vincent J.M. Di Maio, and Dr. Charles V. Wetli.  The Corizon Defendants believe that the testimony of these witnesses is likely to be duplicative, and seek an order requiring the County Defendants "to give the Corizon Defendants at least 48 hours' notice before the trial appearance of their second causation expert, and [allowing] the Corizon Defendants to bring a motion in limine on the morning of the County Defendants' second causation expert's testimony."

The Court expects that in the ordinary course it will issue an order requiring all parties to notify each other, a given amount of time in advance, of who their witnesses will be.  The Court declines to issue a separate order regarding notification of the time of the County Defendants' expert witnesses' testimony.  The Court also declines the request to give permission in advance to file a particular motion in limine at a particular time.

The motion is DENIED.

**SS.   Corizon Defendants' Motion in Limine Number Twelve**

This motion seeks an order preventing Plaintiffs' expert Patricia Fisher, a forensic document examiner, from testifying to her opinions that (1) Nurse Sancho's changes to Martin Harrison's screening form were not made at the same time as the original entries, and (2) that some number of documents appear to be missing from Martin Harrison's medical file.

The basis of the first request is that the proffered evidence is more prejudicial than it is relevant.  That portion of the Corizon Defendants' motion is DENIED.

The basis of the second request is that the proffered evidence fails to meet the standards set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).  "Under Daubert, the trial court must act as a 'gatekeeper' to exclude junk science that does not meet Federal Rule of

United States District Court
Northern District of California

1   Evidence 702's reliability standards by making a preliminary determination that the expert's

2   testimony is reliable." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 982 (9th Cir. 2011) (citing

3   Kumho Tire Co. v. Carmichael, 526 U.S. 137, 145, 147–49 (1999)).  To satisfy Daubert, scientific

4   evidence must be both reliable and relevant.  509 U.S. at 590-91, 597.  The proponent of the

5   expert evidence bears the burden of proving admissibility.  Lust By & Through Lust v. Merrell

6   Dow Pharm., Inc., 89 F.3d 594, 598 (9th Cir. 1996).

7        The law pertaining to Daubert's reliability prong has been summarized as follows:

8            Reliable testimony must be grounded in the methods and procedures
             of science and signify something beyond "subjective belief or
9            unsupported speculation." Daubert, 509 U.S. at 590.  The inferences
             or assertions drawn by the expert must be derived by the scientific
10           method.  Id.  In essence, the court must determine whether the
             expert's work product amounts to " 'good science.'" Daubert v.
11           Merrell Dow Pharms., Inc., 43 F.3d 1311, 1315 (9th Cir.1995)
             ("Daubert II") (quoting Daubert, 509 U.S. at 593).  In Daubert, the
12           Supreme Court outlined factors relevant to the reliability prong,
             including: (1) whether the theory can be and has been tested; (2)
13           whether it has been subjected to peer review; (3) the known or
             potential rate of error; and (4) whether the theory or methodology
14           employed is generally accepted in the relevant scientific community.
             Daubert, 509 U.S. at 593–94. The Supreme Court emphasized the
15           "flexible" nature of this inquiry.  Id. at 594.

16   Abarca v. Franklin Cnty. Water Dist., 761 F. Supp. 2d 1007, 1021 (E.D. Cal. 2011).  "The

17   relevance prong under *Daubert* means that the evidence will assist the trier of fact to understand or

18   determine a fact in issue."  Henricksen v. ConocoPhillips Co., 605 F. Supp. 2d 1142, 1154 (E.D.

19   Wash. 2009) (citing Daubert, 509 U.S. at 591–92).

20        Here, neither party offers significant evidence or argument regarding the reliability prong.

21   Even assuming for the sake of argument that this prong is satisfied, however, the Court concludes

22   that Plaintiffs have failed to meet their burden of satisfying the relevance prong.

