UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HARRISON, et al., | Case No.  11-cv-02868-JST |
| Plaintiffs, | |
| v. | **PRELIMINARY JURY INSTRUCTIONS (DRAFT)** |
| COUNTY OF ALAMEDA, et al., | |
| Defendants. | |

Following are the preliminary jury instructions the Court proposes to give after opening statements.

Dated:  February 2, 2015

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

## 1.1B  DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

 You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## 1.2  CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is an action related to the death of Mr. Martin Harrison on August 18, 2010 while he was in the custody of the Alameda County Sheriff's Department.  The action was brought by Mr. Harrison's four adult children, who are also called the plaintiffs.

The plaintiffs have brought suit against Corizon Health, Inc. and two of its employees, Nurse Zelda Sancho and Dr. Harold Orr.  The plaintiffs have also brought suit against the County of Alameda, several deputies employed by the Alameda County Sheriff's Department, and Ms. Megan Hast, who was also employed by the County. Those who have been sued are also called defendants.

Mr. Harrison was arrested in August 2010, and was booked into an Alameda County jail. Defendant Corizon Health has a contract with the County to provide all of the medical care to prisoners at the jail.  Nurse Sancho provided Mr. Harrison with a medical screening shortly after Mr. Harrison was incarcerated.  When he was booked, Mr. Harrison told Nurse Sancho he drank alcohol, but there is a dispute regarding what he said and whether he told her that he had alcohol withdrawal problems when he stopped drinking.  Nurse Sancho did not place him on alcohol withdrawal monitoring, but the plaintiffs contend that she should have done so.  The plaintiffs also contend that Dr. Orr was the supervisor of Ms. Sancho, and failed to make certain that Ms. Sancho was properly trained and managed.

Two days later, while he was in custody, Mr. Harrison began to hallucinate and behave strangely. Ultimately, there was an altercation with one of the Sheriff's deputies, who called other deputies to assist him.  The deputies used force, including a Taser gun, to gain control over Mr. Harrison and placed him in restraints.  During or shortly after this altercation, Mr. Harrison lost consciousness and was taken to Valley Care Hospital, where he died two days later.

The plaintiffs claim that Corizon and its employees, who provide medical care to inmates at the Alameda County jails, were deliberately indifferent to a substantial risk of serious harm that they allege Mr. Harrison faced while he was in jail.  The plaintiffs contend that these alleged omissions caused Mr. Harrison to subsequently experience alcohol withdrawal, thereafter go into cardiac arrest, and then, on August 18, die at Valley Care Hospital in Pleasanton.

The plaintiffs contend the following as to the County defendants. They allege that Mr. Harrison was experiencing alcohol withdrawal during the early morning of August 16.  The plaintiffs allege that one of the deputy defendants failed to report Mr. Harrison's status to a medical or mental health professional.

They also allege that defendant Megan Hast, who is a mental health professional, failed to evaluate Mr. Harrison later that day after obtaining some information about him.

They further contend that a defendant deputy mismanaged the transfer of Mr. Harrison from one cell to another during the early evening of August 16.  Plaintiffs contend that this alleged mismanagement caused an altercation between Mr. Harrison and the deputy.

The deputy radioed for assistance during the altercation.  Other deputies then came to the scene.  Those deputies used force to gain control over Mr. Harrison and place him in restraints.  The plaintiffs contend that the force was excessive.

Mr. Harrison lost consciousness during or after the altercation with the deputies.  He was then taken to Valley Care Hospital.

The plaintiffs contend that these alleged acts and omissions of the County defendants caused Mr. Harrison to go into cardiac arrest and eventually die on August 18.

The plaintiffs seek money damages for the death of their father.  Plaintiffs have the burden of proving their claims by the preponderance of the evidence.

The defendants deny the allegations made by the plaintiffs. They contend that their conduct was reasonable and appropriate.  They further contend that they did not cause Mr. Harrison to die.  They also dispute the nature and extent of the damages claimed by the plaintiffs.

United States District Court
Northern District of California

1

## CACI 102  TAKING NOTES DURING THE TRIAL

2

3

You have been given notebooks and may take notes during the trial.  Do not take the notebooks out of the courtroom or jury room at any time during the trial.  You may take your notes into the jury room during deliberations.