23        Defendants state without contradiction that Ms. Fisher has no knowledge about how Mr.

24   Harrison's medical chart was gathered or maintained, or about how medical documents are

25   gathered, maintained, and preserved by Corizon; has no opinion about whether Mr. Harrison's

26   medical records were complete or not; does not know if the "missing" writings were medical

27   records or not; does not know if the "missing" writings were required by law or Corizon policy to

28

United States District Court
Northern District of California

be preserved; does not know if the "missing" writings related to Mr. Harrison or not; and does not know the type or content of alleged "missing" writings, including whether they have any relevance to the case, were sticky notes, or even employee notes not part of the chart, or whether they were ever part of the chart. While Ms. Fisher's report seems clearly to support a finding that certain documents in decedent Harrison's medical file came in contact with *some* other documents that were not maintained in that file, there is nothing about her methodology that provides any basis for concluding that those other documents were meant to be maintained in that file, i.e., that the documents are "missing."

This portion of the Corizon Defendants' motion is GRANTED.

In their opposition to this motion, Plaintiffs cite several facts that they argue support the inference that that documents that were originally contained in decedent Harrison's medical records were subsequently removed. This order takes no position on the admissibility of that evidence or whether it would support such an inference.

In addition, the Court, on its own motion, will order that neither party make reference to the fact that Judge Tigar apparently qualified Ms. Fisher as an expert in a trial conducted while Judge Tigar was a judge of the Superior Court for the County of Alameda. The Court has no recollection of this event, but it is stated in Plaintiffs' opposition to the motion. See ECF No. 317 at 83. Reference to it would potentially give Ms. Fisher added credibility in the eyes of the jury, although the fact is irrelevant.

**TT.   Corizon Defendants' Motion in Limine Number Thirteen**

This motion seeks an order

> precluding any statement, testimony, reference of any sort, including exhibit(s), by counsel, any party or witness that relates, refers, or pertains to: (1) Feliciano v. Serra (U.S.D.C. P.R. 2004) in which the instant Defendants' expert Robert D. Jones, M.D., testified; including, without limitation, that a judge in the Feliciano case criticized certain of Dr. Jones's opinions; (2) that any defense expert provided expert testimony in cases in which the party for whom he was testifying ultimately paid a settlement or had a judgment entered against them; (3) that any defense expert provided expert testimony for parties who allegedly engaged in bad acts; (4) the results of any case in which any defense expert provided expert testimony; (5) any findings of fact or outcomes in any case in which

21

> any defense expert provided expert testimony; (6) any statements by
> any defendant in any case in which any defense expert provided
> expert testimony; and (7) the facts of any case in which the expert
> testified, to the extent that those facts are irrelevant to the facts in
> the case at bar.

Plaintiffs agree that the judge's criticisms of Dr. Jones' opinions in <u>Feliciano</u> are not admissible.  Neither party cites any authority to support its position with regard to the Corizon Defendants' remaining requests.

Generally, Plaintiffs are entitled to cross-examine Dr. Jones concerning the compensation he received for testifying as an expert in prior cases, and whether he usually or always testifies for a particular "side."  However, the outcomes of prior cases by way of settlement or judgment are not relevant.  Neither are the facts of prior cases, beyond a summary description of the claims and defenses.  Moreover, even if they were, examination about the facts and outcomes of prior cases presents the risk of a "mini-trial" regarding other cases not before the jury; risks prejudicing the Defendants by associating their conduct with the conduct of defendants in other cases; and wastes the time of the jury and the Court.

This motion is GRANTED IN PART and DENIED IN PART.

**UU.   Corizon Defendants' Motion in Limine Number Fourteen**

This motion seeks an order "precluding any statement, testimony, reference of any sort, including exhibit(s), by counsel, any party or witness that relates, refers, or pertains to Dr. Schoenfeld's participation in clinical studies involving animals."

The motion is unopposed, and is GRANTED.

**VV.   Corizon Defendants' Motion in Limine Number Fifteen**

This motion seeks an order

> precluding any statement, testimony, reference of any sort, by
> counsel, any party or witness, including exhibit(s), that relates,
> refers, or pertains to: (1) any request, implication, or argument that
> the jury put itself, or should put itself, in the plaintiffs' or decedent's
> position; (2) any request, implication, or argument that the jury's
> role is to establish rules or standards of care; (3) any request,
> implication, or argument that the jury "send a message" by its
> verdict; or (4) any request, implication, or argument that the jury by
> its verdict can "make a difference" to the quality of care rendered to
> inmates.