4

5

6

7

You should use your notes only to remind yourself of what happened during the trial.  Do not let your note-taking interfere with your ability to listen carefully to all the testimony and to watch the witnesses as they testify.  Nor should you allow your impression of a witness or other evidence to be influenced by whether or not other jurors are taking notes.  Your independent recollection of the evidence should govern your verdict, and you should not allow yourself to be influenced by the notes of other jurors if those notes differ from what you remember.

8

9

The court reporter is making a record of everything that is said.  If during deliberations you have a question about what the witness said, you should ask that the court reporter's records be read to you.  You must accept the court reporter's record as accurate.

10

11

At the end of the trial, your notes will be collected and destroyed.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 1.3  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.  This standard is also called "more likely than not."

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court
Northern District of California

## 1.4  BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

### 1.5  TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS AND OBLIGATIONS

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**CACI 104  NONPERSON PARTY**

A corporation and a county are parties in this lawsuit.  Alameda County and Corizon Health, Inc. are entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to Alameda County and Corizon Health, Inc.

### 1.6  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

      1.      the sworn testimony of any witness;

      2.      the exhibits which are received into evidence; and

      3.      any facts to which the lawyers have agreed.

United States District Court
Northern District of California

## 1.7  WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

### 1.8  EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## CACI 202  DIRECT AND INDIRECT EVIDENCE

Evidence can come in many forms.  It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence.  It can be someone's opinion.

Direct evidence can prove a fact by itself.  For example, if a witness testifies she saw a jet plane flying across the sky, that testimony is direct evidence that a plane flew across the sky.  Some evidence proves a fact indirectly.  For example, a witness testifies that he saw only the white trail that jet planes often leave.  This indirect evidence is sometimes referred to as "circumstantial evidence."  In either instance, the witness's testimony is evidence that a jet plane flew across the sky.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect.  You may choose to believe or disbelieve either kind.  Whether it is direct or indirect, you should give every piece of evidence whatever weight you think it deserves.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### CACI 107  WITNESSES

A witness is a person who has knowledge related to this case. You will have to decide whether you believe each witness and how important each witness's testimony is to the case. You may believe all, part, or none of a witness's testimony.

In deciding whether to believe a witness's testimony, you may consider, among other factors, the following:

(a) How well did the witness see, hear, or otherwise sense what he or she described in court?

(b) How well did the witness remember and describe what happened?

(c) How did the witness look, act, and speak while testifying?

(d) Did the witness have any reason to say something that was not true?  For example, did the witness show any bias or prejudice or have a personal relationship with any of the parties involved in the case or have a personal stake in how this case is decided?

(e) What was the witness's attitude toward this case or about giving testimony?

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

Do not make any decision simply because there were more witnesses on one side than on the other.  If you believe it is true, the testimony of a single witness is enough to prove a fact.

**1.10  RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**CACI 113  BIAS**

Each one of us has biases about or certain perceptions or stereotypes of other people.  We may be aware of some of our biases, though we may not share them with others.  We may not be fully aware of some of our other biases.

Our biases often affect how we act, favorably or unfavorably, toward someone.  Bias can affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors you are being asked to make very important decisions in this case.  You must not let bias, prejudice, or public opinion influence your decision.  You must not be biased in favor of or against any party or witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic status.

Your verdict must be based solely on the evidence presented.  You must carefully evaluate the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party or witness.

United States District Court
Northern District of California

**1.12  CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## CACI 112  QUESTIONS FROM JURORS

If, during the trial, you have a question that you believe should be asked of a witness, you may write out the question and send it to me through my courtroom staff.  I will share your question with the attorneys and decide whether it may be asked.

Do not feel disappointed if your question is not asked.  Your question may not be asked for a variety of reasons.  For example, the question may call for an answer that is not allowed for legal reasons.  Also, you should not try to guess the reason why a question is not asked or speculate about what the answer might have been.  Because the decision whether to allow the question is mine alone, do not hold it against any of the attorneys or their clients if your question is not asked.

Remember that you are not an advocate for one side or the other.  Each of you is an impartial judge of the facts.  Your questions should be posed in as neutral a fashion as possible.  Do not discuss any question asked by any juror with any other juror until after deliberations begin.

1

## 1.18  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

United States District Court
Northern District of California

1

2

### 1.19  OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine.  Then the defendants may present evidence, and counsel for the plaintiff and for the other defendants may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

United States District Court
Northern District of California