1        Plaintiffs do not oppose the Corizon Defendants' first request, which is GRANTED.

2   Neither party cites any authority regarding the Corizon Defendants' remaining requests.

3        The American jury has historically served the function of the community's conscience.  If

4   the jury in a tort case believes that the defendant's conduct does not meet the community's

5   standards of reasonableness, then its verdict is a way of articulating those standards.

6        The balance of the motion is DENIED.

7   **WW.   Corizon Defendants' Motion in Limine Number Sixteen**

8        This motion seeks an order

9               (1) to exclude reference to Plaintiff M.H. in any verbal or written
                communications, correspondence, bulletins, or announcements
10              directed to, or in the presence of, jurors; and (2) to preclude
                reference by any party or their attorney to M.H. having been a
11              plaintiff in the presence of jurors to avoid undue prejudice to
                Defendants.

12  Defendants propose that the caption be altered to show only the remaining plaintiffs.  They are

13  worried about the effect if jurors conclude (correctly) that the minor plaintiff dismissed his case

14  because he has already received compensation, and also about the sympathy jurors will feel for a

15  minor whose father has died.

16       Plaintiffs agree that the fact that M.H. was a plaintiff in this case, and his case has settled,

17  should not be admitted at trial, and they have no objection to the Court calling this case "Harrison

18  v. Alameda County" in front of the jury.  However, they object to changing the case caption,

19  predicting that confusion in the federal courts will ensue because this Court's summary judgment

20  order has been widely cited by other trial courts.  ECF No. 317 at 90-91.

21       The Court is surprised, to put it mildly, that counsel cannot agree on a sensible solution to

22  this problem.  Plaintiffs cite no good reason why the jury in this case would ever need to see the

23  original case caption (and it is not clear that the jury will ever need to see the caption at all).  The

24  Court feels confident that its sibling federal courts, to the extent they care what this Court writes,

25  will be able to locate its opinions regardless of how the Court rules on this motion.  And Plaintiffs

26  seem to have skipped over that portion of Defendants' motion that states: "It would not affect the

27  case caption for purposes of legal filings or citations to this case."  ECF No. 309 at 106.

28

United States District Court
Northern District of California

23

1   The motion is GRANTED.  This ruling applies only to documents shown to the jury and

2   references to the case while the jury is present.

3   **XX.    Corizon Defendants' Motion in Limine Number Seventeen**

4   This motion seeks an order "precluding any statement, testimony, reference of any sort,

5   including exhibit(s), by counsel, any party or witness that relates, refers, or pertains to Corizon's

6   policies and procedures concerning hospitalization for alcohol withdrawal."

7   The motion is DENIED.  The reasons for the denial are set forth in the Court's prior order

8   on Defendants' summary judgment motion, ECF No. 296.

9   **YY.    Corizon Defendants' Motion in Limine Number Eighteen**

10   This motion seeks an order precluding Plaintiffs from "offering any opinion by Dr.

11   Mooney to the effect that the decedent would have discontinued heavy drinking had he not died

12   because such an opinion is speculative, and thus inadmissible."

13   The motion is GRANTED IN PART and DENIED IN PART.  Dr. Mooney may give

14   opinions about likely outcomes in general for persons who recover from alcohol addiction and

15   remain abstinent.  To take an example from her expert report, she may testify that research has

16   shown that forty to sixty percent of individuals remain abstinent from drugs or alcohol a year after

17   completing treatment programs.  Dr. Mooney may not, however, testify that "Mr. Harrison would

18   have had a reasonable probability of initiating and maintaining abstinence" (again quoting from

19   her report).  Such testimony is speculative.

20   **ZZ.    Nurse Sancho's Motion in Limine Number One**

21   This motion seeks an order "precluding Plaintiffs and their counsel from mentioning,

22   asking a question about or conveying to the jury any information about the source of payment of

23   any verdict for compensatory damages or whether any such verdict would be paid by insurance or

24   any other source."

25   Plaintiffs do not oppose this motion.  The motion is GRANTED.

26   **AAA.  Nurse Sancho's Motion in Limine Number Two**

27   This motion seeks an order "precluding Plaintiffs and their counsel from mentioning,

28

United States District Court
Northern District of California

24

1    asking a question about or conveying to the jury any information about the prior settlement with

2    former plaintiff, M.H., a minor child of the decedent."

3           Plaintiffs state that they will refer M.H. but have no intention of referring to the settlement.

4           The motion is GRANTED.

5    **BBB.  Nurse Sancho's Motion in Limine Number Three**

6           This motion seeks an order requiring each party to give an opposing party forty-eight

7    hours' notice of the need to call an opposing party's witness.  Most of the witnesses are employed,

8    and some live out of town.

9           The Plaintiffs are agreeable to such an order in principle, but state that "it is possible that

10   there may be unexpected circumstances in which a party may not know about the need for a

11   witness forty-eight hours in advance, and in those unexpected circumstances, that party should

12   give twenty-four hours' notice."[6]

13          The motion is GRANTED.  If "unexpected circumstances" arise, the Plaintiffs can ask

14   their opponents for relief from this order.  The Court assumes that, in most cases, counsel will be

15   able to work this out.  If not, Plaintiffs can take it up with the Court.

16   **CCC.  Nurse Sancho's Motion in Limine Number Four**

17          This motion seeks an order "to exclude from the courtroom any nonparty witnesses, except

18   for such time that the witness is actually testifying."

19          The motion is GRANTED.  The Court will exclude from the courtroom all witnesses,

20   except (a) the parties; and (b) one officer or employee of each entity Defendant who has been

21   designated by that Defendant as its representative.

22   **DDD.  Nurse Sancho's Motion in Limine Number Five**

23          This motion seeks an order excluding "the arbitrator's decision and any evidence related

24   thereto" in Nurse Sancho's grievance arbitration.

25          Relevant portions of testimony from that proceeding may be read to the jury when such

26   testimony consists of either party admissions or impeachment.  Fed. R. Evid. 801(d)(1)(A), 607.

27

28   [6] Ordinarily, this is the sort of issue counsel are able to work out by themselves.

United States District Court
Northern District of California

The Court rejects Plaintiffs' suggestion that the arbitrator's decision in Nurse Sancho's grievance arbitration is independently admissible, ECF 317 at 106.

The motion is GRANTED IN PART and DENIED IN PART.

**EEE.  Nurse Sancho's Motion in Limine Number Six**

This motion seeks an order precluding Plaintiffs from introducing "any arbitration briefs submitted by the parties to [Nurse Sancho's grievance] arbitration."

The motion is DENIED.  To the extent that Corizon testifies or takes positions inconsistently with statements it made in its arbitration brief, those statements might be admissible at trial.

**FFF.   Nurse Sancho's Motion in Limine Number Seven**

This motion seeks an order to "exclude any reference to other incidents involving Sancho's termination."  Corizon terminated Nurse Sancho's employment after a total of three incidents involving patients, the first of which involved decedent Harrison.  The two subsequent events involved "Patient Y" and "Patient Z."

The fact that Nurse Sancho was terminated for her care of decedent Harrison and two other patients is relevant.  The specific facts of the cases involving Patients Y and Z, however, are not relevant.  Because those cases post-date the incident involving decedent Harrison, they have no bearing on Plaintiffs' failure to train, failure to supervise, or deliberate indifference claims.

The motion is GRANTED IN PART and DENIED IN PART.

**GGG.  Nurse Sancho's Motion in Limine Number Eight**

This motion seeks an order "exclud[ing] any reference opinion/speculation [sic] regarding Defendant Sancho supposedly wanting a job change and exclude[ing] portions of memo regarding same."  The statements at issue are contained in a memorandum prepared by Lenore Gilbert, an Assistant Health Services Administrator at Corizon.

The motion is GRANTED.  The statement by Lenore Gilbert is hearsay as to Nurse Sancho.  Furthermore, any inference from Nurse Sancho's statement that her poor performance

was motivated by a desire to be reassigned is speculative.  It seems more likely that she was simply communicating that she did not enjoy working the intake desk.

**HHH.  Nurse Sancho's Motion in Limine Number Nine**

This motion seeks an order "to exclude evidence regarding Defendant Zelda Sancho taking and/or failing the Registered Nursing Licensing Test."

The motion is DENIED.

**III.     Nurse Sancho's Motion in Limine Number Ten**

This motion seeks an order "exclud[ing] any reference to the order denying the Defendants' Motions for Summary Judgment."

The motion is GRANTED.

**IT IS SO ORDERED.**

Dated:  January 2, 2015

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California